<u>IN THE UNITED STATES DISTRICT COURT</u>
<u>FOR THE EASTERN DISTRICT OF TENNESSEE</u>


LESTER EUGENE SILER;
JENNY SILER;
DAKOTA SILER, a minor,
by and through next friend,
LESTER E. SILER and
JENNY SILER
                Plaintiffs,


v.                                  No.   _____

                                           Jury Trial Demanded


GERALD DAVID WEBBER,
in his individual capacity and
his official capacity as a Sheriff's Deputy with the Campbell
County Sheriff's Department;
      SAMUEL REED FRANKLIN, in his individual
capacity and official capacity as a Sheriff's
Deputy with the Campbell County Sheriffs Department;
      JOSHUA JAMES MONDAY, in his individual capacity
and his official capacity as a Sheriff's Deputy
with the Campbell County Sheriffs Department;
      SHAYNE CHRISTOPHER GREEN, in his
individual capacity and his official capacity as a
Sheriff's Deputy with the Campbell County Sheriff's
Department;
      WILLIAM CARROLL, in his individual capacity
and his official capacity as a Sheriff's Deputy
with the Campbell County Sheriffs Department;
      CHARLES SCOTT, in his individual capacity and
his official capacity as a Sheriff's Deputy with the Campbell
County Sheriff's Department;
      RON MCCLELLAN; in his individual capacity and
his official capacity as Sheriff of Campbell County,
Tennessee;
      WESTERN SURETY INSURANCE COMPANY, a corporation
conducting business in Campbell County, Tennessee;
      CAMPBELL COUNTY, Tennessee, a political subdivision
 of the State of Tennessee.


                Defendants.

<u>COMPLAINT</u>

Plaintiffs join in this action and sue Defendants and for action say:

## NATURE OF ACTION

1.      This action is an action for damages incurred by the Plaintiffs resulting from assaults and batteries; malicious harassment; trespass; false arrest; false imprisonment; abuse of process; malicious prosecution; intentional infliction of emotional distress; and violations of their constitutional rights guaranteed to them by the Tennessee and the United States Constitutions in this division of the Eastern District of Tennessee.

## JURISDICTION

2.      This Court has jurisdiction over the statutory and constitutional claims pursuant to 28 U.S.C. § 1331 and 1343; 42 U.S.C. § 1988 and over the state claims pursuant to pendent jurisdiction recognized in federal court and in Rule 18 of the Federal Rules of Civil Procedure.

## THE PARTIES

3.      Plaintiffs, LESTER EUGENE SILER, JENNY SILER, and DAKOTA SILER, are residents of Campbell County, Tennessee in this Judicial District.

4.      The Defendant, CHARLES SCOTT, at all times material to each of the Plaintiffs' complaints was the Chief Deputy for the Campbell County Sheriffs Department, Campbell County, Tennessee, and in doing each of the acts complained of, is sued both in his official capacity as Chief Deputy and in his individual capacity.

5. The Defendants, GERALD WEBBER, SAMUEL FRANKLIN, JOSHUA MONDAY, SHAYNE GREEN, and WILLIAM CARROLL, at all times material to each of the Plaintiffs' complaints were the Sheriffs Deputies for the Campbell County Sheriffs Department, Campbell County, Tennessee, and in doing each of the acts complained of, are sued both in their official capacity as Sheriff's Deputies and in their individual capacity.

6. The Defendant, RON MCCLELLAN, was at all times material to each of Plaintiffs' complaints, the Sheriff of the Campbell County Sheriffs Department, Campbell County, Tennessee, and is sued both in his official capacity as Sheriff of Campbell County, Tennessee, and is also sued in his individual capacity for conspiring to commit civil rights violations against the Plaintiffs and for failure and neglect to perform duties imposed upon him as Sheriff of Campbell County, Tennessee and as principal on his official bond.

7. The Defendant WESTERN SURETY INSURANCE COMPANY is sued as surety for the bonds of the Defendants, GERALD DAVID WEBBER, SAMUEL REED FRANKLIN, JOSHUA JAMES MONDAY, SHAYNE CHRISTOPER GREEN, WILLIAM CARROLL, CHARLES SCOTT, and Sheriff RON MCCLELLAN.

8. The Defendant Campbell County, Tennessee is a political subdivision of the State of Tennessee and operates under a home rule charter.

**FACTUAL ALLEGATIONS**

9. On or about July 8, 2004, the Defendants, GERALD WEBBER, SAMUEL FRANKLIN, JOSHUA MONDAY, SHAYNE GREEN, and WILLIAM CARROLL, (hereinafter referred to as "WEBBER" "FRANKLIN" "MONDAY" "GREEN"

and "CARROLL") then employed as law enforcement officers for the Campbell County Sheriffs Department and acting under the color of law, went to the home of LESTER EUGENE SILER, JENNY SILER, and DAKOTA SILER.

