# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| LESTER EUGENE SILER; | ) | |
| JENNY SILER; | ) | |
| DAKOTA SILER, a minor, | ) | |
| by and through next friend, | ) | |
| LESTER E. SILER and | ) | |
| JENNY SILER, | ) | No. 3:05-CV-341 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOSHUA JAMES MONDAY, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER OF JOSHUA JAMES MONDAY

Comes the Defendant, Joshua James Monday, by and through counsel, Dennis B. Francis, Esq., and for Answer to the Complaint, would say and show as follows:

1. The allegations of Paragraph 1 are neither admitted nor denied for lack of specific information.

2. The allegations of Paragraph 2 are admitted.

3. The allegations of Paragraph 3 are admitted.

4. The allegations of Paragraph 4 are neither admitted nor denied, as they are not applicable to the Defendant, Joshua James Monday.

5. The allegations of Paragraph 5 are admitted, with respect to Defendant Joshua James Monday.

6. The allegations of Paragraph 6 are neither admitted nor denied, as they are not applicable to the Defendant, Joshua James Monday.

7.  The allegations of Paragraph 7 are neither admitted nor denied, as they are not applicable to the Defendant, Joshua James Monday.

8.  The allegations of Paragraph 8 are admitted.

9.  The allegations of Paragraph 9 are admitted.

10. The allegations of Paragraph 10 are admitted.

11. The allegations of Paragraph 11 are neither admitted nor denied, as they are not applicable to the Defendant, Joshua James Monday.

12. The allegations of Paragraph 12 are admitted.

13. The allegations of Paragraph 13 are admitted with respect to threats being made to shoot Plaintiff Lester E. Siler to beat him, to kill him, and to break his fingers. The other alleged threats contained in Paragraph 13 are denied.

14. The allegations of Paragraph 14 are denied, with respect to Defendant Joshua James Monday.

15. The allegations of Paragraph 15 are neither admitted nor denied, as they are not applicable to the Defendant, Joshua James Monday.

16. The allegations of Paragraph 16 are admitted but it is denied that Plaintiff Lester E. Siler's wife and minor child were present.

17. The allegations of Paragraph 17 are admitted except with respect to physical injuries suffered by Plaintiff Lester E. Siler, and strict proof of alleged injuries is demanded.

18. The allegations of Paragraph 18 are admitted in that Defendant Joshua James Monday did willfully and unlawfully brandish a handgun, but it is denied that he placed that handgun in the mouth of Plaintiff Lester E. Siler.

19. The allegations of Paragraph 19 are denied.

20. The allegations of Paragraph 20 are denied.

21. The allegations of Paragraph 21 are admitted, in that Plaintiffs Lester E. Siler and Jenny Siler were arrested and transported to the Campbell County Sheriff's Department.

22. The allegations of Paragraph 22 are neither admitted nor denied, for lack of specific information.

23. The allegations of Paragraph 23 are neither admitted nor denied, for lack of specific information.

24. The allegations of Paragraph 24 are neither admitted nor denied, for lack of specific information.

25. The allegations of Paragraph 25 are neither admitted nor denied, for lack of specific information.

26. The allegations of Paragraph 26 are neither admitted nor denied, for lack of specific information.

27. The allegations of Paragraph 27 are neither admitted nor denied, for lack of specific information.

28. The allegations of Paragraph 28 are neither admitted nor denied, for lack of specific information.

29. The allegations of Paragraph 29 are admitted.

30. The allegations of Paragraph 30 are admitted.

31. The allegations of Paragraph 31 are admitted.

32. The allegations of Paragraph 32 are neither admitted nor denied, as they are not applicable to the Defendant, Joshua James Monday.

33. The allegations of Paragraph 33 are admitted.

34. The allegations of Paragraph 34 are neither admitted nor denied, as they are not applicable to the Defendant, Joshua James Monday.

35. The allegations of Paragraph 35 are neither admitted nor denied, as they are not applicable to the Defendant, Joshua James Monday.

36. The allegations of Paragraph 36 are neither admitted nor denied, as they are not applicable to the Defendant, Joshua James Monday.

37. The allegations of Paragraph 37 are admitted.

38. The allegations of Paragraph 38 are neither admitted nor denied, as they are not applicable to the Defendant, Joshua James Monday.

39. The allegations of Paragraph 39 are neither admitted nor denied, as they are not applicable to the Defendant, Joshua James Monday.

40. The allegations of Paragraph 40 are neither admitted nor denied, for lack of specific information.

41. The allegations of Paragraph 41 are neither admitted nor denied, for lack of specific information.

42. The allegations of Paragraph 42 are neither admitted nor denied, for lack of specific information.

43. The allegations of Paragraph 43 are neither admitted nor denied, for lack of specific information.

44. The allegations of Paragraph 44 are neither admitted nor denied, for lack of specific information.

45. The contents of Paragraph 45 can neither be admitted nor denied, as it contains no allegations.

46. The allegations of Paragraph 46 are admitted, as to the assault and battery, with strict proof of bodily injuries demanded.

