IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| LESTER EUGENE SILER, JENNY SILER, DAKOTA SILER, a minor, by and through next friends, LESTER E. SILER and JENNY SILER, ) ) ) ) | |
| Plaintiffs, ) | No.:3:05-cv-0341 |
| ) | (Jarvis/Guyton) |
| GERALD DAVID WEBBER, et al., ) ) | |
| Defendants. ) | |

## ANSWER

Comes now Western Surety Insurance Company ("Western Surety"), and hereby appears, by and through counsel, and responds to the complaint filed against it as follows:

1. Paragraph 1 of the complaint does not state any factual allegations, therefore no response is necessary. To the extent that Western Surety is required to provide a response, all allegations in paragraph 1 are denied. Western Surety affirmatively avers that it did no act which would give rise to the plaintiffs' filing of the present civil action.

2. Western Surety denies that it did any act which would give this court jurisdiction over it pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 1988. Western Surety also affirmatively avers that this court should not exercise pendent jurisdiction. It should only consider the various federal laws and issues currently and properly for it. All other allegations of paragraph 2 are denied.

3. Western Surety does not have sufficient knowledge to admit or deny the allegations of paragraphs 3-6 and paragraph 8 of the complaint, therefore those allegations are denied. As to the allegations in paragraph 7, Western Surety admits that it issued surety bonds

-1-

for Sheriff Ron McClellan and certain of his deputies. All other allegations in paragraph 7 are denied.

4. Western Surety does not have sufficient knowledge to admit or deny the allegations in paragraphs 9-112, therefore those allegations are denied.

5. No response is required to paragraph 113 of the complaint, but to the extent a response is required, Western Surety incorporates its response to the afore-referenced paragraphs.

6. In response to paragraph 114 of the complaint, Western Surety denies that plaintiffs may bring this action on the relation of State of Tennessee and denies that Tenn. Code Ann. § 8-18-301 [sic] provides a private right of action. Western Surety affirmatively avers that it did not commit any act which would give this court jurisdiction over it.

7. No response is required to paragraph 115 of the complaint, but to the extent a response is required, Western Surety incorporates its response to the afore-referenced paragraphs.

8. In response to paragraph 116 of the complaint, Western Surety denies that plaintiffs may bring this action on the relation of State of Tennessee and denies that Tenn. Code Ann. § 8-18-301 [sic] provides a private right of action. Western Surety affirmatively avers that it did not commit any act which would give this court jurisdiction over it.

9. No response is required to paragraph 117 of the complaint, but to the extent a response is required, Western Surety incorporates its response to the afore-referenced paragraphs.

10. In response to paragraph 118 of the complaint, Western Surety denies that Tenn. Code Ann. § 8-18-301 [sic] provides a private right of action. Western Surety affirmatively avers that it did not commit any act which would give this court jurisdiction over it.

11. No response is required to paragraph 119 of the complaint, but to the extent a response is required, Western Surety incorporates its response to the afore-referenced paragraphs.

12. In response to paragraph 120 of the complaint, Western Surety denies that Tenn. Code Ann. § 8-18-301 [sic] provides a private right of action. Western Surety affirmatively avers that it did not commit any act which would give this court jurisdiction over it.

13. No response is required to paragraph 121 of the complaint, but to the extent a response is required, Western Surety incorporates its response to the afore-referenced paragraphs.

14. In response to paragraph 122 of the complaint, Western Surety denies that Tenn. Code Ann. § 8-18-301 [sic] provides a private right of action. Western Surety affirmatively avers that it did not commit any act which would give this Court jurisdiction over it.

15. Western Surety does not have sufficient knowledge to admit or deny the allegations of paragraphs 123-131, therefore those allegations are denied.

16. In response to paragraph 132 of the complaint, and the prayer for relief, Western Surety denies that plaintiffs are entitled to any relief by way of this civil action.

17. Any allegation that is not previously admitted, explained or denied is hereby denied as if fully set our herein.

18. Western Surety reserves the right to plead more specifically upon the ascertainment of additional information through the discovery process.

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The court lacks subject matter jurisdiction over the claims against Western Surety.

### THIRD AFFIRMATIVE DEFENSE

It is affirmatively averred that Western Surety is entitled to a defense of qualified good faith immunity and is entitled to any and all state immunities and privileges which would constitute a defense in this case. As such, any claims against it should be barred.

### FOURTH AFFIRMATIVE DEFENSE

It is affirmatively averred that Western Surety is entitled to all immunities under Tenn. Code Ann. § 29-20-310.

### FIFTH AFFIRMATIVE DEFENSE

It is affirmatively averred that as to any state law claims, the plaintiffs are not entitled to recover any damages from Western Surety.

### SIXTH AFFIRMATIVE DEFENSE

It is affirmatively averred that Western Surety did no act which violated any constitutional or state rights of the plaintiffs. As such, such claims against it should be dismissed.

WHEREFORE, having fully answered this civil action, Western Surety prays to be dismissed and that costs be taxed against the plaintiffs.

Respectfully submitted this 5th day of October, 2005.

            s/Robert L. Bowman
            Donelson M. Leake, BPR #001952
            Robert L. Bowman, BPR #17266
            KRAMER, RAYSON, LEAKE,
              RODGERS & MORGAN, LLP
            P. O. Box 629
            Knoxville, TN 37901-0629
            (865) 525-5134
            *Attorneys for Defendant,*
            *Western Surety Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2005 a true and exact copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular United States Mail. Parties may access this filing through the Court's electronic filing system.

**Counsel for the Plaintiffs:**

Michael S. Farley , Esq.
One Centre Plaza
1107 Charles Seivers Blvd.
Clinton, TN 37716
mikefarley@foxandfarleylaw.com

Kristie Anderson, Esq.
502 Main Street
Post Office Box 196
Jacksboro, TN 37757

**Counsel for Defendant, Joshua Monday:**
Dennis B. Francis, Esq., BPR #002152
625 S. Gay Street – Suite 625
Knoxville, TN 37902
dennisbrancis@yahoo.com

**Counsel for Defendant, Shayne Green:**

Darren F. Mitchell, Esq., BPR #020899
Dunaway Law Office
407 E. Central Avenue
Post Office Box 1760
Lafollette, TN 37766-1760
darrendlo@hotmail.com

**Counsel for Defendants, Campbell County, Tennessee, Charles Scott and Ron McClellan:**

John C. Duffy, Esq., BPR #010424
Post Office Box 11007
Knoxville, TN 37939-1007

Samuel Franklin, Defendant
c/o Blount County Jail
920 E. Lamar Alexander Parkway
Maryville, TN 37804

Gerald Webber, Defendant
c/o Blount County Jail
920 E. Lamar Alexander Parkway
Maryville, TN 37804

William Carroll, Defendant
c/o Blount County Jail
920 E. Lamar Alexander Parkway
Maryville, TN 37804

      s/Robert L. Bowman
      Robert L. Bowman (BPR # 017266)

      **KRAMER, RAYSON, LEAKE,
      RODGERS & MORGAN, LLP**
      P.O. Box 629
      Knoxville, TN 37901-0629
      Tel.: (865) 525-5134
      Fax: (865) 522-5723