FILED

'15u 15   3 39 PM '04

U.S. ···  ··· ·· COURT
EASTE··· ···.···. TENN.
BY _____ DEP. CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

GREGORY T. DRINNEN,
    Plaintiff, ·

v.

TIMOTHY HUTCHISON, et al.,
    Defendants.

)
)
)
)
)
)
)

No. 3:02-CV-726
(Phillips)

## MEMORANDUM AND ORDER

The parties have jointly moved to continue the trial of this case which is presently scheduled for February 17, 2004. In support of the motion, the parties state that plaintiff has filed a motion to amend the complaint in this cause, and that additional time for discovery is needed in order to respond to pending dispositive motions. Accordingly, for the good cause stated, the parties' joint motion to continue the trial of this case [Doc. 27] is GRANTED.

1.    The trial of this case is continued and shall commence on July 28, 2005.

2.    A final pretrial conference shall be held in this case on July 15, 2005 at 1:00 p.m.

3.    All other deadlines covered by the scheduling order previously entered in this case [Doc. 7] shall be adjusted in accordance with the new trial date.

EXHIBIT
A

Next, plaintiff has moved the court for an order allowing him to amend his complaint to add an additional allegation against defendant Timothy Hutchison seeking to impose liability on defendant Hutchison under his official bond pursuant to Tennessee Code Annotated § 8-8-103 [Doc. 25]. Defendants oppose the proposed amendment, arguing that the amendment is futile because there is no private cause of action under T.C.A. § 8-8-103 against defendant Hutchison on his official bond [Doc. 26].

Under Federal Rule of Civil Procedure 15(a), leave to amend a pleading shall be freely given "when justice so requires." Several factors should be considered in determining whether to grant a motion to amend.

> Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision.

*Wade v. Knoxville Utilities Board*, 259 F.3d 452, 459 (6th Cir. 2001) (quoting *Head v. Jellico Housing Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989). Because I conclude that there is no cause of action against Sheriff Hutchison under his bond, plaintiff's proposed amendment seeking to add a claim under T.C.A. § 8-8-103 fails to state a claim upon which relief may be granted and would be futile.

T.C.A. § 8-8-103 states:

> The sheriff, before entering on the duties of that office, shall enter into an official bond prepared in accordance with the provisions of Chapter 19 of this title, in a penalty of not less than Twenty-five Thousand Dollars ($25,000), or in a greater sum as the county legislative body may determine, <u>payable to</u>

2

> the state, and conditioned well and truly to execute and make
> due return of all process directed to the sheriff, and to pay all
> fees and sums of money received by the sheriff, or levied by
> virtue of any process, into the proper office of sheriff and
> perform its duties and functions during such person's
> continuance therein. This bond shall be acknowledged before
> the county legislative body, in open session, approved by it,
> recorded upon the minutes, and recorded in the offices of the
> county register of deeds and transmitted to the comptroller of
> the treasury for safekeeping.

T.C.A. § 8-8-103 (emphasis added). Nothing in § 8-8-103 or in §§ 8-19-301 and 8-19-302,

which set forth the obligations for official bonds, can be construed as authorizing a private

party to bring a separate cause of action against the sheriff on his official bond.

Moreover, this court has previously held that the official bond of a sheriff

creates no private cause of action against the sheriff. *Waters v. Bates*, 227 F.Supp. 462,

465-66 (E.D.Tenn. 1964). In *Waters*, the court rejected the plaintiff's argument that the

sheriff was liable under the bond for the deputy's actions when plaintiff was struck by a

vehicle driven by the deputy on routine patrol. In his decision, the Honorable Frank W.

Wilson, District Judge, stated:

> The plaintiff has placed considerable emphasis upon the
> sheriff's surety bond and the statutory definition of the
> obligations covered by the bond, as set forth in T.C.A. § [8-8-
> 103], as forming a basis for imputing to the sheriff and the
> surety the negligence of [his deputy]. However, it is clear that
> the official bond of a sheriff creates no new cause of action
> against him and that his official bond binds him no further than
> he would be liable without it . . . .

*Id.*

3

As there is no cause of action against Sheriff Hutchison under his bond, T.C.A. § 8-8-103 or other applicable law, plaintiff's proposed amendment falls to state a claim upon which relief may be granted. Accordingly, plaintiff's proposed amendment is futile and the motion for leave to amend [Doc. 25] is hereby **DENIED.**

IT IS SO ORDERED.

ENTER:

*Thomas W. Phillips*

**Thomas W. Phillips**
**UNITED STATES DISTRICT JUDGE**

4