IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

LESTER EUGENE SILER:
JENNY SILER;
DAKOTA SILER, a minor,
by and through next friend,
LESTER E. SILER and
JENNY SILER

        Plaintiffs

v.                                                           No. 3: 05-CV-341
                                                               Jury Trial Demanded

GERALD DAVID WEBBER,
in his individual capacity and
his official capacity as a Sheriff's Deputy with the Campbell
County Sheriff's Department;

SAMUEL REED FRANKLIN, in his individual
capacity and official capacity as a Sheriff's
Deputy with the Campbell County Sheriff's Department;

JOSHUA JAMES MONDAY, in his individual capacity
and his official capacity as a Sheriff's Deputy
with the Campbell County Sheriff's Department;

SHAYNE CHRISTOPHER GREEN, in his
individual capacity and his official capacity as a
Sheriff's Deputy with the Campbell County Sheriff's
Department;

WILLIAM CARROLL, in his individual capacity
and his official capacity as a Sheriff's Deputy
with the Campbell County Sheriff's Department;

CHARLES SCOTT, in his individual capacity and
his official capacity as a Sheriff's Deputy with the Campbell
County Sheriff's Department;

RON MCCLELLAN; in his individual capacity and
his official capacity as Sheriff of Campbell County,
Tennessee;

WESTERN SURETY INSURANCE COMPANY, a corporation
conducting business in Campbell County, Tennessee;

CAMPBELL COUNTY, TENNESSEE, a political subdivision
of the State of Tennessee,

        Defendants.

# ANSWER OF SHAYNE CHRISTOPHER GREEN

Comes the Defendant, Shayne Christopher Green, by and through counsel, Darren F. Mitchell, and for answer to the Complaint would say and show as follows:

## NATURE OF ACTION

1. The allegations of Paragraph 1 are neither admitted nor denied for lack of specific information.

## JURISDICTION

2. The allegations of Paragraph 2 are admitted.

## THE PARTIES

3. The allegations of Paragraph 3 are admitted.

4. The allegations of Paragraph 4 are neither admitted nor denied, as they are not applicable to the Defendant, Shayne Christopher Green.

5. The allegations of Paragraph 5 are admitted, with respect to Defendant, Shayne Christopher Green, with the exception that Defendant Green denies that he was a Sheriff's Deputy, but was, in fact, a Reserve Deputy and Process Server for the Campbell County Sheriff's Department.

6. The allegations of Paragraph 6 are neither admitted nor denied, as they are not applicable to the Defendant, Shayne Christopher Green.

7. The allegations of Paragraph 7 are neither admitted nor denied, as they are not applicable to the Defendant, Shayne Christopher Green.

8. The allegations of Paragraph 8 are admitted.

## FACTUAL ALLEGATIONS

9. The allegations of Paragraph 9 are admitted.

10. The allegations of Paragraph 10 are denied.

11. The allegations of Paragraph 11 are neither admitted nor denied, as they are not applicable to the Defendant, Shayne Christopher Green..

12. The allegations of Paragraph 12 with respect to Defendant, Shayne Christopher Green,

are denied.

13. The allegations of Paragraph 13 are denied.

14. The allegations of Paragraph 14 with respect to attaching a wire from a battery charger to the Plaintiff Lester Eugene Siler are admitted, but the remaining allegations of Paragraph 14 are denied.

15. The allegations of Paragraph 15 are neither admitted nor denied, as they are not applicable to the Defendant, Shayne Christopher Green.

16. The allegations of Paragraph 16, with respect to Defendant Shayne Christopher Green, are denied.

17. The allegations of Paragraph 17 are admitted except with respect to physical injuries suffered by Plaintiff Lester E. Siler, and strict proof of alleged injuries is demanded.

18. The allegations of Paragraph 18 are neither admitted nor denied, as they are not applicable to the Defendant, Shayne Christopher Green.

19. The allegations of Paragraph 19 are denied.

20. The allegations of Paragraph 20 are denied.

21. Defendant Green admits that Plaintiffs, Lester Eugene Siler and Jenny Siler, were arrested and transported to the Campbell County Jail. Defendant Green denies all other allegations of Paragraph 21 of the Complaint.

22. Defendant Green denies having sufficient knowledge or information sufficient to form a belief as to the allegations of Paragraph 22 of the Complaint.

