IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| LESTER EUGENE SILER; ) | |
| JENNY SILER; ) | |
| DAKOTA SILER, a minor, ) | |
| by and through next friend, ) | |
| LESTER E. SILER and ) | |
| JENNY SILER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 3:05-CV-341 |
| vs. ) | |
| ) | |
| WILLIAM CARROLL, ) | |
| ) | |
| Defendant. ) | |

## ANSWER OF WILLIAM CARROLL

Comes the Defendant, William Carroll, by and through counsel, David A. Winchester, and for his Answer to the Complaint filed herein, would state as follows:

1. The contents of Paragraph 1 are neither admitted nor denied, said paragraph contains no allegations.

2. The allegations of Paragraph 2 are admitted.

3. The allegations of Paragraph 3 are admitted.

4. The allegations of Paragraph 4 are neither admitted nor denied, as they are not applicable to the Defendant, William Carroll.

5. The allegations of Paragraph 5 are admitted with respect to Defendant, William Carroll, with the exception that Defendant Carroll denies that he was a Sheriff's Deputy, but was a Reserve Deputy and Process Server for the Campbell County Sheriff's Department.

6. The allegations of Paragraph 6 are neither admitted nor denied as they are not applicable to the Defendant, William Carroll.

7. The allegations of Paragraph 7 are neither admitted nor denied as they are not applicable to the Defendant, William Carroll.

8. The allegations of Paragraph 8 are admitted.

9. The allegations of Paragraph 9 are admitted.

10. The allegations of Paragraph 10 are denied.

11. The allegations of Paragraph 11 are neither admitted nor denied, as they are not applicable to the Defendant, William Carroll.

12. The allegations of Paragraph 12 are denied with respect to Defendant, William Carroll.

13. The allegations of Paragraph 13 are denied.

14. The allegations of Paragraph 14 are denied with respect to Defendant, William Carroll.

15. The allegations of Paragraph 15 are neither admitted nor denied, as they are not applicable to the Defendant, William Carroll.

16. The allegations of Paragraph 16 are denied with respect to Defendant, William Carroll.

17. With respect to Paragraph 17, the Defendant, William Carroll, would state that he was not in a position to intervene when other Defendants allegedly took the actions as stated in said paragraph. The allegation that Plaintiff, Lester E. Siler, suffered bodily injury is denied.

18. The allegations of Paragraph 18 are neither admitted nor denied, as they are not applicable to Defendant, William Carroll.

19. The allegations of Paragraph 19 are denied.

20. The allegations of Paragraph 20 are denied.

21. Defendant, William Carroll, admits that the Plaintiffs, Lester Eugene Siler and Jenny

Siler, were arrested and transported to the Campbell County Jail. Defendant Carroll denies all other allegations in Paragraph 21 of the Complaint.

22. Defendant Carroll is without sufficient information to admit or deny the allegations contained in Paragraph 22.

23. Defendant Carroll is without sufficient information to admit or deny the allegations contained in Paragraph 23.

24. Defendant Carroll is without sufficient information to admit or deny the allegations contained in Paragraph 24.

25. Defendant Carroll is without sufficient information to admit or deny the allegations contained in Paragraph 25.

26. Defendant Carroll is without sufficient information to admit or deny the allegations contained in Paragraph 26.

27. Defendant Carroll is without sufficient information to admit or deny the allegations contained in Paragraph 27.

28. Defendant Carroll is without sufficient information to admit or deny the allegations contained in Paragraph 28.

29. Defendant Carroll admits to lying to the Tennessee Bureau of Investigation. All other allegations of Paragraph 29 are denied.

30. The allegations of Paragraph 30 are admitted.

31. The allegations of Paragraph 31 are admitted.

32. The allegations of Paragraph 32 are neither admitted nor denied, as they are not applicable to the Defendant, William Carroll.

33. The allegations of Paragraph 33 are neither admitted nor denied, as they are not

applicable to the Defendant, William Carroll.

34. The allegations of Paragraph 34 are admitted.

35. The allegations of Paragraph 35 are neither admitted nor denied, as they are not applicable to the Defendant, William Carroll.

36. The allegations of Paragraph 36 are neither admitted nor denied, as they are not applicable to the Defendant, William Carroll.

