**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| **LESTER EUGENE SILER, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:05-cv-341** |
| | ) | **Jarvis/Guyton** |
| **GERALD DAVID WEBBER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MOTION FOR SUMMARY JUDGMENT**

Come Defendants, Charles Scott (Scott) and Ron McClellan (McClellan), individually, and Campbell County, Tennessee (and Scott and McClellan in their official capacities), and respectfully move the Court, pursuant to Fed. R. of Civ. P. 56, for summary judgment on grounds no genuine issue of material fact exists regarding Plaintiffs' claims asserted these particular Defendants, and these Defendants are entitled to judgment as a matter of law, on the following grounds:[1]

1. Scott and McClellan, individually, should be dismissed based on Governmental Tort Liability Act (GTLA) statutory immunity, T.C.A. § 29-20-310(b), because Plaintiffs' Complaint asserts only state law negligence counts against Defendants Scott and McClellan, and, assuming *arguendo*, Plaintiffs could prove negligence of an employee in the training or

[1]Defendants' Motion presupposes that the Court chooses to exercise its discretion under 28 U.S.C. § 1367(c) to hear Plaintiffs' purely state law claims asserted against these Defendants. In the alternative, should the Court decline to so exercise its discretion, the Court should dismiss Defendants Scott McClellan and Campbell County without prejudice because Plaintiffs' Complaint asserts state law claims only against these Defendants. Plaintiffs have pending in state court a companion suit against all Defendants asserting state law claims only. *Lester Eugene Siler, et al. v. David Webber, et al.*, Campbell County Circuit No. 12,792.

supervision of the five Deputies who directly inflicted Plaintiffs' alleged harm, the immunity of Campbell County for such negligence would be waived under the GTLA, which renders the County's employees immune from suit;

2. McClellan, individually as Sheriff, cannot be held liable on the only claims asserted against him (negligence), under T.C.A. § 8-8-301 (liability for wrongs of deputies — Limitation);

3. Scott and McClellan have immunity under Tennessee common law to Plaintiffs' claims asserted against them. *Youngblood v. Clepper*, 856 S.W.2d 405, 407-08 (Tenn. Ct. App. 1993).

4. Plaintiffs' claims in Counts XIII and XIV, asserting the liability of Scott and McClellan on their bonds, should be dismissed as such liability, if it ever exists, will only be ripe for adjudication if and when Plaintiffs recover an underlying judgment;

5. Campbell County is entitled to summary judgment because Plaintiffs can produce no admissible, probative evidence of negligence by a County employee, or that such negligence proximately caused Plaintiffs' alleged harm directly inflicted by the five Deputies/Defendants;

6. Plaintiffs' assertion against the County of liability under T.C.A. § 8-8-302 is not an independent, substantive claim or cause of action for which Plaintiffs may bring suit against Campbell County; Plaintiffs must first be awarded a judgment against an employee; and

7. If and to the extent Plaintiffs' Complaint were construed to assert § 1983 claims against Scott, McClellan or Campbell County, these Defendants are entitled to summary judgment because:

a. Plaintiffs cannot introduce admissible, probative evidence of supervisory § 1983 liability of McCllelan as Sheriff and Scott as Chief Deputy;

b. Scott and McClellan, individually, would have qualified immunity to any such federal claims by Plaintiffs because a reasonable chief deputy and sheriff, respectively, could have believed that their manner of supervision of the Campbell County Sheriff's Department lawful in July 2004;

c. Plaintiffs can introduce no admissible, probative evidence of direct responsibility and/or proximate causation between any alleged act or omission of Scott or McClellan and Plaintiffs' alleged injuries;

d. No policy or custom of Campbell County was the moving force behind, or proximate cause, of any alleged violation of the Silers' constitutional rights;

e. All these Defendants are entitled to summary judgment on certain of Plaintiffs' underlying substantive claims:

i. Plaintiffs' claim under the Fifth Amendment of "punishment without due process" fails to state a claim upon which relief can be granted because under *Graham v. Connor,* 490 U.S. 386, 395 (1989), Plaintiffs' claims are governed by Fourth not Fifth Amendment standards;

ii. The Eight Amendment is inapplicable to conduct towards an arrestee;

iii. Count X of Plaintiffs' Complaint, asserting claims under the Tennessee Constitution, fails to state a claim upon which relief can be granted because their exists no private right of action under Tennessee law for alleged violations of the Tennessee Constitution..

For each and all of the foregoing reasons, Defendants Scott, McClellan and Campbell County respectfully submit they are entitled to dismissal from this case on summary judgment.

Respectfully submitted this the 23rd day of , 2007.

**CHARLES SCOTT, RON McCLELLAN AND CAMPBELL COUNTY**

BY: s/John C. Duffy
John C. Duffy, BPR# 010424
P.O. Box 11007
Knoxville, TN 37939-1007
(865) 766-0994

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing has been filed electronically. Notice of this filing will be sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Dated this 23rd day of May, 2007.

/s/John C. Duffy