IN THE CRIMINAL COURT FOR Campbell COUNTY, TENNESSEE

STATE OF TENNESSEE

VS. DOCKET NO. 7866

Paul Brian Sammons

FILED 92 JUN 30 PM 3:36 BRENDA S. DOSHEAR, CLERK BY [signature]

# WAIVER OF TRIAL BY JURY AND REQUEST FOR ACCEPTANCE OF PLEA OF GUILTY

1. I certify the following is true & correct: Name Paul Brian Sammons
Date of Birth: 8/13/68 Race: W Sex: M Social Security # 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

2. I understand that during the guilty plea inquiry, the Court will ask me under oath whether I have read or had read to me the contents of this document and whether or not the contents are true and accurate.

3. I understand that I have the right to have the assistance of counsel at all stages of the proceedings and that if I am indigent and cannot afford one, the Court would appoint an attorney to represent me. I understand that one of the advantages of being represented by an attorney is the effective preservation of my right to appeal.

4. ✓ My attorney(s) in this case who (was) ~~(were)~~ ✓ appointed ___ retained to represent me (is) ~~(are)~~
Kathy Parrott - A.P.D.

~~___ WAIVER OF COUNSEL Understanding that I am charged in the indictment with the offense(s) listed below which involve(s) a possible deprivation of liberty and understanding my rights to counsel as set forth in paragraph 3, I hereby voluntarily and knowingly and without force and coercion or promises of any kind, waive my right to counsel. I acknowledge that I have been given sufficient opportunity to retain counsel, and I do not wish to request court-appointed counsel. The remainder of this waiver is true and accurate expect for the references to an attorney. Acknowledgement of waiver of counsel:~~

5. I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in this indictment, and I believe that my attorney is fully informed as to all such matters. I believe that my attorney has sufficiently investigated the facts of my case in order to properly advise me whether or not I should plead guilty in this case. I am certain that he would be prepared to go to trial if I chose to plead not guilty. My attorney has informed me as to any and all possible defenses I might have in this case and has advised me of any lesser included offenses to which I may be subject. I am completely satisfied with the legal advise and representation provided to me by my attorney in this case, and I have no complaints to make to the Court concerning his representation.

6. My attorney has discussed with me the possible punishments if I am found guilty of the charges contained in the indictment. My understanding of the charges and the applicable minimum and maximum punishments are shown below. I further understand (applicable paragraph marked):

✓ that the State has not filed a notice of intention to seek enhanced punishment and I would be sentenced as a Range I Offender if I chose to plead not guilty but was convicted after a trial. I understand that I would be required as a Range I, standard offender to serve 30% of the sentence before I would be eligible for parole. I understand that if I had no prior felony convictions and the Court found from the evidence mitigating factors but no enhancement factors the Court could sentence me as an especially mitigated offender and either sentence me to a sentence which is 10% less than the minimum sentence in the offense class or permit me to serve only 20% of the sentence imposed before I would be eligible for parole or order the above reduction in both the sentence and the parole eligibility. (However, based on advice of counsel, the facts of the case, and the plea agreement, I do not request consideration as an especially mitigated offender.)

____ that the State (has filed a notice of intention to seek enhanced punishment) (could file a notice of intention to seek enhanced punishment, which filing I hereby waive as I am aware of my past felony convictions). I understand that if I plead not guilty but was convicted after a trial that I could be found by the Court to be:

____ a multiple offender and sentenced to serve a Range II sentence for which I would not be eligible for parole until I had served 35% of the sentence.

____ a persistent offender and sentenced to serve a Range III sentence for which I would not be eligible for parole until I had served 45% of the sentence.

____ a career offender and sentenced to serve the maximum sentence for which I would not be eligible for parole until I had served 60% of the sentence.

I, Bobby W. Vann, Circuit Court Clerk of Campbell County, Tennessee, do certify that the foregoing is a true and perfect copy as appears of record in my office at Jacksboro Book No. ___ Page ___. This the 9 day of November 2007. [signature] Circuit Court Clerk BOBBY W. VANN D.C.

