IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

LESTER EUGENE SILER, et al. )
)
    Plaintiffs, )
)
)
v. ) No. 3:05-cv-341
) Edgar/Guyton
)
)
GERALD DAVID WEBBER, et al. )
)
    Defendants. )

**Declaration of Kristie Anderson In Support Of Plaintiffs Motion For Additional Time To Obtain Affidavits To Oppose Summary Judgment**

Kristie N. Anderson under the penalties of perjury says as follows:

1. I was retained by Lester Eugene Siler to represent him on charges that arose out of his arrest on July 8, 2004.

2. I learned of the events that occurred during his arrest and advised Mr. Siler about his rights to sue.

3. I graduated from law school in 2001 and I had never handled a federal suit or claim of this nature.

4. Mr. Siler could not read or write and asked that I obtain an attorney who was skilled in this type of litigation and that I stay on because Mr. Siler trusted me.

5. I had worked with Michael Farley at a law firm and contacted him for assistance.

6. Mr. Farley led me to believe he was experienced in civil rights litigation.

7. Mr. Farley and I agreed to handle the Siler's case together.

8. I later learned that Mr. Farley had not handled a 42 U.S.C. § 1983 case and was not admitted to practice in federal court.

9. Mr. Farley was responsible for the preparation of the case.

10. I was responsible for assisting Mr. Farley, and doing research, working with clients and obtaining information in Campbell County.

11. Mr. Farley did not want to do anything on the civil case until after the federal criminal charges were complete.

12. The delays in this case after the federal criminal cases resulted from two major events.

13. First, Mr. Duffy led Mr. Farley to believe that the case would settle at mediation and to not run up a lot of expenses prior to mediation.

14. Second, Mr. Duffy had a series of issues that made him unavailable or resulted in Mr. Farley not pressing discovery.

15. Regarding Mr. Duffy's unavailability, Mr. Duffy had left his firm and was starting his own office at the beginning of the case.

16. Mr. Duffy requested and Mr. Farley informally granted Mr. Duffy extensions to file answers because of a number of issues in Mr. Duffy beginning his office.

17. Mr. Farley said that Mr. Duffy assured him that the case would be settled at mediation with an offer that we would be very pleased with and I passed that on to the Silers.

18. Scheduling mediation took longer than expected because Mr. Duffy was experiencing personal issues pertaining to medications.

19. Mediation was not successful.

20. Mr. Duffy was undergoing treatment shortly after mediation and was unavailable.[1]

21. Mr. Duffy did not file an answer until April 2007.

22. I have read Mr. Duffy's response to Mr. Moncier's motion for additional time and/or to deny summary judgment and to permit discovery to take place.

---

[1] I will be pleased to provide additional information pertaining to Mr. Duffy's unavailability if necessary to protect the right of the Siler's to time to prepare their response to summary judgment and trial.

23. It is disappointing to learn Mr. Duffy was opposition to the Silers having time to prepare when Mr. Duffy was responsible for and caused a large part of the delay.

24. Mr. Farley was responsible for discovery and case preparation and I was to assist him in this effort.

25. Mr. Farley was responsible for preparing the response to Mr. Duffy's motions for summary judgment.

26. I was unaware that Mr. Farley was not prepared to respond to summary judgment until he filed his first motion to withdraw.

27. I was unaware that Mr. Farley was having any difficulty in communicating with the Silers.

28. I have always been able to communicate with the Silers.

29. Jenny Siler has attended two meetings with Mr. Moncier in Knoxville in the last three weeks.

30. I am unaware of what information Mr. Farley believed was necessary from the Silers to respond to Mr. Duffy's motions for summary judgment.

31. The only disagreements I know of between Mr. Farley and myself was that Mr. Farley had not taken any depositions and I believed that needed to be done.

32. The only disagreements I know of between Mr. Farley and the Silers is that the case did not settle at mediation.

33. I had never answered a motion for summary judgment in a federal case before Mr. Farley withdrew in this case.

34. Immediately upon learning that Mr. Farley was attempting to withdraw I sought out a new experienced attorney to take Mr. Farley's place.

35. Mr. Moncier was my clients' choice but Mr. Moncier was in a series of lengthy trials and could not meet with us.

36. Other attorneys wanted expenses paid up front however the Silers have no money.

37. As a result of my begging Mr. Moncier, he finally agreed to review the case and attempt to correct the lack of evidence to respond to Mr. Duffy's motions for summary judgment.

38. At no time was the failure of obtaining evidence to oppose summary judgment or to prepare for trial the result of anything the Silers did or failed to do.

Signed under the penalty of perjury this the ____ day of December 2007.

s/ *Kristie Anderson*
Kristie Anderson