UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LESTER EUGENE SILER, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:05-CV-341 |
| ) | (EDGAR/GUYTON) |
| GERALD DAVID WEBB, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This civil action is before the Court pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by the referral of the Honorable R. Allen Edgar, Senior United States District Judge, for disposition the plaintiffs' Motion for Relief from the Scheduling Order to File a Sufficient Response to Summary Judgment [Doc. 71], the plaintiffs' Motion for Conference with the Court, Enlarge Time for Discovery, and Revise Scheduling Order [Doc. 72], and the Motion for Stay of Discovery Until Ruling by the Court on Defendants' Entitlement to Qualified Immunity of defendants McClellan, Scott, and Campbell County. [Doc. 74] On February 1, 2008, The parties came before the Court for a hearing on the instant motions. Attorneys Kristie N. Anderson and Herbert S. Moncier appeared on behalf of the plaintiffs, attorney Darren F. Mitchell appeared on behalf of defendant Shayne Green, attorney David A. Winchester appeared on behalf of defendant William Carroll, and attorney John C. Duffy appeared on behalf of defendants Ron McClellan, Charles Scott, and Campbell County.

The plaintiffs move the Court to continue this matter, to reopen discovery, and to allow the plaintiffs to file an additional response to the pending motion for summary judgment. The Court notes that the plaintiffs were granted multiple extensions to respond to the motion for summary judgment [Docs. 55, 59, and 65] and that, in its final extension Order [Doc. 65], the Court stated that no further extensions would be granted with respect to the plaintiffs' response to the pending motion for summary judgment. The Court further notes that the plaintiffs filed their response on November 15, 2007.

With respect to the issue of discovery, given that defendants Scott and McClellan have raised the defense of qualified immunity, and given that the defendants are entitled to a ruling on their qualified immunity defense before being exposed to the expense and burden inherent in further defending those claims, Anderson v. Creighton, 483 U.S. 635, 646(1987) ("one of the purposes of the Harlow qualified immunity standard is to protect public officials from the broad-ranging discovery that can be peculiarly disruptive of effective government."), the Court finds that further discovery on the claims to which the defendants have raised the defense of qualified immunity is not appropriate at this time.

Additionally, the Court notes that this action has been pending since July 6, 2005, yet the plaintiffs have stated that no discovery has been had in this matter. The plaintiffs point to a combination of factors for the failure to take discovery, alleging that they were led to believe that the matter would settle during mediation and also alleging that previous plaintiff's counsel refused to advance the money necessary for the taking of depositions. The plaintiffs also point to medical issues suffered by defense counsel as an additional cause of delay. Finally, the plaintiffs also indicate a lack of experience in federal litigation on the part of previous counsel as an additional

2

reason for the delays in prosecuting this matter.

The trial in this matter was originally set for August 14, 2007. [Doc. 29] The discovery cut off date was set for 120 days before trial, giving a discovery deadline of April 14, 2007. [Id.] On December 21, 2006, a notice was filed with the Court indicating that the matter had failed to settle at mediation. [Doc. 34] Thus, even if the plaintiffs were lulled into action by the promise of settlement, it should have been clear by December 21, 2006, approximately four months before the discovery cut off date, that the matter would proceed to trial.

With respect to the plaintiffs' claims that defense counsel's medical issues prevented the plaintiffs from taking discovery, the Rules of Civil Procedure provide the tools necessary to obtain discovery from non-responsive opponents. There is no evidence that the plaintiffs availed themselves of those tools, or even attempted to obtain any sort of discovery in the first place. Thus, even if defense counsel's brief absence[1] from the office did provide an additional source of delay in this matter, the plaintiff's failure to seek the aid of the Court at that time cannot provide a basis for an extension approximately one year later.

Additionally, while the Court appreciates the difficulties federal litigation can pose to attorneys lacking extensive experience in federal court, the Court cannot find that any actions or inactions by the plaintiffs' previous counsel provides good cause for the plaintiffs failure to obtain discovery in this matter. The Sixth Circuit has recognized that "out-and-out lawyer blunders – the type of action or inaction that leads to successful malpractice suits by the injured client – do not

---

[1] Defense counsel indicated that he was unavailable for approximately five weeks in January and February of 2007. [Doc. 79] Thus, even if his absence did contribute to the plaintiffs' failure to obtain discovery, the plaintiffs still had approximately two months to obtain discovery after defense counsel's return.

3

qualify as 'mistake' or 'excusable neglect' within the meaning of Rule 60(b)(1)." <u>McCurry v. Adventist Health System</u>, 298 F.3d 586, 595 (6th Cir. 2002) (quoting <u>Helm v. Resolution Trust Corp.</u>, 161 F.R.D. 347, 348 (N.D. Ill. 1995)).  The Court also notes that the United States Supreme Court has held that "clients must be held accountable for the acts and omissions of their attorneys." <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 396 (1993). Thus, while the Court recognizes that this matter is not before the Court under the auspices of Rule 60, and without judging the merits of previous plaintiffs' counsel's litigation choices, the Court cannot accept a lack of experience on the part of an attorney as good cause for failing to comply with the District Court's Scheduling Order.

Accordingly, the Court finds that the plaintiffs have not shown good cause for an extension of the discovery cutoff in this matter, nor has the plaintiff shown good cause for allowing an additional extension of time to respond to the pending motion for summary judgment.  Thus, the plaintiffs' motions [Docs. 71, 72] are hereby **DENIED**.  However, given plaintiffs' counsel's indication that he has not received the initial disclosures of opposing counsel pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, and his further indication that a Rule 26(f) conference has not been held in this matter, the parties are **DIRECTED** to meet and confer within twenty days of the entry of this Order to ensure that they are in compliance with the mandates of Rule 26.

With respect to the defendants' motion to stay discovery [Doc. 74], the Court finds that motion to be well-taken and the same is hereby **GRANTED**.  With the exception of the directive to the parties regarding Rule 26, discovery in this matter is hereby **STAYED**.  However, while denying the plaintiffs' motions, the Court further finds that, given the present stage of the

4

litigation, that the currently scheduled March 4, 2008, trial date should be continued. Accordingly, the trial previously scheduled for March 4, 2008, is hereby cancelled and continued to **March 10, 2009**.

In summary:

1. The trial in this matter previously scheduled for March 4, 2008, is hereby continued to **March 10, 2009**;

2. The plaintiffs' motions [Docs. 71 and 72] are hereby **DENIED**;

3. The parties are **DIRECTED** to meet and confer within twenty days of the entry of this Order to ensure that they are in compliance with the mandates of Rule 26.

4. The defendants' motion to stay discovery [Doc. 74] is **GRANTED**. With the exception of the Court's directive to the parties regarding Rule 26, discovery in this matter is hereby **STAYED**.

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge