IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| LESTER EUGENE SILER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:05-cv-341 |
| | ) | Edgar/Guyton |
| GERALD DAVID WEBBER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION FOR EXPEDITED RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, FOR EXCLUSION OF EVIDENCE AND/OR OTHER RELIEF BASED UPON PLAINTIFFS' CIRCUMVENTION OF THE ORDER OF THIS COURT STAYING DISCOVERY**

Come Defendants, Ron McClellan, Charles Scott and Campbell County, and respectfully move the Court, pursuant to Fed. R. Civ. P. 16(f), 37(c), 41(b), 56 and the doctrine of qualified immunity, to grant on an expedited basis their motion for summary judgment currently under submission based upon Plaintiffs' patent attempt to circumvent the Order of this Court staying discovery. Additionally or in the alternative, Defendants move to exclude from introduction in the summary judgment proceedings any information or evidence obtained by Plaintiffs through "state court" discovery propounded by Plaintiffs in circumvention of this Court's Order. Additionally, or in the alternative, Defendants move for such other relief as is within this Court's jurisdiction to enforce its Orders. As grounds therefore, Defendants would show as follows:

After entry on February 12, 2008, by Magistrate Judge Guyton of the Order staying discovery and directing the Parties to meet and confer to insure compliance with Rule 26(a)(1) disclosure requirements, [Doc. 80], counsel for Plaintiffs, for Defendants McClellan, Scott and Campbell County and for Shayne Green met on February 29, 2008 at the offices of Plaintiffs'

counsel. At the end of that meeting conducted in this federal case by Order of this Court, counsel for Plaintiffs served on Defendants nineteen sets of written discovery requests and a unilateral Notice of Depositions under the auspices of Plaintiffs' companion state court action which has been dormant[1] by agreement for two and one half years pending resolution of this federal court action. Plaintiff served on counsel for Defendants McClellan, Scott and Campbell County "Plaintiffs' First Set Of **Fed. R. Civ. P. 34** Production of Documents For Inspection and Copying to Campbell County Tennessee."[2] (emphasis added), and three sets of Requests for Admissions: one to Campbell County with 58 requests; one to Ron McClellan with 34 requests; and one to Charles Scott with 39 requests. (Copies attached) Plaintiffs served separate Interrogatories, Requests for Production and Requests for Admissions on each of the five Individual former-deputy Defendants.

Exponentially more burdensome, Plaintiffs served on all Parties present at the federal court ordered meeting of counsel a unilateral Notice of Depositions scheduling between Friday March 28 and Thursday April 4, 2008, depositions of McClellan, Scott, the five other Individual Defendants in federal custody and a witness in Nashville. (Copy attached) Plaintiffs demand by notice that all counsel participate, on the schedule of Plaintiffs' counsel, in a 1,700 mile circuit excursion from Nashville to Knoxville, to Ashland Kentucky, to Manchester Kentucky, to Petersburg Virginia, to Butner North Carolina, and back to Knoxville in six business days with a weekend in between.

---

[1] For example, Plaintiffs have never responded to Interrogatories and Requests for Production filed December 19, 2005, in the Circuit Court case by Defendant Monday.

[2] Plaintiffs' reference in the state court pleading to the Federal Rules of Civil Procedure is telling.

As a pretext for this sudden discovery blitz in a case that has lay dormant by agreement for two and one half years, Plaintiffs represent to the Court that a trial is set in the state court April 7, 2008. That representation is fiction. A simple phone call to the Circuit Court Clerk's Office, as was done the day of the February 29, 2008, Rule 26(f) meeting, reveals that a status conference, not a trial, is set that day. No Party received notice of a trial in state court April 7, 2008. Plaintiffs' lack of candor about the status of the state court proceeding is telling about the connection between this Court's Order staying discovery and Plaintiffs' discovery salvos, ostensibly in the state court case[3].

The extraordinarily burdensome nature of Plaintiffs' discovery requests, particularly the unilateral Notice of Depositions for six days deposing eight witnesses in five locations in three states, cannot be seriously disputed. The temporal proximity of this Court's Order staying discovery and Plaintiffs' discovery requests cannot be disputed. The absence of "urgency" in a companion proceeding which has lay dormant by agreement for two and one half years pending resolution of the federal case cannot be seriously disputed. It necessarily follows by process of elimination that Plaintiffs' "state court" discovery requests are a plain attempt by Plaintiffs to circumvent this Court's Order staying discovery. It should not be lost upon the Court that the Order denying Plaintiff an extension to further respond to these Defendants motion for summary judgment will be no deterrent to Mr. Moncier's filing with this Court whatever information, relevant or not, which Plaintiffs obtain through their "state court" discovery blitz. This Court should strike and/or exclude any such filings from consideration in summary judgment

---

[3] Obviously Plaintiffs' counsel will attempt to submit to this Court whatever information, relevant or not, Plaintiffs might obtain under the auspices of "state court" discovery. Defendants move to exclude such evidence.

3

proceedings.

The question is: What remedy is within this Court's jurisdiction to enforce its Orders where a party resorts to a state court forum to circumvent a federal court Order? Defendants will seek relief from the state court regarding Plaintiffs' unduly burdensome discovery demands. However, the extent of relief available under state law in this unusual circumstance is unknown. Defendants doubt a federal court has jurisdiction to issue Orders regarding proceedings in state court. The Court could issue a Show Cause Order to Plaintiffs. Defendants McClellan, Scott and Campbell County respectfully submit that the most effective action this Court can take to enforce its Order in this instance is to promptly rule on these Defendants' motion for summary judgment. If this Court finds Defendants are entitled to summary judgment and dismisses them from this case, such Order would be persuasive authority to present to the state court in connection with a motion for relief from Plaintiffs' unduly burdensome discovery demands. Without other known options for seeking relief from this Court, these Defendants respectfully request that the Court expedite its ruling on Defendants' motion for summary judgment. Additionally or in the alternative, Defendants move to bar and exclude any filings by Plaintiffs of information or evidence obtained in circumvention of this Court's stay Order, and/or grant Defendants such other relief as is within the Court's jurisdiction.

Respectfully submitted this the 7th day of March, 2008.

BY: s/John C. Duffy
John C. Duffy, BPR# 010424
P.O. Box 11007
Knoxville, TN 37939-1007
Phone: (865) 766-0994

**CERTIFICATE OF SERVICE**

       I certify that a true and correct copy of the foregoing has been filed electronically. Notice of this filing will be sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

       Dated this 7th day of March, 2008.

       /s/John C. Duffy

5