# IN THE CAMPBELL COUNTY CIRCUIT COURT

LESTER EUGENE SILER, et al.          )
                                     )
        Plaintiffs,                  )
                                     )
                                     )
v.                                   )          No. 12792
                                     )
                                     )
                                     )
GERALD DAVID WEBBER, et al.          )
                                     )
        Defendants.                  )

## Plaintiffs' First Request To Campbell County Tennessee To Admit

Campbell County Tennessee is requested to admit the following pursuant to the requirements of Tenn. R. Civ. P. 36.

1.    The oath of office of Ron McCellan was not executed and filed as required by T.C.A. §§ 8-18-109 and 8-18-110.

2.    The oath of office of Charles Scott was not executed and filed as required by T.C.A. §§ 8-18-109 and 8-18-110.

3.    The surety bond of Ron McCellan was not executed and filed as required by T.C.A. § 8-8-103.

4.    Gerald David Webber was a deputy sheriff for Campbell County Tennessee on July 8, 2004.

5.    Gerald David Webber was acting by virtue of being a deputy sheriff at the Siler trailer on July 8, 2004.

6.    Gerald David Webber was acting under color of the office of Campbell County deputy sheriff in doing the acts at the Siler trailer on July 8, 2004 and thereafter pertaining to the arrest and prosecution of Lester Eugene Siler.

7.    Gerald David Webber's oath of office was not filed with the Campbell County Clerk as of July 8, 2004.

8.    Gerald David Webber was not bonded as a deputy sheriff on July 8, 2004.

9.    Gerald David Webber did not turn over to the

Campbell County Sheriff's department any controlled substances allegedly taken from the Siler trailer on July 8, 2004.

10. Gerald David Webber did not turn over to the Campbell County Sheriff's department any property or money allegedly taken from the Siler trailer on July 8, 2004.

11. Gerald David Webber was paid _____ by Campbell County Tennessee for employments benefits at the time his employment was terminated.

12. Then Campbell County Sheriff Ron McCellan decided and certified to Campbell County Tennessee what employment benefits to pay to Gerald David Webber upon termination of Gerald David Webber's employment by the Campbell County Sheriff's Department.

13. Campbell County Tennessee did not oppose Gerald David Webber being awarded unemployment compensation after his termination from the Campbell County Sheriff's Department.

14. Then Campbell County Sheriff Ron McCellan decided and certified to Campbell County Tennessee what employment benefits to pay to Gerald David Webber upon termination of Gerald David Webber's employment by the Campbell County Sheriff's Department.

15. Samuel R. Franklin was a deputy sheriff for Campbell County Tennessee on July 8, 2004.

16. Samuel R. Franklin was acting by virtue of being a deputy sheriff at the Siler trailer on July 8, 2004.

17. Samuel R. Franklin was acting under color of the office of Campbell County deputy sheriff in doing the acts at the Siler trailer on July 8, 2004 and thereafter pertaining to the arrest and prosecution of Lester Eugene Siler.

18. Samuel R. Franklin's oath of office was not filed with the Campbell County Clerk as of July 8, 2004.

19. Samuel R. Franklin was not bonded as a deputy sheriff on July 8, 2004.

20. Samuel R. Franklin did not turn over to the Campbell County Sheriff's department any controlled substances allegedly taken from the Siler trailer on July 8, 2004.

21. Samuel R. Franklin did not turn over to the Campbell County Sheriff's department any property or money allegedly taken from the Siler trailer on July 8, 2004.

22. Samuel R. Franklin was paid _____ by Campbell County Tennessee for employments benefits at the time his employment was terminated.

23. Then Campbell County Sheriff Ron McCellan decided and certified to Campbell County Tennessee what employment benefits to pay to Samuel R. Franklin upon termination of Samuel R. Franklin's employment by the Campbell County Sheriff's Department.

24. Campbell County Tennessee did not oppose Samuel R. Franklin being awarded unemployment compensation after his termination from the Campbell County Sheriff's Department.

25. Then Campbell County Sheriff Ron McCellan decided and certified to Campbell County Tennessee what employment benefits to pay to Samuel R. Franklin upon termination of Samuel R. Franklin's employment by the Campbell County Sheriff's Department.

26. Joshua Monday was a deputy sheriff for Campbell County Tennessee on July 8, 2004.

27. Joshua Monday was acting by virtue of being a deputy sheriff at the Siler trailer on July 8, 2004.

28. Joshua Monday was acting under color of the office of Campbell County deputy sheriff in doing the acts at the Siler trailer on July 8, 2004 and thereafter pertaining to the arrest and prosecution of Lester Eugene Siler.

