IN THE CAMPBELL COUNTY CIRCUIT COURT

LESTER EUGENE SILER, et al. )
                            )
    Plaintiffs,              )
                            )
                            )
v.                          )    No. 12792
                            )
                            )
                            )
GERALD DAVID WEBBER, et al. )
                            )
    Defendants.             )

**Plaintiffs' First Request To Ron McCellan To Admit**

Ron McCellan, in his individual capacity, is requested to admit the following pursuant to the requirements of Tenn. R. Civ. P. 36. Your attorney, John Duffy, also represents Campbell County Tennessee and has access to the records necessary for your to answer these admissions.

1. Charles Scott was hired by you as Chief Deputy of the Campbell County Sheriff's Department on or after September 1, 2002 and prior to July 8, 2002.

2. Gerald David Webber was hired by you as a full time law enforcement officer for Campbell County Tennessee on or after September 1, 2002 and prior to July 8, 2004.

3. You did not take any action against Gerald David Webber prior to the time that the Tennessee Bureau of Investigation provided you a tape recording of the audio of a portion of the events that took place at the Siler trailer on July 8, 2004.

4. Gerald David Webber provided you a false statement as to what took place at the Siler trailer on July 8, 2004.

5. Gerald David Webber filed false reports of what occurred at the Siler trailer on July 8, 2004.

6. You did not charge Gerald David Webber with making a false statement or filing false reports.

7. You allowed Gerald David Webber to be paid by Campbell County Tennessee with public funds for employment benefits after you learned of the conduct of Gerald David Webber at the Siler trailer on July 8, 2004 and thereafter.

8. You did not object Gerald David Webber collecting unemployment benefits after you learned of the conduct of Gerald David Webber at the Siler trailer on July 8, 2004 and thereafter.

9. Samuel R. Franklin was hired by you as a full time law enforcement officer for Campbell County Tennessee on or after September 1, 2002 and prior to July 8, 2004.

10. You did not take any action against Samuel R. Franklin prior to the time that the Tennessee Bureau of Investigation provided you a tape recording of the audio of a portion of the events that took place at the Siler trailer on July 8, 2004.

11. Samuel R. Franklin provided you a false statement as to what took place at the Siler trailer on July 8, 2004.

12. Samuel R. Franklin filed false reports of what occurred at the Siler trailer on July 8, 2004.

13. You did not charge Samuel R. Franklin with making a false statement or filing false reports.

14. You allowed Samuel R. Franklin to be paid by Campbell County Tennessee with public funds for employment benefits after you learned of the conduct of Samuel R. Franklin at the Siler trailer on July 8, 2004 and thereafter.

15. You did not object Samuel R. Franklin collecting unemployment benefits after you learned of the conduct of Samuel R. Franklin at the Siler trailer on July 8, 2004 and thereafter.

16. Joshua Monday was hired by you as a full time law enforcement officer for Campbell County Tennessee on or after September 1, 2002 and prior to July 8, 2004.

17. You did not take any action against Joshua Monday prior to the time that the Tennessee Bureau of Investigation provided you a tape recording of the audio of a portion of the events that took place at the Siler trailer on July 8, 2004.

18. Joshua Monday provided you a false statement as to what took place at the Siler trailer on July 8, 2004.

19. Joshua Monday filed false reports of what occurred at the Siler trailer on July 8, 2004.

20. You did not charge Joshua Monday with making a false statement or filing false reports.

21. You allowed Joshua Monday to be paid by Campbell County Tennessee with public funds for employment benefits after you learned of the conduct of Joshua Monday at the Siler trailer on July 8, 2004 and thereafter.

22. You did not object Joshua Monday collecting unemployment benefits after you learned of the conduct of Joshua Monday at the Siler trailer on July 8, 2004 and thereafter.

23. Shane Green was hired by you as a full time law enforcement officer for Campbell County Tennessee on or after September 1, 2002 and prior to July 8, 2004.

24. You did not take any action against Shane Green prior to the time that the Tennessee Bureau of Investigation provided you a tape recording of the audio of a portion of the events that took place at the Siler trailer on July 8, 2004.

25. Shane Green provided you a false statement as to what took place at the Siler trailer on July 8, 2004.

26. Shane Green filed false reports of what occurred at the Siler trailer on July 8, 2004.

27. You did not charge Shane Green with making a false statement or filing false reports.

28. You allowed Shane Green to be paid by Campbell County Tennessee with public funds for employment benefits after you learned of the conduct of Shane Green at the Siler trailer on July 8, 2004 and thereafter.

29. William Carroll was hired by you as a full time law enforcement officer for Campbell County Tennessee on or

after September 1, 2002 and prior to July 8, 2004.

      30. You did not take any action against William Carroll prior to the time that the Tennessee Bureau of Investigation provided you a tape recording of the audio of a portion of the events that took place at the Siler trailer on July 8, 2004.

      31. William Carroll provided you a false statement as to what took place at the Siler trailer on July 8, 2004.

      32. William Carroll filed false reports of what occurred at the Siler trailer on July 8, 2004.

      33. You did not charge William Carroll with making a false statement or filing false reports.

      34. You allowed William Carroll to be paid by Campbell County Tennessee with public funds for employment benefits after you learned of the conduct of William Carroll at the Siler trailer on July 8, 2004 and thereafter.

                        /s/ Herbert S. Moncier
                        HERBERT S. MONCIER
                        HERBERT S. MONCIER
                        Attorney for Plaintiffs

Herbert S. Moncier
Attorney at Law
Suite 775 Bank of America Center
550 Main Avenue
Knoxville, Tennessee 37902
(865)546-7746
BPR # 1910

### CERTIFICATE OF SERVICE

      I hereby certify that on February 29, 2008 a copy of the foregoing was served on all counsel of record.

                        /s/ Herbert S. Moncier
                        HERBERT S. MONCIER