IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

LESTER EUGENE SILER, et al. )
)
    Plaintiffs, )
)
)
v. ) No. 3:05-cv-341
) Edgar/Guyton
)
)
GERALD DAVID WEBBER, et al. )
)
    Defendants. )

**Plaintiffs' Fed. R. Civ. P. 45(c)(2)(B) Motion To Compel Compliance Of Rule 45(a)(1)(C) Subpoena By The Tennessee Bureau Of Investigation For Production Of Documents**

    1. Plaintiffs move to compel the Tennessee Bureau of Investigation comply with the attached Fed. R. Civ. P. 45(a)(1)(C) subpoena to produce that agencies records pertaining to the subject matter of the conduct of Campbell County Deputy Sheriffs in doing the acts that are the subject of this civil action.

    2. Pursuant to Fed. R. Civ. P. 45(c)(1) Plaintiffs consider the Tennessee Bureau of Investigation attached request for a protective agreement as a timely filed Fed. R. Civ. P. 45(c)(2)(B) objection and motion to quash or modify pursuant to Fed. R. Civ. P. 45(c)(3)(A).

    3. Plaintiffs do not seek additional remedies pursuant to Fed. R. Civ. P. 45(e) and seek only an Order

requiring compliance with the subpoena without the requested protective order.[1]

4. A copy of this motion has been served on the Jeanne Broadwell as General Counsel for the Tennessee Bureau of Investigation.

5. Plaintiffs request expeditious consideration of this motion between Plaintiffs and the Tennessee Bureau of Investigation because of Plaintiffs inability to pursue discovery pending resolution of Defendant McClellan and Scotts assertion of qualified immunity.

6. The subpoenaed records are required in this case regardless of the Court's rulings on pending motions for summary judgment by Defendants Campbell County and McClellan and Scott in their individual capacity and in their official capacity.

7. Defendants Campbell County and McCellan and Scott are not required to do anything by this motion.

8. Defendants Campbell County and McCellan and Scott have no standing to oppose this motion. They have no privacy interest in the records of the Tennessee Bureau of Investigation.

---

[1] Plaintiff's Counsel acknowledges that often attorneys agree to the requested protective orders proposed by the Tennessee Bureau of Investigation providing that agency a reasonable expectation the same would occur in this case. Counsel does not suggest, or argue, there has been any wrongful, willful or obstruction action by the Tennessee Bureau of Investigation pursuing a protective order.

9. Defendants Campbell County and McCellan and Scott claims to avoid unnecessary expense and inconvenience because they assert qualified immunity is inapplicable because they are required to do nothing if the Tennessee Bureau of Investigation is required to comply with this subpoena. This is because, in the event summary judgment is denied to any of those defendants, they, or their counsel, can review the records after that denial.

**Memorandum**

1. At issue in this motion is a provision of Tennessee law pertaining to the records of the Tennessee Bureau of Investigation. The statute in question is T.C.A. § 10-7-504(a)(2). This statute provides records of the Tennessee Bureau of Investigation are confidential except:

> . . . The information shall be disclosed to the public only in compliance with a subpoena or an order of a court of record . . .

2. On or about January 2, 2008 Plaintiffs served the Tennessee Bureau of Investigation with the attached subpoena pursuant to Fed. R. Civ. P. 45(a)(1)(C) for its file and records pertaining to the subject matter of this action.

3. In response, the Tennessee Bureau of Investigation requested Plaintiffs sign the attached protective Order.

3

4. Plaintiffs assert that they are entitled to subpoena the records for inspection pursuant to Fed. R. Civ. P. 45(a)(1)(C) and Plaintiffs are not required to sign the requested protective order.

5. First, Tennessee has rejected a "law enforcement exception" to its Public Records Act. *see Schneider v. City of Jackson*, 226 S.W.3d 332 (2007) effectively overruling *Abernathy v. Whitley*, 838 S.W.2d 211 (Tenn.App. 1992).

6. Second, there is no provision in T.C.A. § 10-7-504 making production of the records of the Tennessee Bureau of Investigation subject to a protective order when produced pursuant to "a subpoena from . . . from a court of record".

7. Third, because the criminal investigation and prosecutions are completed, and the criminal case is closed, there is no pending criminal prosecution exception to the production of these records being public records. *see Memphis Pub. Co. v. Holt,* 710 S.W.2d 513 (1986).

8. Last, T.C.A. § 10-7-504 specifically provides that once a subpoena required production, the Tennessee Bureau of Investigation records "shall be disclosed to the public."

9. This last provision is instructive in the context of the proposed protective order by the Tennessee Bureau of Investigation in this case. Under this provision, Tennessee law provides that once records are subpoenaed those records become public records.

10. The proposed protective order attempts to continue confidentiality of records after being subpoenaed by shifting confidentiality to the attorneys in the litigation.

11. Some defendants have declined to sign the protective order. At least two defendants are *pro se* and in custody.

12. Plaintiffs cannot unilaterally inspect the records pursuant to Fed. R. Civ. P. 45(a)(1)(C) without providing the defense notice and the same opportunity as required by Fed. R. Civ. P. 45(b)(1).

13. In litigation such as this, the provisions of the protective order create an undue burden on Plaintiffs not only to comply with providing non-signee parties access to the records subpoenaed but also impedes the ability of Plaintiffs to present their case at trial. In effect, the protective order requires Plaintiffs keep confidential the very evidence Plaintiffs seeks to obtain

5
Case 3:05-cv-00341-RAE-HBG   Document 95   Filed 03/29/08   Page 5 of 6   PageID #: 368

by Fed. R. Civ. P. 45(a)(1)(C) subpoena to use in this trial.

    14. Also, the provisions that Plaintiffs return to the Tennessee Bureau of Investigation records after trial is impracticable at best if not impossible.

    WHEREFORE, Plaintiffs move the Court for an order compelling the Tennessee Bureau of Investigation to produce the records pursuant to Plaintiffs Fed. R. Civ. P. 45(a)(1)(C).

s/*Herbert S. Moncier*
HERBERT S. MONCIER
Attorney for Plaintiffs

Herbert S. Moncier
Attorney at Law
Suite 775 Bank of America Center
550 Main Avenue
Knoxville, Tennessee  37902
(865)546-7746
BPR # 1910

## CERTIFICATE OF SERVICE

    I hereby certify that on March 28, 2008 a copy of the foregoing notice was filed electronically. Notice of this filling will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by U.S. Mail. Parties may access this filing through the Clerk's electronic filling system.

/s/*Herbert S. Moncier*
Attorney for Plaintiffs
