IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

LESTER EUGENE SILER, et al.    )
                               )
    Plaintiffs,                )
                               )
                               )
v.                             )    No. 3:05-cv-341
                               )    Edgar/Guyton
                               )
                               )
GERALD DAVID WEBBER, et al.    )
                               )
    Defendants.                )

**Plaintiffs' Motion To Strike And Exclude Affidavits Of Charles Scott and Ronald McClellan Filed In Support Of Summary Judgment Or, In the Alternative, Consider Sworn Testimony of Scott and McClellan on April 2, 2008 To Deny Summary Judgment**

Plaintiffs move to strike and exclude affidavits of Defendant Charles Scott filed in support of Defendants Campbell County, McClellan and Scotts motions for summary judgment. [Doc. 42-1; 42-2; and 69-2]

In the alternative, Plaintiffs move to file in opposition to summary judgment sworn testimony of McClellan and Scott on April 2, 2008 that contradicts the others statements, or is inconsistent with the statements submitted, in support of summary judgment.

**Memorandum**

## 1.   Doc. 42-1: Affidavit of Charles Scott

On May 29, 2007 Defendant Scott filed an affidavit in support of summary judgment. [Doc. 42-1]

On April 2, 2008 Charles Scott testified under oath at a deposition in a state action brought by Plaintiffs that (1) the signature on Doc. 42-1 affidavit was his; (2) he did not recall signing the affidavit; (3) he did not know where he was when he signed the affidavit; (4) he does not know the person who signed as notary public; (5) he does not recall appearing before a notary public; and (6) he does not recall being sworn when the affidavit was signed.[1]

Scott contradicted McClellan's testimony by testifying that he had never heard of Siler before the incident. McCellan testified that McCellan had told Scott on multiple occasions prior to the incident to "get Siler."

Scott also contradicted McCellan's testimony that the only complaint Siler made about the officers was being

---

[1]   Plaintiffs file this motion prior to receipt of transcripts to immediately alert the Court to these matters that were discovered in a state action brought by Plaintiffs on April 2, 2008. Plaintiffs have pending objections to the Magistrate-Judge's staying discovery pending resolution of McCellan and Scott's claims of qualified immunity. Transcripts of both Scott and McClellan's April 2, 2008 deposition in Plaintiffs' state action have been ordered. Upon receipt, Plaintiffs will file the relevant excerpts in support of this motion.

hit hurting his ribs. Scott testified that Siler told Scott and McClellan on the day of the incident that the officers had attached battery cables to his nose.

Scott testified under oath on April 2, 2008 that he did not believe Siler's complaint to him and McClellan that officers attached battery cables to his nose because Scott believed Siler was high on drugs and was hallucinating and out of his mind.

At page 2 of his Scott's "affidavit" Doc. 42-1 Scott stated "I thought Siler was making up implausible stories to deflect from the fact that he [Siler] had been arrested on serious felony drug charges."

**(2) Doc. 42-2: Affidavit of Ron McClellan**

McClellan in his affidavit page 2, paragraph 3 states "Since I was not aware before the fact that the deputies were carrying out an active investigation of Siler, I was not aware of who Detective Webber presumably recruited to assist him."

In his deposition on April 2, 2008 in the state action brought by Plaintiffs, McCellan testified he had instructed Webber on multiple occasions prior to the incident to "get Siler". Also on April 2, 2008 McCellan testified that he had discussed "getting Siler" with Scott on multiple occasions prior to the incident.

**3. Doc. 69-2: Charles Scott "Affidavit" 11/26/07.**

3

As the Court will see on page 3 of Doc. 69.2 it appeared that there was a failure to scan into the CM-ECF the full jurate from the notary on November 11, 2007.

At a deposition of Charles Scott in a state action brought by Plaintiffs, Scott testified that he did not appear before a notary or swear to the statement filed as Doc. 69-2 in this action. Scott testified that he put the writing in the day and month was his writing.

### The Scott Documents

Neither of the Scott documents qualify as affidavits under Tennessee law.

Neither of the Scott documents qualify as "declarations" under the provision of 28 U.S.C. § 1746.

These statements are not admissible evidence and must be excluded in the Court's consideration of summary judgment for Defendants Campbell County, McClellan and Scott.

### False Affidavits

McClellan and Scott have now testified under oath contrary to material statements they made in their submissions in support of summary judgment. While it is correct that different witnesses recall events differently, in considering summary judgment under Fed. R. Civ. P. 56, it is up to the jury to determine which witness to believe.

Thus conflicts between Scott and McClellan, their own inconsistent statements made at different times, defeat their claims for summary judgment.

Finally, because the reliability of the content of the materials filed by McCellan and Scott in support of summary judgment has been impeached, these materials cannot be accepted by this Court to grant summary judgment to Campbell County, McClellan or Scott and a jury must determine the creditability of these witnesses.

                                                s/*Herbert S. Moncier*
                                                HERBERT S. MONCIER
                                                Attorney for Plaintiffs

Herbert S. Moncier
Attorney at Law
Suite 775 Bank of America Center
550 Main Avenue
Knoxville, Tennessee 37902
(865)546-7746
BPR # 1910

### CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2008 a copy of the foregoing notice was filed electronically. Notice of this filling will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by U.S. Mail. Parties may access this filing through the Clerk's electronic filling system.

                                                /s/ *Herbert S. Moncier*
                                                Attorney for Plaintiffs