# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| LESTER EUGENE SILER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 3:05-cv-341 |
| | ) | Edgar/Guyton |
| GERALD DAVID WEBBER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPPOSITION OF DEFENDANTS MCCLELLAN, SCOTT AND CAMPBELL COUNTY TO PLAINTIFFS' MOTION TO STRIKE AFFIDAVITS OR, IN THE ALTERNATIVE, TO CONSIDER DEPOSITION TESTIMONY**

On February 12, 2008, Magistrate Judge Guyton entered an Order denying Plaintiffs' Motion to re-open discovery and summary judgment proceedings. [Doc. 80] The Order also stayed discovery pending resolution by District Judge Edgar of Defendants' Motion for Summary Judgement. These Defendants believe such an Order is proper under governing Sixth Circuit authority. *E.g. Skousen v. Brighton High School*, 305 F.3d 520, 526-27 (6th Cir. 2002); *Wallin v. Norman,* 317 F.3d 558, 564 (6th Cir. 2003). Perhaps because they have objected to the Order, Plaintiffs insist on resubmitting filings on issues that have already been decided by the court or after briefing on the issue is completed and closed.

After Plaintiffs circumvented Magistrate Judge Guyton's Order of February 12, 2008, through using discovery mechanisms in state court, Plaintiffs filed three pleadings and motions, all pretextural in nature including Plaintiffs' Motion to Strike Affidavits. The filing contravenes Magistrate Judge Guyton's February 12, 2008 Order.

The ostensible bases for Plaintiffs' filing appear to be:

1

1. With respect to the two Affidavits of Charles Scott, they should be struck or excluded from the summary judgment record because of a) a failure of Scott's recall regarding where and when he was when he signed the May 29, 2006 Affidavit; b) alleged inconsistencies between the depositions of McClellan and Scott taken in the state court case; and c) with respect to the Scott Supplemental Affidavit of November 26, 2007, a defect of the jurat.[1]

2. As to McClellan's Affidavit, alleged inconsistencies in his deposition.

These Defendants deny that there are any material inconsistencies between the Affidavits submitted by McClellan and Scott to the Court and their testimony during their two and one half hour depositions. Even if there were, Plaintiffs are plainly aware that alleged inconsistencies in versions of events is not a basis for a motion to strike. The Motion to Strike is patently pretextural, as it states on its face the intent by Plaintiffs to file the with this Court the depositions of McClellan and Scott once they are transcribed, in further contravention of Magistrate Judge Guyton's February 12, 2008 Order. Plaintiffs have repeatedly shown that they have no intent to follow Magistrate Judge Guyton's Order.

**I. Any objection to the formalities concerning the affidavits was waived by failure of Plaintiffs to timely raise it.**

The only plausible pretext for Plaintiffs' filing of a "Motion to Strike Affidavits" would be to challenge the formalities of the Affidavits, such as the jurat. There is no defect in the jurat on the first Affidavit of Charles Scott nor on the Affidavit of Ron McClellan. There is admittedly a defective jurat on the second Affidavit of Charles Scott filed on November 26,

---

[1] It is ironic that Plaintiffs file (untimely) motions challenging the jurat on affidavits yet they submit to the Court unsworn answers to interrogatories of co-Defendant Franklin in another of Plaintiffs recent filings.

2

2007.[2] If Plaintiffs objected to a formality in an Affidavit, it is believed that they would have had five business days within which to file such objection. L.R. 7.1(d) E.D.TN. By failing to timely object to the jurat on Scott's Supplemental Affidavit, any objection thereto is waived. In any event, the defect is cured by submission of the identical but notarized affidavit as Exhibit 1 hereto.

### II. The remaining bases for Plaintiffs' "Motion to Strike, or, In the Alternative, Consider Sworn Testimony" is a pretextural additional attempt by Plaintiffs to circumvent or contravene the Magistrate Judge's Order of February 12, 2008.

Plaintiffs, represented by experienced counsel, know well that an assertion that an affidavit conflicts with testimony is not a valid basis for a motion to strike the affidavit. No matter what testimony McClellan and Scott provided in their deposition, Plaintiffs would be filing the Instant Motion. When a party is desperately avoiding summary judgment against them with no specific evidence to rely upon, it is all too common to submit reams of filings and assert that there lies therein a genuine issue of material fact. Since the entry of new co-counsel of record, Plaintiffs have filed reams of papers, pleadings and repetitive motions. Irrespective of the absence of merit in Plaintiffs' motions, the Court should deny them summarily to protect the integrity of and enforce the current Order in this case staying discovery and denying Plaintiffs Leave to File the very documents they are now filing. [Doc. 80]

Plaintiffs attempt to make the Court curious about Defendants' deposition testimony through characterizing the consistency of two and one half hour depositions with the affidavits of Scott and McClellan. There are no material inconsistent in those depositions. Indeed, had

---

[2]This defect has been cured by submission of the attached identical Supplemental Affidavit of Charles Scott, signed before a notary. (Exhibit 1).

3

Plaintiffs deposed McClellan and Scott timely, these Defendants would have predicated their Motion for Summary Judgment on Defendants' deposition testimony rather than having to rely on Affidavits. Were it not for the fact that Plaintiffs' planned submission of these depositions clearly contravenes the Orders of the Court, and Plaintiffs have used the state court to undermine the authority of Magistrate Judge Guyton's Order, Defendants would not object to the depositions of McClellan and Scott being part of the summary judgment record. However, Plaintiffs' action are offensive to this Court's Orders, and Defendants object thereto. If the slippery slope of allowing consideration in this summary judgment record of discovery taken in the state court is allowed, Plaintiffs will submit the results of all discovery they are taking in state court as it comes in. Defendants object to Plaintiffs continuing this end run around Magistrate Judge Guyton's Order which correctly applies Sixth Circuit precedent, and request that the Court deny all Plaintiffs' Motions and grant these Defendants Motion for Summary Judgment without further filings.

Respectfully submitted this the 11th day of April, 2008.

> BY: /s/John C. Duffy
> John C. Duffy, BPR# 010424
> P.O. Box 11007
> Knoxville, TN 37939-1007
> Phone: (865) 766-0904
> Fax: (865) 766-0906

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing has been filed electronically. Notice of this filing will be sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

| | |
|---|---|
| Mr. Gerald David Webber, Register #31300-074<br>FCI Butner Low<br>Federal Correctional Institution<br>P.O. Box 999<br>Butner, NC 27509<br>**LEGAL MAIL—OPEN IN FRONT OF INMATE ONLY** | Samuel Franklin - 31302074<br>Federal Correctional Institution<br>P.O. Box 6001<br>Ashland, KY 41105<br>**LEGAL MAIL–OPEN IN FRONT OF INMATE ONLY** |

      Dated this 11th day of April, 2008

      BY:    /s/John C. Duffy