UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LESTER EUGENE SILER, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:05-CV-341 |
| ) | (EDGAR/GUYTON) |
| GERALD DAVID WEBBER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This civil action is before the Court pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by the referral of the Honorable R. Allen Edgar, Senior United States District Judge, for disposition the plaintiffs' Motion to Compel Compliance of Rule 45(a)(1)(C) Subpoena by the Tennessee Bureau of Investigation for Production of Documents [Doc. 95] and non-party Tennessee Bureau of Investigation's Cross-Motion for a Protective Order. [Doc. 104] On April 28, 2008, the Court held a hearing on the instant motions. Attorney Herbert Moncier appeared on behalf of the plaintiffs; attorney John Duffy appeared on behalf of defendants Charles Scott, Ron McClellan, and Campbell County; attorney Darren Mitchell appeared on behalf of defendant Shayne Green; and Assistant Attorney General Ben Whitehouse appeared on behalf of the Tennessee Bureau of Investigation.

The plaintiffs move the Court to compel the Tennessee Bureau of Investigation ("TBI") to respond to the plaintiffs' outstanding subpoena duces tecum propounded on January 2, 2008. In their subpoena, the plaintiffs request the TBI's files regarding the "investigation of Gerald Webber, Samuel Franklin, Joshua Monday, Shayne Green and others regarding an incident occurring on July

8, 2004 in Campbell County Tenn. wherein Lester Eugene Siler's rights were violated by deputies and officers of the Campbell County Sheriff's Department."

The TBI, while not opposing the actual production of the documents, objected to the production of the documents in the absence of a protective order. As the TBI's sole ground for refusing to produce the documents in the absence of a protective order, the TBI cites to Tennessee law, which provides in pertinent part that:

> All investigative records of the Tennessee bureau of investigation . . . shall be treated as confidential and shall not be open to inspection by members of the public. The information contained in such records shall be disclosed to the public only in compliance with a subpoena or an order of a court of record.

Tenn. Code Ann. § 10-7-504(a)(2)(A). The TBI contends that the statute exempts the TBI's records from production in the absence of a protective order. When asked for case law supporting that argument, counsel for the TBI indicated that he was not aware of any. Nor is the Court aware of any case law so construing the statute.

After considering the plain language of the statute at issue, the Court does not agree with the TBI's reading of the statute. The first sentence of the relevant portion of the statute clearly exempts the TBI's records from disclosure to the public, but the second sentence then creates an exception in the instance of a "subpoena" or an "order of a court of record." The statute, however, does not indicate that the exception applies only to a subpoena or court order coupled with a protective order. Rather, the exception provides that the records must be produced in the face of a subpoena or court order, with no other limitations. In the face of the clear language of the statute, and the clear absence of a limitation such as that proposed by the TBI, the Court finds the TBI's motion [Doc. 104] not to be well-taken and the same is hereby **DENIED**. The Court further finds the plaintiffs'

motion [Doc. 95] to be well-taken and the same is hereby **GRANTED**.  The TBI is **DIRECTED** to produce the requested documents within ten (10) days of the entry of this Order.

**IT IS SO ORDERED.**

ENTER:

     s/ H. Bruce Guyton
United States Magistrate Judge