10. That on or about July 8, 2004, the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, agreed to threaten, intimidate, and physically assault LESTER EUGENE SILER in order to obtain his consent to search his residence.

11. That on or about July 8, 2004, the Defendant, WEBBER, instructed three of the officers to handcuff the Plaintiff LESTER EUGENE SILER, outside his home, bring him inside, and sit LESTER EUGENE SILER in a chair.

12. That on or about July 8, 2004, the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN and CARROLL, ordered LESTER EUGENE SILER'S Wife and son to leave the home, and stand at the roadway in the blistering July sun for hours.

13. That on or about July 8, 2004, the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, repeatedly threatened the Plaintiff LESTER EUGENE SILER, with severe bodily harm unless he cooperated by signing a consent to search form which he had the constitutional right to refuse to sign. These threats included, but were not limited to, threats to shoot the Plaintiff, LESTER EUGUENE SILER, to beat him, to electrocute him, to kill him, to burn him with a cigarette lighter, to drown him in a fish tank, and to break his fingers.

14.    That on or about July 8, 2004, the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, attached wires from a battery charger to the Plaintiff, LESTER EUGENE SILER, and threatened to electrocute him.

15.    That on or about July 8, 2004, the Defendant, WEBBER, encouraged the Defendants, FRANKLIN, MONDAY, GREEN, and CARROLL to slap, hit, punch, kick, and otherwise unlawfully assault LESTER EUGENE SILER, while he was handcuffed and not resisting, thereby causing him bodily injury.

16.    That on or about July 8, 2004, the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, did assault and beat the Plaintiff, LESTER EUGENE SILER, in the presence of his wife, JENNY SILER, and their minor child, DAKOTA SILER.

17.    That on or about July 8, 2004, each of the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, failed to intervene when other officers used dangerous weapons including, but not limited to, a fire arm, a battery charger, a slap jack, a plastic ball bat, or other similar objects to threaten, intimidate, beat, and torture the Plaintiff, LESTER EUGENE SILER, while he was handcuffed and not resisting, causing him bodily injury.

18.    That on or about July 8, 2004, the Defendant, MONDAY, did willfully and unlawfully brandish a handgun and placed that handgun in the mouth of the Plaintiff, LESTER EUGENE SILER, and threatened to kill the Plaintiff, LESTER EUGENE SILER.

19.    That on or about July 8, 2004, the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, conspired to lie, and made up lies to

unlawfully arrest the Plaintiffs, LESTER EUGENE SILER and JENNY SILER, on false charges.

20. That on or about July 8, 2004, the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, did arrest the Plaintiffs, LESTER EUGENE SILER and JENNY SILER, on false charges.

21. That on or about July 8, 2004, after the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL beat, tortured, assaulted, threatened, and intimidated the Plaintiff, LESTER EUGENE SILER, the Defendants then arrested the Plaintiffs, LESTER EUGENE SILER and JENNY SILER, and transported them to the Campbell County Sheriffs Department.

22. That on or about July 8, 2004, the Plaintiffs, LESTER EUGENE SILER and JENNY SILER, were incarcerated in the Campbell County Jail and held in drunk tanks for several hours, before being placed in general population.

23. That on or about July 8, 2004, the Plaintiff, LESTER EUGENE SILER, requested medical attention, from the on-duty jailers and the Defendant, Sheriff RON MCCLELLAN, numerous times for his injuries and was denied medical attention for his injuries.

24. That on or about July 8, 2004, when the Plaintiff, LESTER EUGENE SILER, requested medical attention, the on-duty jailer told him to "sit down and shut-up, you got what you deserve".

25. That after the incarceration of the Plaintiff, LESTER EUGENE SILER, the Defendant, Sheriff RON MCCLELLAN, made public statements to the media that he had "sent him to the emergency room", when in fact the Plaintiff, LESTER

EUGENE SILER, was given no medical attention, in an attempt to cover up this incident.

26.     That after the incarceration of the Plaintiff, LESTER EUGENE SILER, the Defendant, Chief Deputy CHARLES SCOTT, made public statements to the media that Siler's emergency room visit "revealed no broken bones or trauma," when in fact the Plaintiff, LESTER EUGENE SILER, was given no medical treatment, in an attempt to cover up this incident.

27.     That after being incarcerated in the Campbell County Jail, the Plaintiffs, LESTER EUGENE SILER and JENNY SILER, were not permitted to make a telephone call.

28.     That all charges resulting from the before mentioned incident on July 8, 2004, against the Plaintiffs, LESTER EUGENE SILER and JENNY SILER, were dismissed.

29.     That on or about July 19, 2004, during an official investigation, the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, lied to the Tennessee Bureau of Investigation by denying the use of threats or unreasonable force against the Plaintiff, LESTER EUGENE SILER, in order to cover up this incident and obstruct any investigation, state or federal.