47. The allegations of Paragraph 47 are denied, as to any injuries sustained by Plaintiff Lester E. Siler.

48. The allegations of Paragraph 48 are admitted.

49. The allegations of Paragraph 49 are neither admitted nor denied, as they are not applicable to the Defendant, Joshua James Monday.

50. The contents of Paragraph 50 can neither be admitted nor denied, as it contains no allegations.

51. The allegations of Paragraph 51 are denied.

52. The allegations of Paragraph 52 are denied, and strict proof is hereby demanded of any injuries sustained by Plaintiffs Lester E. Siler and Jenny Siler.

53. The allegations of Paragraph 53 are admitted.

54. The allegations of Paragraph 54 are neither admitted nor denied, as they are not applicable to the Defendant, Joshua James Monday.

55. The contents of Paragraph 55 can neither be admitted nor denied, as it contains no allegations.

56. The allegations of Paragraph 56 are denied.

57. The allegations of Paragraph 57 are denied.

58. The allegations of Paragraph 58 are denied, and strict proof is hereby demanded of any injuries sustained by Plaintiffs Lester E. Siler and Jenny Siler.

59. The allegations of Paragraph 59 are admitted.

60. The allegations of Paragraph 60 are neither admitted nor denied, as they are not

applicable to the Defendant, Joshua James Monday.

61. The contents of Paragraph 61 can neither be admitted nor denied, as it contains no allegations.

62. The allegations of Paragraph 62 are denied.

63. The allegations of Paragraph 63 are denied, and strict proof is hereby demanded of any injuries sustained by Plaintiffs Lester E. Siler, Jenny Siler, and Dakota Siler.

64. The allegations of Paragraph 64 are admitted.

65. The allegations of Paragraph 65 are neither admitted nor denied, as they are not applicable to the Defendant, Joshua James Monday.

66. The contents of Paragraph 66 can neither be admitted nor denied, as it contains no allegations.

67. The allegations of Paragraph 67 are denied.

68. The allegations of Paragraph 68 are denied, and strict proof is hereby demanded of any injuries sustained by Plaintiffs Lester E. Siler and Jenny Siler.

69. The allegations of Paragraph 69 are admitted.

70. The allegations of Paragraph 70 are neither admitted nor denied, as they are not applicable to the Defendant, Joshua James Monday.

71. The contents of Paragraph 71 can neither be admitted nor denied, as it contains no allegations.

72. The allegations of Paragraph 72 are denied.

73. The allegations of Paragraph 73 are denied, and strict proof is hereby demanded of any injuries sustained by Plaintiffs Lester E. Siler and Jenny Siler.

74. The allegations of Paragraph 74 are admitted.

75. The allegations of Paragraph 75 are neither admitted nor denied, as they are not applicable to the Defendant, Joshua James Monday.

76. The contents of Paragraph 76 can neither be admitted nor denied, as it contains no allegations.

77. The allegations of Paragraph 77 are admitted.

78. The allegations of Paragraph 78 are denied.

79. The allegations of Paragraph 79 are denied.

80. The contents of Paragraph 80 can neither be admitted nor denied, as it contains no allegations.

81. The allegations of Paragraph 81 are denied, and strict proof is hereby demanded of any injuries sustained and/or any severe mental anguish suffered by Plaintiffs Lester E. Siler, Jenny Siler, and Dakota Siler.

82. The allegations of Paragraph 82 are denied, with respect to the presence of Plaintiffs Jenny Siler and Dakota Siler.

83. The allegations of Paragraph 83 are denied, with respect to Defendant Joshua James Monday.

84. The allegations of Paragraph 84 are denied, and strict proof is hereby demanded of any injuries sustained by Plaintiffs Lester E. Siler, Jenny Siler, and Dakota Siler.

85. The allegations of Paragraph 85 are admitted.

86. The allegations of Paragraph 86 are neither admitted nor denied, as they are not applicable to the Defendant, Joshua James Monday.

87. The contents of Paragraph 87 can neither be admitted nor denied, as it contains no allegations.

88. The allegations of Paragraph 88 are admitted.

89. The allegations of Paragraph 89 are denied.

90. The allegations of Paragraph 90 are denied.

91. The allegations of Paragraph 91 are denied.

92. The allegations of Paragraph 92 are neither admitted nor denied, as they are not applicable to the Defendant, Joshua James Monday.