23. Defendant Green denies having sufficient knowledge or information sufficient to form a belief as to the allegations of Paragraph 23 of the Complaint.

24. Defendant Green denies having sufficient knowledge or information sufficient to form a belief as to the allegations of Paragraph 24 of the Complaint.

25. Defendant Green denies having sufficient knowledge or information sufficient to form a belief as to the allegations of Paragraph 25 of the Complaint.

3

26. Defendant Green denies having sufficient knowledge or information sufficient to form a belief as to the allegations of Paragraph 26 of the Complaint.

27. Defendant Green denies having sufficient knowledge or information sufficient to form a belief as to the allegations of Paragraph 27 of the Complaint.

28. Defendant Green denies having sufficient knowledge or information sufficient to form a belief as to the allegations of Paragraph 28 of the Complaint.

29. Defendant Shayne Christopher Green admits to lying to the Tennessee Bureau of Investigation. All other allegations of Paragraph 29 are denied.

30. The allegations of Paragraph 30 are admitted.

31. The allegations of Paragraph 31 are admitted.

32. The allegations of Paragraph 32 are neither admitted nor denied, as they are not applicable to the Defendant, Shayne Christopher Green.

33. The allegations of Paragraph 33 are neither admitted nor denied, as they are not applicable to the Defendant, Shayne Christopher Green.

34. The allegations of Paragraph 34 are admitted.

35. The allegations of Paragraph 35 are neither admitted nor denied, as they are not applicable to the Defendant, Shayne Christopher Green.

36. The allegations of Paragraph 36 are neither admitted nor denied, as they are not applicable to the Defendant, Shayne Christopher Green.

37. The allegations of Paragraph 37 are neither admitted nor denied, as they are not applicable to the Defendant, Shayne Christopher Green.

38. The allegations of Paragraph 38 are admitted.

39. The allegations of Paragraph 39 are neither admitted nor denied, as they are not applicable to the Defendant, Shayne Christopher Green.

40. The allegations of Paragraph 40 are neither admitted nor denied, for lack of specific information.

41. The allegations of Paragraph 41 are neither admitted nor denied, for lack of specific information.

42. The allegations of Paragraph 42 are neither admitted nor denied, for lack of specific information.

43. The allegations of Paragraph 43 are neither admitted nor denied, for lack of specific information.

44. The allegations of Paragraph 44 are neither admitted nor denied, for lack of specific information.

### FIRST COUNT:
### ASSAULT AND BATTERY

45. Paragraph 45 requires no response.

46. The allegations of Paragraph 46 are denied with respect to Defendant Green.

47. Defendant Green denies that he caused any injury to Plaintiff Lester Eugene Siler.

48. Defendant Green admits the allegations of Paragraph 48 of the Complaint, in that he acted by virtue of and under color of his authority as a Campbell County Sheriff's Department Reserve Deputy and Process Server.

49. The allegations of Paragraph 49 are neither admitted nor denied, as they are not applicable to the Defendant, Shayne Christopher Green.

### SECOND COUNT:
### FALSE ARREST

50. Paragraph 50 requires no response.

51. Defendant Green denies each and every allegation of Paragraph 51 of the Complaint.

52. Defendant Green denies each and every allegation of Paragraph 52 of the Complaint, and strict proof is hereby demanded of any injuries sustained by Plaintiffs, Lester E. Siler and Jenny Siler.

53. Defendant Green admits the allegations of Paragraph 53 of the Complaint, in that he acted by virtue of and under color of his authority as a Campbell County Sheriff's Department

5

Reserve Deputy and Process Server.

54. The allegations of Paragraph 54 are neither admitted nor denied, as they are not applicable to the Defendant, Shayne Christopher Green.

## THIRD COUNT:
## FALSE IMPRISONMENT

55. Paragraph 55 requires no response.

56. Defendant Green denies each and every allegation of Paragraph 56 of the Complaint.

57. Defendant Green denies each and every allegation of Paragraph 57 of the Complaint.

58. Defendant Green denies each and every allegation of Paragraph 58 of the Complaint, and strict proof is hereby demanded of any injuries sustained by Plaintiffs, Lester E. Siler and Jenny Siler.

59. Defendant Green admits the allegations of Paragraph 59 of the Complaint, in that he acted by virtue of and under color of his authority as a Campbell County Sheriff's Department Reserve Deputy and Process Server.