37. The allegations of Paragraph 37 are neither admitted nor denied, as they are not applicable to the Defendant, William Carroll.

38. The allegations of Paragraph 38 are neither admitted nor denied, as they are not applicable to the Defendant, William Carroll.

39. The allegations of Paragraph 39 are admitted.

40. Defendant Carroll is without sufficient information to admit or deny the allegations contained in Paragraph 40.

41. Defendant Carroll is without sufficient information to admit or deny the allegations contained in Paragraph 41.

42. Defendant Carroll is without sufficient information to admit or deny the allegations contained in Paragraph 42.

43. Defendant Carroll is without sufficient information to admit or deny the allegations contained in Paragraph 43.

44. Defendant Carroll is without sufficient information to admit or deny the allegations contained in Paragraph 44.

45. The contents of Paragraph 45 can neither be admitted nor denied, as it contains no allegations.

46. The allegations of Paragraph 46 are denied with respect to Defendant, William Carroll.

47. Defendant Carroll denies that he caused any injury to Plaintiff, Lester Eugene Carroll.

48. Defendant Carroll admits the allegations of Paragraph 48 of the Complaint, in that he acted by virtue of and under color of his authority as a Campbell County Sheriff's Department Reserve Deputy and Process Server.

49. The allegations of Paragraph 49 are neither admitted nor denied, as they are not applicable to the Defendant, William Carroll.

50. The contents of Paragraph 50 can neither be admitted nor denied, as it contains no allegations.

51. The allegations of Paragraph 51 are denied.

52. The allegations of Paragraph 52 are denied, and strict proof is hereby demanded of any injuries sustained by Plaintiffs.

53. Defendant Carroll admits the allegations of Paragraph 53 of the Complaint, in that he acted by virtue of and under color of his authority as a Campbell County Sheriff's Department Reserve Deputy and Process Server.

54. The allegations of Paragraph 54 are neither admitted nor denied, as they are not applicable to the Defendant, William Carroll.

55. The contents of Paragraph 55 can neither be admitted nor denied, as it contains no allegations.

56. The allegations of Paragraph 56 are denied.

57. The allegations of Paragraph 57 are denied.

58. The allegations of Paragraph 58 are denied, and strict proof is hereby demanded of any injuries sustained by Plaintiffs.

59. Defendant Carroll admits the allegations of Paragraph 59 of the Complaint, in that he acted by virtue of and under color of his authority as a Campbell County Sheriff's Department Reserve Deputy and Process Server.

60. The allegations of Paragraph 60 are neither admitted nor denied, as they are not applicable to the Defendant, William Carroll.

61. The contents of Paragraph 61 can neither be admitted nor denied, as it contains no allegations.

62. The allegations of Paragraph 62 are denied.

63. The allegations of Paragraph 63 are denied, and strict proof is hereby demanded of any injuries sustained by Plaintiffs.

64. Defendant Carroll admits the allegations of Paragraph 64 of the Complaint, in that he acted by virtue of and under color of his authority as a Campbell County Sheriff's Department Reserve Deputy and Process Server.

65. The allegations of Paragraph 65 are neither admitted nor denied, as they are not applicable to the Defendant, William Carroll.

66. The contents of Paragraph 66 can neither be admitted nor denied, as it contains no allegations.

67. The allegations of Paragraph 67 are denied.

68. The allegations of Paragraph 68 are denied, and strict proof is hereby demanded of any injuries sustained by Plaintiffs.

69. Defendant Carroll admits the allegations of Paragraph 69 of the Complaint, in that he acted by virtue of and under color of his authority as a Campbell County Sheriff's Department Reserve Deputy and Process Server.

70. The allegations of Paragraph 70 are neither admitted nor denied, as they are not applicable to the Defendant, William Carroll.

71. The contents of Paragraph 70 can neither be admitted nor denied, as it contains no allegations.

72. The allegations of Paragraph 71 are denied.

73. The allegations of Paragraph 70 are denied, and strict proof is hereby demanded of any injuries sustained by Plaintiffs.

74. Defendant Carroll admits the allegations of Paragraph 70 of the Complaint, in that he acted by virtue of and under color of his authority as a Campbell County Sheriff's Department Reserve Deputy and Process Server.