RANGE OF PUNISHMENTS OF CHARGED OFFENSES

| COUNT | OFFENSE | OFFENSE CLASS |
|---|---|---|
| V | Aggravated Burglary | C |
| XII | Theft of Property over $1000 | D |

____ TABLE OF FELONY PUNISHMENTS (Numbers reflect years of service)

| CLASS | MAXIMUM/MAXIMUM PUNISHMENT FOR CLASS | STANDARD (RANGE I) | MULTIPLE (RANGE II) | PERSISTENT (RANGE III) | CAREER | FINE | DRUG OFFENSE FINES |
|---|---|---|---|---|---|---|---|
| A | 15-60 | 15-25 | 25-40 | 40-60 | 60 | $50,000 | $500,000 |
| B | 8-30 | 8-12 | 12-20 | 20-30 | 30 | $25,000 | $100,000* |
| → C | 3-15 | 3-6 | 6-10 | 10-15 | 15 | $10,000 | $100,000 |
| → D | 2-12 | 2-4 | 4-8 | 8-12 | 12 | $5,000 | $50,000 |
| E | 1-6 | 1-2 | 2-4 | 4-6 | 6 | $3,000 | $5,000 |

*Fines of up to $200,000 may be imposed if the amount of controlled substances involved are equal to or greater than the amounts set forth in Tennessee Code Annotated Section 39-17-417(i).

____ TABLE OF MISDEMEANOR PUNISHMENTS

| MISDEMEANOR CLASS | MAXIMUM JAIL SENTENCE | MAXIMUM FINE |
|---|---|---|
| A* | 11 months/29 days* | $2500* |
| B | 6 months | $500 |
| C | 30 days | $50 |

*A conviction for D.U.I. (which is a Class A misdemeanor) requires a minimum mandatory jail sentence of two days for the first offense, 45 days for the second offense and 120 days for the third offense. The maximum fine for D.U.I. fines are as follows: 1st Offense-$1000; 2nd offense-$2000; 3rd offense-$3000. A D.U.I. conviction requires revocation of driver's license for 1 year for the first offense, 2 years for the second offense, and 3-10 years for the third offense.

Case 3:05-cv-00341-RAE-HBG Document 67-12 Filed 11/15/07 Page 1 of 2 PageID #: <pageID>

JB-0099

7. My attorney has fully expla[illegible] to me and I understand that I have the [illegible]ht to plead "Not Guilty" to any offense charged against me and persist in that plea, and if I choose to plead "Not Guilty," the Constitution guarantees me (a) the right to a speedy and public trial by jury; (b) the right to see, hear, confront, and cross-examine all witnesses against me; (c) the right to use the power and process of the Court to compel the production of any evidence, including the attendance of any witnesses in my favor and the right to testify in my own behalf; (d) the right to have the assistance of counsel in my defense as set forth in paragraph 3 above; and (e) the right to remain silent and not testify and to not have my silence used against me.

8. I understand that by pleading guilty to the offenses listed in paragraph 14, I am waiving my right to a trial to determine my guilt or innocence and there will not be a further trial of any kind except as to the appropriate sentence. By pleading guilty, I am waiving the rights set forth above in paragraph 7 as each pertains to any trial concerning my guilt or innocence.

9. I understand that by pleading guilty, I am waiving or giving up my right to appeal all non-jurisdictional defects or errors in these proceedings, including any complaints I might have that I was unlawfully arrested, that my property or possessions were unlawfully searched or seized, that my rights against self-incrimination or right to counsel were violated, or that I was denied a right to a speedy trial; I further acknowledge my waiver of the filing of any pre-trial motions not previously filed.

10. I understand that if I wish to plead guilty and ask the Court to accept my plea and waiver of jury trial, then the Court will ask me questions under oath, on the record, and in the presence of counsel about the offense to which I am pleading guilty and my understanding of my rights. I understand that I have a right to remain silent and not answer the Court's questions but if I choose to answer them, then my answers may be used against me in court and in a prosecution for perjury or false statement if I swear falsely.