29. Joshua Monday's oath of office was not filed with the Campbell County Clerk as of July 8, 2004.

30. Joshua Monday was not bonded as a deputy sheriff on July 8, 2004.

31. Joshua Monday did not turn over to the Campbell County Sheriff's department any controlled substances allegedly taken from the Siler trailer on July 8, 2004.

32. Joshua Monday did not turn over to the Campbell County Sheriff's department any property or money allegedly taken from the Siler trailer on July 8, 2004.

33. Joshua Monday was paid _____ by Campbell County Tennessee for employments benefits at the time his employment was terminated.

34. Then Campbell County Sheriff Ron McCellan decided and certified to Campbell County Tennessee what employment benefits to pay to Joshua Monday upon termination of Joshua Monday's employment by the Campbell County Sheriff's Department.

35. Campbell County Tennessee did not oppose Joshua Monday being awarded unemployment compensation after his termination from the Campbell County Sheriff's Department.

36. Then Campbell County Sheriff Ron McCellan decided and certified to Campbell County Tennessee what employment benefits to pay to Joshua Monday upon termination of Gerald David Webber's employment by the Campbell County Sheriff's Department.

37. Shane Green was a deputy sheriff for Campbell County Tennessee on July 8, 2004.

38. Shane Green was acting by virtue of being a deputy sheriff at the Siler trailer on July 8, 2004.

39. Shane Green was acting under color of the office of Campbell County deputy sheriff in doing the acts at the Siler trailer on July 8, 2004 and thereafter pertaining to the arrest and prosecution of Lester Eugene Siler.

40. Shane Green's oath of office was not filed with the Campbell County Clerk as of July 8, 2004.

41. Shane Green was not bonded as a deputy sheriff on July 8, 2004.

42. Shane Green did not turn over to the Campbell County Sheriff's department any controlled substances allegedly taken from the Siler trailer on July 8, 2004.

43. Shane Green did not turn over to the Campbell County Sheriff's department any property or money allegedly taken from the Siler trailer on July 8, 2004.

44. Shane Green was paid _____ by Campbell County Tennessee for employments benefits at the time his employment was terminated.

45. Then Campbell County Sheriff Ron McCellan decided and certified to Campbell County Tennessee what employment benefits to pay to Shane Green upon termination of Shane Green's employment by the Campbell County Sheriff's Department.

46. Campbell County Tennessee did not oppose Shane Green being awarded unemployment compensation after his termination from the Campbell County Sheriff's Department.

47. Then Campbell County Sheriff Ron McCellan decided and certified to Campbell County Tennessee what employment benefits to pay to Shane Green upon termination of Shane Green's employment by the Campbell County Sheriff's Department.

48. William Carroll was a deputy sheriff for Campbell County Tennessee on July 8, 2004.

49. William Carroll was acting by virtue of being a deputy sheriff at the Siler trailer on July 8, 2004.

50. William Carroll was acting under color of the office of Campbell County deputy sheriff in doing the acts at the Siler trailer on July 8, 2004 and thereafter pertaining to the arrest and prosecution of Lester Eugene Siler.

51. William Carroll's oath of office was not filed with the Campbell County Clerk as of July 8, 2004.

52. William Carroll was not bonded as a deputy sheriff on July 8, 2004.

53. William Carroll did not turn over to the Campbell County Sheriff's department any controlled substances allegedly taken from the Siler trailer on July 8, 2004.

54. William Carroll did not turn over to the Campbell County Sheriff's department any property or money allegedly taken from the Siler trailer on July 8, 2004.

55. William Carroll was paid _____ by Campbell County Tennessee for employments benefits at the time his employment was terminated.

56. Then Campbell County Sheriff Ron McCellan decided and certified to Campbell County Tennessee what employment benefits to pay to William Carroll upon termination of William

Carroll's employment by the Campbell County Sheriff's Department.

57. Campbell County Tennessee did not oppose William Carroll being awarded unemployment compensation after his termination from the Campbell County Sheriff's Department.

58. Then Campbell County Sheriff Ron McCellan decided and certified to Campbell County Tennessee what employment benefits to pay to William Carroll upon termination of William Carroll's employment by the Campbell County Sheriff's Department.

HERBERT S. MONCIER
HERBERT S. MONCIER
Attorney for Plaintiffs

Herbert S. Moncier
Attorney at Law
Suite 775 Bank of America Center
550 Main Avenue
Knoxville, Tennessee 37902
(865)546-7746
BPR # 1910

## CERTIFICATE OF SERVICE

I hereby certify that on February 29, 2008 a copy of the foregoing was served on all counsel of record.

HERBERT S. MONCIER
Attorney for Plaintiffs