30.     That on or about July 19, 2004, the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, were terminated from their employment with the Campbell County Sheriffs Department.

31.     That on or about July 28, 2004, the Defendants, WEBBER, FRANKLIN, MONDAY, and GREEN, were indicted by the Campbell County Grand Jury

on charges of official misconduct in violation of Tennessee Code Annotated § 39-16-403 and in violation of TCA § 39-16-703 for making a false material statement, under oath, in connection with the official proceeding, in violation of Tennessee Code Annotated § 39-16-703.

32.     That on or about July 28, 2004, the Defendant, WEBBER, was further charged with an additional count of making a false material statement, under oath, in connection with the official proceeding in violation of Tennessee Code Annotated § 39-16-703.

33.     That on or about the February 3, 2004, the United States Attorneys office filed an information in the United States District Court for the Eastern District of Tennessee at Knoxville against the Defendant, MONDAY, charging the Defendant with willfully brandishing a handgun during and in relation to a crime of violence namely conspiracy against rights secured by the Constitution and Laws of the United States in violation of 18 U.S.C. § 924(c).

34.     That on or about the February 3, 2004, the United States Attorneys office filed informations in the United States District Court for the Eastern District of Tennessee at Knoxville against the Defendants WEBBER, FRANKLIN, GREEN, and CARROLL, charging the Defendants with conspiracy to commit civil rights violations in violation of 18 U.S.C. § 241.

35.     That on or about the February 22, 2005, the Defendant, WEBBER, pled guilty in Federal Court to knowingly violating 18 U.S.C. § 241 (conspiracy against civil rights).

36.     That on or about February 23, 2005, the Defendant, FRANKLIN, pled guilty in Federal Court to knowingly violating 18 U.S.C. § 241 (conspiracy against civil rights).

37.     That on or about February 24, 2005, the Defendant, MONDAY, pled guilty in Federal Court to knowingly violating 18 U.S.C. § 924 (c) (brandishing a firearm during a crime of violence).

38.     That on or about February 24, 2005, the Defendant, GREEN, pled guilty in Federal Court to knowingly violating 18 U.S.C. § 241 (conspiracy against civil rights).

39.     That on or about May 23, 2005, the Defendant, CARROLL, pled guilty in Federal Court to knowingly violating 18 U.S.C. § 241 (conspiracy against civil rights).

40.     The Plaintiffs would show that the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, were sent to the home of the Plaintiff, LESTER EUGENE SILER, by their supervisor, Chief Deputy CHARLES SCOTT and by Sheriff RON MCCLELLAN of the Campbell County Sheriffs Department and were instructed by the Chief Deputy and the Sheriff "to get him", and that it was "top priority".

41.     The Plaintiffs would show unto this Honorable Court that the Defendants, Chief Deputy CHARLES SCOTT and Sheriff RON MCCLELLAN, failed to properly train the Defendants and further failed to properly supervise the Defendants and exhibited a deliberate indifference to the rights of the persons to whom the deputies came into contact with.

42.     The Plaintiffs would show that the Defendants, Sheriff RON MCCLELLAN and Chief Deputy CHARLES SCOTT, hired the Defendants, MONDAY, CARROLL, and GREEN, and allowed these Defendants to work as patrol officers with the Campbell County Sheriffs Department knowing that the Defendants were not P.O.S.T. certified police officers, nor were the Defendants, MONDAY, CARROLL, and GREEN, adequately trained or supervised.

43.     Your Plaintiffs would show unto this Honorable Court that the Defendants, Sheriff RON MCCLELLAN and Chief Deputy CHARLES SCOTT, were aware of the propensity of the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, towards violence, and were further aware of prior incidents and complaints that had been made about the Defendants' use of excessive force; however, the Defendants, Sheriff RON MCCLELLAN and Chief Deputy CHARLES SCOTT, took no action to reprimand, discipline, train or supervise these Defendants to correct or control their behavior.

44.     Your Plaintiffs, LESTER EUGENE SILER, JENNY SILER and DAKOTA SILER would show that this is not the first time LESTER EUENGE SILER had been assaulted by the Campbell County Deputy Sheriffs.

**FIRST COUNT:**
**ASSAULT AND BATTERY**

45.     The foregoing allegations are incorporated into this cause of action as though set out verbatim.

46.     The Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, committed assault and battery on the Plaintiff, LESTER EUGENE SILER, causing the Plaintiff bodily injuries.

47.     The Plaintiff, LESTER EUGENE SILER sues the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, for injuries caused by their assault and battery of the Plaintiff, LESTER EUGENE SILER.

48.     The Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, acted by virtue of and under color of their authority as Campbell County Sheriffs Deputies.