93. The contents of Paragraph 93 can neither be admitted nor denied, as it contains no allegations.

94. The allegations of Paragraph 94 are admitted.

95. The allegations of Paragraph 95 are denied.

96. The allegations of Paragraph 96 are denied.

97. The allegations of Paragraph 97 are denied.

98. The allegations of Paragraph 98 are neither admitted nor denied, as they are not applicable to the Defendant, Joshua James Monday.

99. The allegations of Paragraph 99 are neither admitted nor denied, as they are not applicable to the Defendant, Joshua James Monday.

100. The allegations of Paragraph 100 are neither admitted nor denied, as they are not applicable to the Defendant, Joshua James Monday.

101. The allegations of Paragraph 101 are neither admitted nor denied, as they are not applicable to the Defendant, Joshua James Monday.

102. The allegations of Paragraph 102 are neither admitted nor denied, as they are not applicable to the Defendant, Joshua James Monday.

103. The allegations of Paragraph 103 are neither admitted nor denied, as they are not

applicable to the Defendant, Joshua James Monday.

104. The allegations of Paragraph 104 are neither admitted nor denied, as they are not applicable to the Defendant, Joshua James Monday.

105. The allegations of Paragraph 105 are neither admitted nor denied, as they are not applicable to the Defendant, Joshua James Monday.

106. The allegations of Paragraph 106 are neither admitted nor denied, as they are not applicable to the Defendant, Joshua James Monday.

107. The allegations of Paragraph 107 are neither admitted nor denied, as they are not applicable to the Defendant, Joshua James Monday.

108. The allegations of Paragraph 108 are neither admitted nor denied, as they are not applicable to the Defendant, Joshua James Monday.

109. The contents of Paragraph 109 can neither be admitted nor denied, as it contains no allegations.

110. The allegations of Paragraph 110 are admitted.

111. The allegations of Paragraph 111 are denied.

112. The allegations of Paragraph 112 are denied.

113. The contents of Paragraph 113 can neither be admitted nor denied, as it contains no allegations.

114. The allegations of Paragraph 114 are neither admitted nor denied, as they are not applicable to the Defendant, Joshua James Monday.

115. The contents of Paragraph 115 can neither be admitted nor denied, as it contains no allegations.

116. The allegations of Paragraph 116 are denied.

117. The contents of Paragraph 117 can neither be admitted nor denied, as it contains no allegations.

118. The allegations of Paragraph 118 are neither admitted nor denied, as they are not applicable to the Defendant, Joshua James Monday.

119. The contents of Paragraph 119 can neither be admitted nor denied, as it contains no allegations.

120. The allegations of Paragraph 120 are neither admitted nor denied, as they are not applicable to the Defendant, Joshua James Monday.

121. The contents of Paragraph 121 can neither be admitted nor denied, as it contains no allegations.

122. The allegations of Paragraph 122 are neither admitted nor denied, as they are not applicable to the Defendant, Joshua James Monday.

123. The contents of Paragraph 123 can neither be admitted nor denied, as it contains no allegations.

124. The allegations of Paragraph 124 are neither admitted nor denied, as they are not applicable to the Defendant, Joshua James Monday.

125. The allegations of Paragraph 125 are neither admitted nor denied, as they are not applicable to the Defendant, Joshua James Monday.

126. The allegations of Paragraph 126 are neither admitted nor denied, as they are not applicable to the Defendant, Joshua James Monday.

127. The contents of Paragraph 127 can neither be admitted nor denied, as it contains no allegations.

128. The allegations of Paragraph 128 are neither admitted nor denied, as they are not

applicable to the Defendant, Joshua James Monday.

129. The allegations of Paragraph 129 are neither admitted nor denied, as they are not applicable to the Defendant, Joshua James Monday.

130. The allegations of Paragraph 130 are neither admitted nor denied, as they are not applicable to the Defendant, Joshua James Monday.

131. The allegations of Paragraph 132 are neither admitted nor denied, as they are not applicable to the Defendant, Joshua James Monday.

132. With the exception of any allegations previously admitted, strict proof is hereby demanded of any remaining allegations of injury, expense, emotional distress, severe mental anguish, loss of liberty, and any other injury claimed by the Plaintiffs.

Any and all other allegations of the Complaint not heretofore specifically denied, are now generally denied, and Defendant prays to be dismissed. Defendant further prays that a jury be selected to try this case.

Respectfully submitted this the 17th day of August, 2005.

JOSHUA JAMES MONDAY

By: s/Dennis B. Francis
Dennis B. Francis
BPR 002152
Attorney for Defendant
P.O. Box 107
Knoxville, TN 37901
(865) 522-8381

## CERTIFICATE OF SERVICE

   I hereby certify that on July 8, 2005, a copy of the foregoing Notice was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Clerk's electronic filing system.

                   s/Dennis B. Francis
                   Dennis B. Francis
                   BPR 002152
                   Attorney for Defendant
                   P.O. Box 107
                   Knoxville, TN 37901
                   (865) 522-8381