60. The allegations of Paragraph 60 are neither admitted nor denied, as they are not applicable to the Defendant, Shayne Christopher Green.

## FOURTH COUNT:
## TRESPASS

61. Paragraph 61 requires no response.

62. Defendant Green denies each and every allegation of Paragraph 62 of the Complaint.

63. Defendant Green denies each and every allegation of Paragraph 63 of the Complaint, and strict proof is hereby demanded of any injuries sustained by Plaintiffs, Lester E. Siler, Jenny Siler, and Dakota Siler.

64. Defendant Green admits the allegations of Paragraph 64 of the Complaint, in that he acted by virtue of and under color of his authority as a Campbell County Sheriff's Department Reserve Deputy and Process Server.

65. The allegations of Paragraph 65 are neither admitted nor denied, as they are not

applicable to the Defendant, Shayne Christopher Green.

## FIFTH COUNT:
## ABUSE OF PROCESS

66. Paragraph 66 requires no response.

67. Defendant Green denies each and every allegation of Paragraph 67 of the Complaint.

68. Defendant Green denies each and every allegation of Paragraph 68 of the Complaint, and strict proof is hereby demanded of any injuries sustained by Plaintiffs, Lester E. Siler and Jenny Siler.

69. Defendant Green admits the allegations of Paragraph 69 of the Complaint, in that he acted by virtue of and under color of his authority as a Campbell County Sheriff's Department Reserve Deputy and Process Server.

70. The allegations of Paragraph 70 are neither admitted nor denied, as they are not applicable to the Defendant, Shayne Christopher Green.

## SIXTH COUNT:
## MALICIOUS PROSECUTION

71. Paragraph 71 requires no response.

72. Defendant Green denies each and every allegation of Paragraph 72 of the Complaint.

73. Defendant Green denies each and every allegation of Paragraph 73 of the Complaint, and strict proof is hereby demanded of any injuries sustained by Plaintiffs, Lester E. Siler and Jenny Siler.

74. Defendant Green admits the allegations of Paragraph 74 of the Complaint, in that he acted by virtue of and under color of his authority as a Campbell County Sheriff's Department Reserve Deputy and Process Server.

75. The allegations of Paragraph 75 are neither admitted nor denied, as they are not applicable to the Defendant, Shayne Christopher Green.

## SEVENTH COUNT:
## MALICIOUS HARASSMENT

76. Paragraph 76 requires no response.

77. Defendant Green denies each and every allegation of Paragraph 77 of the Complaint.

78. Defendant Green denies each and every allegation of Paragraph 78 of the Complaint.

79. Defendant Green denies each and every allegation of Paragraph 79 of the Complaint.

## EIGHTH COUNT:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

80. Paragraph 80 requires no response.

81. Defendant Green denies each and every allegation of Paragraph 81 of the Complaint, and strict proof is hereby demanded of any injuries sustained and/or any severe mental anguish suffered by Plaintiffs, Lester E. Siler, Jenny Siler, and Dakota Siler.

82. Defendant Green denies each and every allegation of Paragraph 82 of the Complaint.

83. The allegations of Paragraph 83 are denied with respect to Defendant, Shayne Christopher Green.

84. Defendant Green denies each and every allegation of Paragraph 84 of the Complaint, and strict proof is hereby demanded of any injuries sustained by Plaintiffs, Lester E. Siler, Jenny Siler, and Dakota Siler.

85. Defendant Green admits the allegations of Paragraph 85 of the Complaint, in that he acted by virtue of and under color of his authority as a Campbell County Sheriff's Department Reserve Deputy and Process Server.

86. The allegations of Paragraph 86 are neither admitted nor denied, as they are not applicable to the Defendant, Shayne Christopher Green.

## NINTH COUNT:
## VIOLATIONS OF TITLE 42 U.S.C. §§ 1983 and 1988

87. Paragraph 87 requires no response.

88. Defendant Green admits the allegations of Paragraph 88 of the Complaint, in that he acted by virtue of and under color of his authority as a Campbell County Sheriff's Department Reserve Deputy and Process Server.

89. Defendant Green denies each and every allegation of Paragraph 89 of the Complaint.

8

90. Defendant Green denies each and every allegation of Paragraph 90 of the Complaint.

91. Defendant Green denies each and every allegation of Paragraph 91 of the Complaint.

92. The allegations of Paragraph 92 are neither admitted nor denied, as they are not applicable to the Defendant, Shayne Christopher Green.