75. The allegations of Paragraph 75 are neither admitted nor denied, as they are not applicable to the Defendant, William Carroll.

76. The contents of Paragraph 76 can neither be admitted nor denied, as it contains no allegations.

77. The allegations contained in Paragraph 77 are denied.

78. The allegations contained in Paragraph 78 are denied.

79. The allegations contained in Paragraph 79 are denied.

80. The contents of Paragraph 80 can neither be admitted nor denied, as it contains no allegations.

81. The allegations of Paragraph 81 are denied, and strict proof is hereby demanded of any injuries sustained and/or severe mental anguish suffered by Plaintiffs.

82. The allegations contained in Paragraph 82 are denied.

83. The allegations contained in Paragraph 83 are denied with respect to Defendant Carroll.

84. The allegations contained in Paragraph 84 are denied, and strict proof is hereby demanded of any injuries sustained by Plaintiffs.

85. Defendant Carroll admits the allegations of Paragraph 85 of the Complaint, in that he acted by virtue of and under color of his authority as a Campbell County Sheriff's Department Reserve Deputy and Process Server.

86. The allegations of Paragraph 86 are neither admitted nor denied, as they are not applicable to the Defendant, William Carroll.

87. The contents of Paragraph 87 can neither be admitted nor denied, as it contains no allegations.

88. Defendant Carroll admits the allegations of Paragraph 88 of the Complaint, in that he acted by virtue of and under color of his authority as a Campbell County Sheriff's Department Reserve Deputy and Process Server.

89. The allegations in Paragraph 89 are denied.

90. The allegations in Paragraph 90 are denied.

91. The allegations in Paragraph 91 are denied.

92. The allegations of Paragraph 92 are neither admitted nor denied, as they are not applicable to the Defendant, William Carroll.

93. The contents of Paragraph 93 can neither be admitted nor denied, as it contains no allegations.

94. Defendant Carroll admits the allegations of Paragraph 94 of the Complaint, in that he acted by virtue of and under color of his authority as a Campbell County Sheriff's Department Reserve Deputy and Process Server.

95. The allegations in Paragraph 95 are denied.

96. The allegations in Paragraph 96 are denied.

97. The allegation Paragraph 97 are denied.

98. The allegations of Paragraph 98 are neither admitted nor denied, as they are not applicable to the Defendant, William Carroll.

99. The contents of Paragraph 99 can neither be admitted nor denied, as it contains no allegations.

100. The allegations of Paragraph 100 are neither admitted nor denied, as they are not applicable to the Defendant, William Carroll.

101. The allegations of Paragraph 101 are neither admitted nor denied, as they are not applicable to the Defendant, William Carroll.

102. The allegations of Paragraph 102 are neither admitted nor denied, as they are not applicable to the Defendant, William Carroll.

103. The contents of Paragraph 103 can neither be admitted nor denied, as it contains no allegations.

104. The allegations of Paragraph 104 are neither admitted nor denied, as they are not applicable to the Defendant, William Carroll.

105. The allegations of Paragraph 105 are neither admitted nor denied, as they are not applicable to the Defendant, William Carroll.

106. The allegations of Paragraph 106 are neither admitted nor denied, as they are not applicable to the Defendant, William Carroll.

107. The allegations of Paragraph 107 are neither admitted nor denied, as they are not applicable to the Defendant, William Carroll.

108. The allegations of Paragraph 108 are neither admitted nor denied, as they are not

applicable to the Defendant, William Carroll.

109. The contents of Paragraph 109 can neither be admitted nor denied, as it contains no allegations.

110. Defendant Carroll admits the allegations of Paragraph 110 of the Complaint, in that he had a duty to faithfully carry out his duties as a Campbell County Sheriff's Department Reserve Deputy and Process Server.

111. The allegations of Paragraph 111 are denied.

112. The allegations of Paragraph 112 are denied.

113. The contents of Paragraph 113 can neither be admitted nor denied, as it contains no allegations.

114. The allegations of Paragraph 114 are neither admitted nor denied, as they are not applicable to the Defendant, William Carroll.