11. I understand that I have a constitutional right to a reasonable time after arrest to prepare my case for trial and a statutory right to at least 14 full days (excluding Sundays and holidays) after arrest and the return of the indictment before being tried. I hereby waive any right that I may have to any further delay between indictment and trial,and I ask the Court to hear this case immediately.

12. I understand that if the Court accepts my plea of guilty and I am convicted of the offense(s) to which I am pleading guilty, the conviction(s): (a) will be public record; (b) will, if a felony, render me infamous denying me access to the electoral process and making my sworn testimony subject to attack; (c) may be used to increase the punishment I might receive if I am later convicted of any crime; (d) may, if I am later convicted of the same crime, require a Court to impose a greater minimum sentence or increase the range of possible punishments to which I might be subject; and (e) may, if a felony and I am later convicted of another felony, be used at that time in combination with other felony convictions to require a Court to sentence me as a multiple, persistent, or career offender thereby increasing my sentence and parole eligibility for the new conviction as shown in paragraph 6 and the table of felony punishment.

13. I understand that if I have previously been convicted of any crime, felony or misdemeanor, the Court may consider the conviction(s) in determining my sentence in this case and may increase my punishment as a result. I also understand that if I am convicted of more than one offense that the Court will decide whether the sentences are to be served concurrently (at the same time) or consecutively (one after the other). I understand that if I plead guilty, the Court is authorized to impose the same punishment as if I had plead not guilty, stood trial, and been convicted by a jury. I specifically understand that I have a constitutional right to have a jury fix any fine in excess of $50, but I wish to waive that right and authorize the Court to fix the fine in any lawful amount. I understand that the Court is not obligated to accept the State's recommendation as to sentence. I understand that even if I am eligible for probation or other forms of community release the Court may or may not grant such relief.

14. The charges to which I am pleading guilty and the State's recommendation are shown below. I understand the range of punishments for the offenses to which I am pleading guilty to be that shown on the table in paragraph 6 for the offense class and offender classification shown below.

| COUNT | OFFENSE | OFFENSE CLASS | OFFENDER CLASSIFICATION | RECOMMENDED SENTENCE |
|---|---|---|---|---|
| V | Aggravated Burglary | C | Std | 3 yrs, TDOC [illegible] |
| XII | Theft over 1000 | D | — | |

Defendant will apply for probation. ~~[illegible]~~ Judgment & Sentence will be withheld in Ct. XII and V pending PSI. To be heard 10/19/92. State will recommend deferral pursuant to TCA 40-35-313 in Ct. XII.

BEING AWARE OF MY CONSTITUTIONAL AND STATUTORY RIGHTS, I HEREBY WAIVE MY RIGHT TO A JURY TRIAL AND PLEAD GUILTY TO THE OFFENSES LISTED ABOVE. MY DECISION TO PLEAD GUILTY IS VOLUNTARY AND NOT THE RESULT OF FORCE OR THREATS OR OF PROMISES APART FROM THE PLEA AGREEMENT. I AM PLEADING GUILTY BECAUSE I COMMITTED THE ACTS CONSTITUTING THE OFFENSE(S) TO WHICH I AM PLEADING GUILTY.

The District Attorney General joins in this motion for the purpose of waiving trial by jury and acknowledging the plea agreement. Defense counsel acknowledges that each statement contained in this document is in all respects true and accurate to the best of his/her knowledge and belief.

Enter this 30TH day of June, 19 92

[signature]
Defendant

[signature], APD
Attorney for Defendant

[signature]
Asst. District Attorney General

I, Bobby W. Vann, Circuit Court Clerk of Campbell County, Tennessee do certify that the foregoing is a true and perfect copy as appears of record in my office in Jacksboro Book No. _____ Page _____
This the 14th day of November, 2007
BOBBY W. VANN
Circuit Court Clerk
[signature] DC