49.     The Plaintiff, LESTER EUGENE SILER, sues Defendant, CAMPBELL COUNTY, pursuant to T.C.A. § 8-8-302 for Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL'S assault and battery of the Plaintiff that was done by virtue of and under the color of their authority as Campbell County Sheriffs Deputies.

## SECOND COUNT:
## FALSE ARREST

50.     The foregoing allegations are incorporated into this cause of action as though set out verbatim.

51.     The Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, falsely arrested the Plaintiffs, LESTER EUGENE SILER and JENNY SILER.

52.     The Plaintiffs, LESTER EUGENE SILER and JENNY SILER, sue the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROL, for injuries caused by their false arrest.

53.     The Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, acted by virtue of and under the color of their authority as Campbell County Sheriffs Deputies.

54.     The Plaintiffs, LESTER EUGENE SILER and JENNY SILER, sue the Defendant, CAMPBELL COUNTY, pursuant to T.C.A. § 8-8-302 for the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL'S, false arrest of the Plaintiffs that was done by virtue of and under the color of their authority as Campbell County Sheriffs Deputies.

**THIRD COUNT:**
**FALSE IMPRISONMENT**

55.     The foregoing allegations are incorporated into this cause of action as though set out verbatim.

56.     The Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, all conspired to place false charges against the Plaintiffs, LESTER EUGENE SILER and JENNY SILER.

57.     The Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, did place false charges against the Plaintiffs, LESTER EUGENE SILER and JENNY SILER, and did falsely imprison them in the Campbell County Jail.

58.     The Plaintiffs, LESTER EUGENE SILER and JENNY SILER, sue the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, for injuries sustained as a result of being falsely imprisoned.

59.     The Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, acted by virtue of and under color of their authority as Campbell County Sheriffs Deputies.

60.     The Plaintiffs, LESTER EUGENE SILER and JENNY SILER, sue the Defendant, CAMPBELL COUNTY, pursuant to T.C.A. § 8-8-302 for the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL'S, false imprisonment of the

Plaintiffs, LESTER EUGENE SILER and JENNY SILER, that was done by virtue of and under color of their authority as Campbell County Sheriffs Deputies.

## FOURTH COUNT:
## TRESPASS

61.     The foregoing allegations are incorporated into this cause of action as though set out verbatim.

62.     The Plaintiffs, LESTER EUGENE SILER, JENNY SILER and DAKOTA SILER, sue the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, for trespass for the unlawful entry into, and search of their home.

63.     The Plaintiffs, LESTER EUGENE SILER, JENNY SILER and DAKOTA SILER sue the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, for injuries caused by their trespass.

64.     The Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, acted by virtue of and under the color of their authority as Campbell County Sheriffs Deputies.

65.     The Plaintiffs, LESTER EUGENE SILER, JENNY SILER and DAKOTA SILER, sue the Defendant, CAMPBELL COUNTY, pursuant to T.C.A. § 8-8-302 for the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL'S, trespass of the Plaintiffs that was done by virtue of and under the color of their authority as Campbell County Sheriffs Deputies.

## FIFTH COUNT:
## ABUSE OF PROCESS

66.     The foregoing allegations are incorporated into this cause of action as though set out verbatim.

67.    The Plaintiffs, LESTER EUGENE SILER and JENNY SILER sue the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, for abuse of process by conspiring to swear out warrants; swearing out warrants for acts that were not committed by the Plaintiffs to cover up for the assault and battery committed against the Plaintiffs; and for obtaining excessive bonds to financially punish the Plaintiffs.

68.    The Plaintiffs, LESTER EUGENE SILER and JENNY SILER, sue the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, for their injuries which were caused by this abuse of process.

69.    The Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, acted by virtue of and under the color of their authority as Campbell County Sheriffs Deputies.

70.    The Plaintiffs, LESTER EUGENE SILER and JENNY SILER, sue the Defendant, CAMPBELL COUNTY, pursuant to T.C.A. § 8-8-302 for the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL'S, abuse of process of the Plaintiffs that was done by virtue of and under the color of their authority as Campbell County Sheriffs Deputies.

## SIXTH COUNT:
## MALICIOUS PROSECUTION

71.    The foregoing allegations are incorporated into this cause of action as though set out verbatim.

72.    The Plaintiffs, LESTER EUGENE SILER and JENNY SILER sue the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, for malicious prosecution for instituting criminal charges against the Plaintiffs without probable cause that were later dismissed.

73. The Plaintiffs, LESTER EUGENE SILER and JENNY SILER, sue the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, for injuries caused by their malicious prosecution.

74. The Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL acted by virtue of and under the color of their authority as Campbell County Sheriffs Deputies.

75. The Plaintiffs, LESTER EUGENE SILER and JENNY SILER, sue the Defendant, CAMPBELL COUNTY, pursuant to T.C.A. § 8-8-302 for the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL'S, malicious prosecution of the Plaintiffs that was done by virtue of and under the color of their authority as Campbell County Sheriffs Deputies.