## TENTH COUNT:
## VIOLATION OF RIGHTS GUARANTEED BY THE TENNESSEE CONSTITUTION

93. Paragraph 93 requires no response.

94. Defendant Green admits the allegations of Paragraph 94 of the Complaint, in that he acted by virtue of and under color of his authority as a Campbell County Sheriff's Department Reserve Deputy and Process Server.

95. Defendant Green denies each and every allegation of Paragraph 95 of the Complaint.

96. Defendant Green denies each and every allegation of Paragraph 96 of the Complaint.

97. Defendant Green denies each and every allegation of Paragraph 97 of the Complaint.

98. The allegations of Paragraph 98 are neither admitted nor denied, as they are not applicable to the Defendant, Shayne Christopher Green.

## ELEVENTH COUNT:
## DEFENDANT MCCLELLAN'S FAILURE AND NEGLECT TO PERFORM HIS DUTIES AS SHERIFF

99. Paragraph 99 requires no response.

100. The allegations of Paragraph 100 are neither admitted nor denied, as they are not applicable to the Defendant, Shayne Christopher Green.

101. The allegations of Paragraph 101 are neither admitted nor denied, as they are not applicable to the Defendant, Shayne Christopher Green.

100[1]. The allegations of Paragraph 100 are neither admitted nor denied, as they are not applicable to the Defendant, Shayne Christopher Green.

---

[1]In their Complaint the Plaintiffs misnumbered this paragraph and all subsequent paragraphs as paragraphs 100 - 132. The paragraph numbering in this Answer will follow the Plaintiffs' Complaint's paragraph numbering to avoid confusion.

9

101. The allegations of Paragraph 101 are neither admitted nor denied, as they are not applicable to the Defendant, Shayne Christopher Green.

102. The allegations of Paragraph 102 are neither admitted nor denied, as they are not applicable to the Defendant, Shayne Christopher Green.

**DEFENDANT SCOTT'S FAILURE AND NEGLECT TO PERFORM HIS DUTIES AS CHIEF DEPUTY SHERIFF**

103. Paragraph 103 requires no response.

104. The allegations of Paragraph 104 are neither admitted nor denied, as they are not applicable to the Defendant, Shayne Christopher Green.

105. The allegations of Paragraph 105 are neither admitted nor denied, as they are not applicable to the Defendant, Shayne Christopher Green.

106. The allegations of Paragraph 106 are neither admitted nor denied , as they are not applicable to the Defendant, Shayne Christopher Green.

107. The allegations of Paragraph 107 are neither admitted nor denied , as they are not applicable to the Defendant, Shayne Christopher Green.

108. The allegations of Paragraph 108 are neither admitted nor denied , as they are not applicable to the Defendant, Shayne Christopher Green.

**TWELFTH COUNT:
DEFENDANTS WEBBER, FRANKLIN, MONDAY, GREEN, AND CARROLL'S FAILURE AND NEGLECT TO PERFORM THEIR DUTIES AS DEPUTY SHERIFFS**

109. Paragraph 109 requires no response.

110. The allegations of Paragraph 110 are admitted.

111. Defendant Green denies each and every allegation of Paragraph 111 of the Complaint.

112  Defendant Green denies each and every allegation of Paragraph 112 of the Complaint.

**THIRTEENTH COUNT:
LIABILITY ON SHERIFF"S OFFICIAL BOND**

113. Paragraph 113 requires no response.

114. The allegations of Paragraph 114 are neither admitted nor denied, as they are not

applicable to the Defendant, Shayne Christopher Green.

## FOURTEENTH COUNT:
## LIABILITY ON DEPUTY SHERIFFS' OFFICIAL BONDS

115. Paragraph 115 requires no response.

116. Defendant Green denies each and every allegation of Paragraph 116 of the Complaint.

## FIFTEENTH COUNT:
## LIABILITY OF WESTERN SURETY INSURANCE COMPANY UNDER DEFENDANT MCCLELLAN'S BOND

117. Paragraph 117 requires no response.

118. Paragraph 118 requires no response from Defendant Green.

## SIXTEENTH COUNT:
## LIABILITY OF WESTERN SURETY INSURANCE COMPANY UNDER DEFENDANT SCOTT'S BOND

119 Paragraph 119 requires no response.

120. Paragraph 120 requires no response from Defendant Green.

## SEVENTEENTH COUNT:
## LIABILITY OF WESTERN SURETY INSURANCE COMPANY UNDER DEFENDANTS WEBBER, FRANKLIN, MONDAY, Green, AND CARROLL'S BONDS

121. Paragraph 121 requires no response.

122. The allegations of Paragraph 122 are neither admitted nor denied, as they are not applicable to the Defendant, Shayne Christopher Green.