115. The contents of Paragraph 115 can neither be admitted nor denied, as it contains no allegations.

116. The allegations of Paragraph 116 are denied.

117. The contents of Paragraph 117 can neither be admitted nor denied, as it contains no allegations.

118. The allegations of Paragraph 118 are neither admitted nor denied, as they are not applicable to the Defendant, William Carroll.

119. The contents of Paragraph 119 can neither be admitted nor denied, as it contains no allegations.

120. The allegations of Paragraph 120 are neither admitted nor denied, as they are not applicable to the Defendant, William Carroll.

121. The contents of Paragraph 121 can neither be admitted nor denied, as it contains no allegations.

122. The allegations of Paragraph 122 are neither admitted nor denied, as they are not applicable to the Defendant, William Carroll.

123. The contents of Paragraph 123 can neither be admitted nor denied, as it contains no allegations.

124. The allegations of Paragraph 124 are neither admitted nor denied, as they are not applicable to the Defendant, William Carroll.

125. The allegations of Paragraph 125 are neither admitted nor denied, as they are not applicable to the Defendant, William Carroll.

126. The allegations of Paragraph 126 are neither admitted nor denied, as they are not applicable to the Defendant, William Carroll.

127. The contents of Paragraph 127 can neither be admitted nor denied, as it contains no allegations.

128. The allegations of Paragraph 128 are neither admitted nor denied, as they are not applicable to the Defendant, William Carroll.

129. The allegations of Paragraph 129 are neither admitted nor denied, as they are not applicable to the Defendant, William Carroll.

130. The allegations of Paragraph 130 are neither admitted nor denied, as they are not applicable to the Defendant, William Carroll.

131. The allegations of Paragraph 131 are neither admitted nor denied, as they are not applicable to the Defendant, William Carroll.

132. The allegations of Paragraph 132 are denied, and strict proof is hereby demanded of

any injury, expense, emotional distress, severe mental anguish, loss of liberty, or any other injury claims by Plaintiffs.

Any and all other allegations of the Complaint not heretofore specifically denied, are now hereby generally denied.

WHEREFORE, having fully answered, Defendant, William Carroll, prays as follows:

1. That the Court enter judgment dismissing the Complaint.

2. That the Defendant, William Carroll, be awarded costs incurred, including reasonable attorney's fees.

3. That a jury be empaneled to hear this cause.

4. That Defendant, William Carroll, be awarded such other, further and general relief to which he appears entitled.

Respectfully submitted this 3rd day of April, 2006.

                              WILLIAM CARROLL

                              BY:s/David A. Winchester
                              David A. Winchester, BPR #015126
                              Attorney for Defendant, William Carroll
                              P. O. Box 1733
                              1915 Old Jacksboro Hwy.
                              LaFollette, TN 37766
                              (423) 562-4746

Certificate of Service

I hereby certify that on this 3rd day of April, 2006, a true and correct copy of the foregoing Answer was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular mail. Parties may access this filing through the Court's electronic filing system.

    Kristie Anderson
    Attorney for Plaintiffs
    502 Main Street
    P. O. Box 196
    Jacksboro, TN 37757

    Michael S. Farley
    Attorney for Plaintiffs
    One Center Plaza
    1107 North Charles G. Seivers Blvd.
    Clinton, TN 37716
    mikefarley@foxandfarleylaw.com

    Dennis B. Francis
    Attorney for Joshua Monday
    625 S. Gay Street
    Suite 625
    Knoxville, TN 37902
    dennisbfrancis@Yahoo.com

    John C. Duffy
    Attorney for Defendants:
    Campbell County; Charles Scott; and Ron McClellan
    P. O. Box 1107
    Knoxville, TN 37939
    Johncduffy@bellsouth.net

    Samuel Franklin, Defendant
    Register Number 31302-074
    FCI Manchester
    Federal Correctional Institution
    P. O. Box 4000
    Manchester, KY 40962

Gerald David Webber, Defendant
Register Number 31300-074
FMC Lexington
Federal Medical Center
P. O. Box 14500
Lexington, KY 40512

Darren F. Mitchell
Attorney for Shayne Christopher Green
407 E. Central Avenue
P. O. Box 1760
LaFollette, TN 37766

                                                s/David A. Winchester
                                                David A. Winchester
                                                Attorney for William Carroll