### SEVENTH COUNT:
### MALICIOUS HARRASSMENT

76. The foregoing allegations are incorporated into this cause of action as though set out verbatim.

77. The Plaintiffs, LESTER EUGENE SILER, JENNY SILER and DAKOTA SILER, sue the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, pursuant to T.C.A. § 4-21-701 and T.C.A. § 39-17-309 for their use of excessive force to intimidate the Plaintiffs and prohibiting the Plaintiffs from exercising their constitutional rights to be free from an unconstitutional entry and search into their residence and to remain in the privacy of their residence.

78. The Plaintiffs, LESTER EUGENE SILER and JENNY SILER, sue the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, pursuant to T.C.A. § 4-21-701 and 39-17-309 for their institution of criminal charges against them,

in retaliation against the Plaintiffs for exercising their constitutional rights to be free from an unconstitutional entry into their residence and to remain in the privacy of the residence.

79.     The Plaintiffs, LESTER EUGENE SILER and JENNY SILER, sue the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, pursuant to T.C.A. § 4-21-701 and 39-17-309 for their institution of criminal charges against the Plaintiffs, LESTER EUGENE SILER and JENNY SILER, to intimidate them from exercising their constitutional rights to seek redress from government for the assault and battery committed on the Plaintiff, LESTER EUGENE SILER.

**EIGHTH COUNT:**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

80.     The foregoing allegations are incorporated into this cause of action as though set out verbatim.

81.     The Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, conspired to and did intentionally commit acts upon the Plaintiffs that inflicted emotional distress and caused the Plaintiffs, LESTER EUGENE SILER, JENNY SILER, and DAKOTA SILER, injuries and severe mental anguish.

82.     The Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, beat and tortured the Plaintiff, LESTER EUGENE SILER, in the presence of the Plaintiffs, JENNY SILER and DAKOTA SILER.

83.     While incarcerated in the Campbell County Jail, the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, brought people to the cell where the Plaintiff, LESTER EUGENE SILER, was held to show off and brag about the beating that they had given him, stating "There is our trophy".

84.     The Plaintiffs, LESTER EUGENE SILER, JENNY SILER, and DAKOTA SILER, sue the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, for injuries caused by their intentional infliction of emotional distress upon the Plaintiffs.

85.     The Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL acted by virtue of and under the color of their authority as Campbell County Sheriffs Deputies.

86.     The Plaintiffs, LESTER EUGENE SILER, JENNY SILER, and DAKOTA SILER, sue Defendant, CAMPBELL COUNTY, pursuant to T.C.A. § 8-8-302 for the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL'S, intentional infliction of emotional distress of the Plaintiffs that was done by virtue of and under color of their authority as Campbell County Sheriffs Deputies.

## NINTH COUNT:
## VIOLATIONS OF TITLE 42 U.S.C. §§ 1983 AND 1988

87.     The foregoing allegations are incorporated into this cause of action as though set out verbatim.

88.     The Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, were acting by virtue of and under the color of their authority as Campbell County Sheriffs Deputies.

89.     The Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, violated the Plaintiffs rights under the United States Constitution under the Fourth Amendment in their right to be free from unlawful arrest and imprisonment; under the Fourth and Fifth Amendment in their right to be free from the excessive use of force; under the Fourth Amendment in their right to be free from unlawful searches; and under

the Fifth Amendment in their right to be free from punishment without due process of law; and under the Eighth and Fourteenth Amendment in their right to be free from cruel and inhuman punishment.

90.    The Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, are liable to the Plaintiffs' for damages, costs, and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988.

91.    The Plaintiffs, LESTER EUGENE SILER, JENNY SILER, and DAKOTA SILER, sue the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, for the Defendants violations of the Plaintiffs' civil rights.

92.    The Plaintiffs, LESTER EUGENE SILER, JENNY SILER, and DAKOTA SILER, sue the Defendant, CAMPBELL COUNTY, pursuant to T.C.A. § 8-8-302 for the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL'S, violations of the Plaintiffs' civil rights which was done by virtue of and under color of their authority as Campbell County Sheriffs Deputies.

**TENTH COUNT:**
**VIOLATION OF RIGHTS GUARANTEED BY THE TENNESSEE CONSITUTION**

93.    The foregoing allegations are incorporated into this cause of action as though set out verbatim.

94.    The Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, were acting by virtue of and under the color of their authority as Campbell County Sheriffs Deputies.

95.    The Plaintiffs, LESTER EUGENE SILER, JENNY SILER, and DAKOTA SILER, sue the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, under Article I, Section 17 of the Tennessee Constitution for their unlawful

seizure of the Plaintiffs, in violation of the Tennessee Constitution, Article I, Sections 7 and 8.