## EIGHTEENTH COUNT:
## LIABILITY OF CAMPBELL COUNTY PURSUANT TO T.C.A. § 8-8-302

123. Paragraph 123 requires no response.

124. The allegations of Paragraph 124 are neither admitted nor denied, as they are not applicable to the Defendant, Shayne Christopher Green.

125. The allegations of Paragraph 125 are neither admitted nor denied, as they are not applicable to the Defendant, Shayne Christopher Green.

126. The allegations of Paragraph 126 are neither admitted nor denied, as they are not applicable to the Defendant, Shayne Christopher Green.

## NINETEENTH COUNT:
## LIABILITY OF CAMPBELL COUNTY OF THE GOVERNMENTAL TORT LIABILITY ACT

127. Paragraph 127 requires no response.

128. The allegations of Paragraph 128 are neither admitted nor denied, as they are not applicable to the Defendant, Shayne Christopher Green.

129. The allegations of Paragraph 129 are neither admitted nor denied, as they are not applicable to the Defendant, Shayne Christopher Green.

130. The allegations of Paragraph 130 are neither admitted nor denied, as they are not applicable to the Defendant, Shayne Christopher Green.

131. The allegations of Paragraph 131 are neither admitted nor denied, as they are not applicable to the Defendant, Shayne Christopher Green.

## DAMAGES

132. The allegations of Paragraph 132 are denied, and strict proof is hereby demanded of any injury, expense, emotional distress, severe mental anguish, loss of liberty, or any other injury claimed by Plaintiffs.

Any and all other allegations of the Complaint not heretofore specifically denied, are now hereby generally denied.

WHEREFORE, HAVING FULLY ANSWERED, Defendant Shayne Christopher Green prays:

1. That the Court enter judgment dismissing the Complaint.

2. That Defendant Shayne Christopher Green be awarded costs incurred, including reasonable attorney fees.

3. That a jury be impaneled to try this case.

4. That Defendant Shayne Christopher Green be awarded such other, further and general relief as the Court may deem just.

Respectfully submitted this 22$^{\text{d}}$ of December, 2005.

                                          SHAYNE CHRISTOPHER GREEN

BY:   s/Darren F. Mitchell
Darren F. Mitchell
Attorney for Shayne Christopher Green
BPR # 020899
DUNAWAY LAW OFFICES
407 E. Central Avenue
P.O. Box 1760
LaFollette, TN 37766-1760

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2005, a true and exact copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular United States Mail. Parties may access this filing through the Court's electronic filing system.

Kristie Anderson
Attorney for Plaintiffs
502 Main Street
P. O. Box 196
Jacksboro, TN 37757

Michael S. Farley
Attorney for Plaintiffs
One Center Plaza
1107 North Charles G. Seivers Blvd
Clinton, TN 37716
mikefarley@foxandfarleylaw.com

Dennis B. Francis
Attorney for Joshua Monday
625 S. Gay Street
Suite 625
Knoxville, TN 37902
dennisbfrancis@Yahoo.com

John C. Duffy
Attorney for Defendants:
Campbell County; Charles Scott; and Ron McClellan
P. O. Box 11007
Knoxville, TN 37939– 1007
johncduffy@bellsouth.net

Samuel Franklin, Defendant
Register Number 31302-074
FCI Manchester

13

Federal Correctional Institution
P.O. Box 4000
Manchester, KY 40962

Gerald David Webber, Defendant
Register Number 31300-074
FMC Lexington
Federal Medical Center
P.O. Box 14500
Lexington, KY 40512

William Carroll, Defendant
Register Number 31344-074
FCI Ashland
Federal Correctional Institution
P.O. Box 6001
Ashland, KY 41105

                s/Darren F. Mitchell
                Darren F. Mitchell
                Attorney for Shayne Christopher Green

DUNAWAY LAW OFFICES
407 East Central Avenue
P.O. Box 1760
LaFollette, Tennessee 37766
LaFollette: (423) 562-0836
Knoxville: (865) 523-8145