96.     The Plaintiffs, LESTER EUGENE SILER, JENNY SILER, and DAKOTA SILER, sue the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, under Article I, Section 17 of the Tennessee Constitution for their excessive use of force in violation of the Tennessee Constitution, Article I, Sections 7 and 8.

97.     The Plaintiffs, LESTER EUGENE SILER, JENNY SILER, and DAKOTA SILER, sue the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, for the unlawful entry into, and search of, the Plaintiffs' home in violation of the Tennessee Constitution, Article I, Section 7.

98.     The Plaintiffs, LESTER EUGENE SILER, JENNY SILER, and DAKOTA SILER, sue the Defendant, CAMPBELL COUNTY, pursuant to T.C.A. § 8-8-302 for the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL'S, trespass and violation of the Plaintiffs' civil rights which was done by virtue of and under the color of their authority as Campbell County Sheriffs Deputies.

### ELEVENTH COUNT:
### DEFENDANT MCCLELLAN'S FAILURE AND NEGLECT TO PERFORM HIS DUTIES AS SHERIFF

99.     The foregoing allegations are incorporated into this cause of action as though set out verbatim.

100.    The Defendant, Sheriff RON MCCLELLAN, is required to perform duties as the Sheriff of Campbell County, Tennessee, according to Tennessee law.

101.    The Defendant, Sheriff RON MCCLELLAN, failed and neglected to perform the duties required of him to train, supervise, and discipline his officers in that

the Defendant failed to train, supervise and discipline his officers in their conduct while exercising their authority as Campbell County Sheriffs Deputies; by failing to train and supervise his officers on their entry into private residences; by failing to train and supervise his officers on the unlawful use of force in making arrests; by failing to train and supervise his officers on their excessive use of force; and by being deliberately indifferent to the use of excessive force by his officers.

100.    The Defendant, Sheriff RON MCCLELLAN'S, breach of his duty as Sheriff, was a contributing cause of the Plaintiffs' injuries.

101.    The Plaintiffs, LESTER EUGENE SILER, JENNY SILER, and DAKOTA SILER, sue the Defendant, Sheriff RON MCCLELLAN, for the breach of his duty as Sheriff of Campbell County, Tennessee.

102.    The Plaintiffs, LESTER EUGENE SILER, JENNY SILER, and DAKOTA SILER, sue the Defendant, CAMPBELL COUNTY, pursuant to T.C.A. § 8-8-302 for the Defendant, Sheriff RON MCCLELLAN'S, breach of his duty which was done by virtue of and under the color of his authority as the Sheriff of Campbell County, Tennessee.

**DEFENDANT SCOTT'S FAILURE AND NEGLECT TO PERFORM HIS DUTIES AS CHIEF DEPUTY SHERIFF**

103.    The foregoing allegations are incorporated into this cause of action as though set out verbatim.

104.    The Defendant, Chief Deputy CHARLES SCOTT, is required to perform certain duties as Chief Deputy of the Campbell County Sheriffs Department under Tennessee Law.

105.    The Defendant, Chief Deputy CHARLES SCOTT, failed and neglected to perform his duties required of him to train, supervise, and discipline his subordinate officers in that the Defendant, Chief Deputy CHARLES SCOTT, failed to train, supervise and discipline his subordinate officers in their conduct while exercising their authority as Campbell County Sheriffs Deputies; by failing to train and supervise his subordinate officers on the entry into private residences; by failing to train and supervise his subordinate officers in the unlawful use of force and making arrests; by failing to train and supervise his officers on the use of excessive force; and being deliberately indifferent to the use of excessive force by his officers.

106.    The Defendant, Chie Deputy CHARLES SCOTT'S, breach of his duty was a contributing cause of the Plaintiffs' injuries.

107.    The Plaintiffs', LESTER EUGENE SILER, JENNY SILER, and DAKOTA SILER, sue the Defendant, Chief Deputy CHARLES SCOTT, for the breach of his duty as Chief Deputy of the Campbell County Sheriff's Department.

108.    The Plaintiffs', LESTER EUGENE SILER, JENNY SILER, and DAKOTA SILER, sue the Defendant, CAMPBELL COUNTY, pursuant to T.C.A. § 8-8-302 for the Defendant, Chief Deputy CHARLES SCOTT'S, breach of his duty that was done by virtue of and under the color of his authority as Chief Deputy of the Campbell County Sheriffs Department.

**TWELFTH COUNT:**
**DEFENDANTS WEBBER, FRANKLIN, MONDAY, GREEN, AND CARROLL'S**
**FAILURE AND NEGLECT TO PERFORM THEIR DUTIES AS DEPUTY SHERIFFS**

109.    The foregoing allegations are incorporated into this cause of action as though set out verbatim.

110.    The Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, had a duty as Sheriffs Deputies to faithfully carry out the duties of the office of deputy sheriff.

111.    The Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, breached their duties as Sheriffs Deputies by committing each of the acts and violations stated in this complaint.

112.    The Plaintiffs, LESTER EUGENE SILER, JENNY SILER, and DAKOTA SILER, sue the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, individually and in their official capacity for their failure and neglect to perform the duties required of them as Sheriffs Deputies.

**THIRTEENTH COUNT:**
**LIABILITY ON SHERIFF'S OFFICIAL BOND**

113.    The foregoing allegations are incorporated into this cause of action as though set out verbatim.

114.    The Plaintiffs, LESTER EUGENE SILER, JENNY SILER, and DAKOTA SILER, bring this action on relation of the State of Tennessee and sue the Defendant, Sheriff RON MCCLELLAN, individually under his bond as provided for in T.C.A. 8-18-301 for the Defendant, Sheriff RON MCCLELLAN'S, failure and neglect of the duties required of him as Sheriff of Campbell County, Tennessee as specified in this complaint.

**FOURTEENTH COUNT:**
**LIABILITY ON DEPUTY SHERIFF'S OFFICIAL BOND**

115.    The foregoing allegations are incorporated into this cause of action as though set out verbatim.

116.    The Plaintiffs, LESTER EUGENE SILER, JENNY SILER, and DAKOTA SILER, bring this action on relation of the STATE OF TENNESSEE and sue the Defendants, Chief Deputy CHARLES SCOTT, and Sheriffs Deputies WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, individually under their bond as provided for in T.C.A. 8-18-301 for the acts committed upon the Plaintiffs, and for the Defendants failure and neglect of the duties required of them as Sheriffs Deputies of Campbell County, Tennessee as specified in this complaint.

**FIFTEENTH COUNT:**
**LIABILITY OF WESTERN SURETY INSURANCE COMPANY UNDER DEFENDANT MCCLELLAN'S BOND**

117.    The foregoing allegations are incorporated into this cause of action as though set out verbatim.

118.    The Plaintiffs, LESTER EUGENE SILER, JENNY SILER, and DAKOTA SILER, sue the Defendant, WESTERN SURETY INSURANCE COMPANY, pursuant to T.C.A. § 8-18-301 under its surety for violations of the obligations placed on the Defendant, Sheriff RON MCCLELLAN, under his official bond.

**SIXTEENTH COUNT:**
**LIABILITY OF WESTERN SURETY INSURANCE COMPANY UNDER DEFENDANT SCOTT'S BOND**

119.    The foregoing allegations are incorporated into this cause of action as though set out verbatim.

120.    The Plaintiffs, LESTER EUGENE SILER, JENNY SILER, and DAKOTA SILER, sue the Defendant, WESTERN SURETY INSURANCE COMPANY, pursuant to T.C.A. § 8-18-301 under its surety for violations of the obligations placed on the Defendant, Chief Deputy CHARLES SCOTT, under his official bond.

## SEVENTEENTH COUNT:
## LIABILITY OF WESTERN SURETY INSURANCE COMPANY UNDER DEFENDANTS' WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL'S BOND

121.    The foregoing allegations are incorporated into this cause of action as though set out verbatim.

122.    The Plaintiffs, LESTER EUGENE SILER, JENNY SILER, and DAKOTA SILER, sue the Defendant, WESTERN SURETY INSURANCE COMPANY, pursuant to T.C.A. 8-18-301 under its surety for violations of the obligations placed upon the Defendants, Campbell County Sheriffs Deputies WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, under their official bonds.

## EIGHTEENTH COUNT:
## LIABILITY OF CAMPBELL COUNTY PURSUANT TO T.C.A. § 8-8-302

123.    The foregoing allegations are incorporated into this cause of action as though set out verbatim.

124.    The Defendant, CAMPBELL COUNTY, is liable pursuant to T.C.A. 8-8-302 for each act of the Defendants, Sheriff RON MCCLELLAN, Chief Deputy CHARLES SCOTT, and Sheriffs Deputies WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, that caused damages and injuries to the Plaintiffs' while the Defendants, Sheriff RON MCCLELLAN, Chief Deputy CHARLES SCOTT, and Sheriffs Deputies WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, were acting by virtue of and under the color of their authority as Sheriffs Deputies.

125.    The Defendant, CAMPBELL COUNTY, is liable for each act of the Defendants, Sheriff RON MCCLELLAN, Chief Deputy CHARLES SCOTT, and Sheriffs Deputies WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, pursuant to the

provisions of T.C.A. 8-8-302 for the Plaintiffs' damages and injuries caused by their acts by virtue of or under the color of their authority as Sheriffs Deputies.

126.    The Defendant, CAMPBELL COUNTY, is sued for its liability pursuant to T.C.A. 8-8-302 for the acts of additional deputy sheriff's whose identities are presently unknown and for each unknown deputies acts that caused injuries and damages to the Plaintiffs while said deputies were acting by virtue of and under the color of their authority as Sheriffs Deputies.

**NINETEENTH COUNT:**
**LIABILITY OF CAMPBELL COUNTY OF THE GOVERNMENTAL**
**TORT LIABILITY ACT**

127.    The foregoing allegations are incorporated into this cause of action as though set out verbatim.

128.    The Defendant, CAMPBELL COUNTY, is liable under the Governmental Liability Act "GTLA", for the negligence of its employees and agents for actions that are not specifically excluded from that Act.

129.    The Plaintiffs, LESTER EUGENE SILER, JENNY SILER, and DAKOTA SILER, sue the Defendant, CAMPBELL COUNTY, under the "GTLA" for the negligence of each of the officers in failing to prevent the other officers from assaulting the Plaintiff, LESTER EUGENE SILER, and for committing additional unlawful acts on the Plaintiffs, LESTER EUGENE SILER, JENNY SILER and DAKOTA SILER.

130.    The Plaintiffs, LESTER EUGENE SILER, JENNY SILER, and DAKOTA SILER, sue the Defendant, CAMPBELL COUNTY, under the "GTLA" for the negligence of its employees in delaying processing and release of the Plaintiffs, LESTER EUGENE SILER and JENNY SILER, for an unreasonably long period of time.

131.    The Plaintiffs, LESTER EUGENE SILER, JENNY SILER, and DAKOTA SILER, sue the Defendant, CAMPBELL COUNTY, under the "GTLA" for the negligence and failure of the Defendant, Sheriff RON MCCLELLAN, to implement a policy and procedure for the Campbell County Sheriffs Department to train, supervise, and discipline deputies and employees of the Campbell County Sheriffs Department in their conduct while exercising their authority as Campbell County Sheriff's Deputies; by failing to train and supervise officers on the entry of private residences; by failing to train and supervise officers on the unlawful use of force; and by failing to train and supervise officers on the use of excessive forcing; and by being deliberately indifferent to the use of excessive force by the officers.

**DAMAGES**

132.    As a result of the wrongs and acts complained of, the Plaintiffs, LESTER EUGENE SILER, JENNY SILER, and DAKOTA SILER, suffered medical expenses; painful injuries; emotional distress; severe mental anguish; the Plaintiffs LESTER EUGENE SILER, JENNY SILER and DAKOTA SILER'S, liberty were unreasonably denied by the Defendants; the Plaintiffs, LESTER EUGENE SILER and JENNY SILER, were required to incur bail fees and attorney fees; the Plaintiffs, LESTER EUGENE SILER and JENNY SILER, have suffered severe and emotional distress.

WHEREFORE, Plaintiffs, LESTER EUGENE SILER, JENNY SILER and DAKOTA SILER, pray:

1.    That Plaintiffs have a jury selected to try this case.

2.      That upon trial the Plaintiff, JENNY SILER, be awarded compensatory damages against the Defendants in an amount not to exceed $2,500,000.00

3.      That upon a trial, the Plaintiff, LESTER EUGENE SILER, be awarded compensatory damages against the Defendants, in an amount not to exceed $5,000,000.00.

4.      That the Plaintiff, DAKOTA SILER, be awarded compensatory damages against the Defendants, in an amount not to exceed $2,000,000.00.

5.      That the Plaintiffs be awarded punitive damages against the Defendants, in an amount not to exceed $10,000,000.00.

6.      The Plaintiffs seek injunctive relief to remove, and cause removal of the Defendants, WEBBER, FRANKLIN, MONDAY, GREEN, and CARROLL, as police officers for Campbell County, Tennessee.

7.      The Plaintiffs seek injunctive relief to remove, and cause removal of the Defendant, RON MCCLELLAN, as Sheriff for Campbell County, Tennessee.

8.      The Plaintiffs seek injunctive relief to remove, and cause removal of the Defendant, CHARLES SCOTT, as Chief Deputy for Campbell County, Tennessee.

9.      That the Defendants be required to pay the Plaintiffs' attorneys fees and litigation costs.

10.     That the Plaintiffs have such other, further, and general relief to which they may be entitled.

On this the _____ day of July, 2005.

S/Lester Eugene Siler_____
Lester Eugene Siler, Plaintiff

S/Jenny Siler
Jenny Siler, Plaintiff

S/Dakota Siler
Dakota Siler, Plaintiff
By parents and next friends
Jenny and Lester Siler

By:   S/Michael S. Farley

Michael S. Farley
Attorney for Plaintiffs
1107 Charles Seivers Blvd.
One Centre Plaza
Clinton, Tennessee  37716
(865) 457-6440
BPR No.  017976

By:   S/Kristie Anderson

Kristie Anderson
Attorney for Plaintiffs
502 Main Street
P.O. Box 196
Jacksboro, Tennessee 37757
(423) 566-9092
BPR No. 021840