UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

LESTER EUGENE SILER, et al.,          )
                                      )
          Plaintiffs,                 )
                                      )
v.                                    )          Case No. 3:05-cv-341
                                      )          Edgar/ Guyton
                                      )
GERALD DAVID WEBBER, et. al.          )
                                      )
          Defendants.                 )

## MEMORANDUM AND ORDER

In their complaint [Doc. No. 1], plaintiffs Lester Eugene Siler, Jenny Siler, and Dakota Siler plead federal claims under 42 U.S.C. § 1983 based on alleged violations of rights guaranteed by the United States Constitution. Plaintiffs invoke this Court's subject matter jurisdiction over their federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). The complaint also pleads numerous claims based on Tennessee state law. There is no diversity jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332. Plaintiffs seek to invoke this Court's supplemental jurisdiction over their state law claims pursuant to 28 U.S.C. § 1367.

Plaintiffs also have a concurrent civil action pending in the Circuit Court of Campbell County, Tennessee, styled *Lester Eugene Siler, et al. v. Gerald David Webber, et al.*, Campbell County Circuit Court, Case No. 12792. Defendants submit a copy of an order entered by the Campbell County Circuit Court on July 10, 2008. [Doc. No. 114]. The case in the Campbell County Circuit Court was set for trial on August 18-22, 2008. However, the Campbell County Circuit Court

1

cancelled the trial and stayed further proceedings in the state court because of the pending litigation in the plaintiffs' parallel case in this United States District Court.

After reviewing the order entered by the Campbell County Circuit Court on July 10, 2008, it appears that the state law claims presented in federal court are identical to the state law claims brought by the plaintiffs against the same defendants in the Campbell County Circuit Court. Plaintiffs have contemporaneous lawsuits pending in federal court and state court against the same defendants based on the same nucleus of operative facts and the same state law claims. Plaintiffs filed their complaint in United States District Court on July 6, 2005. One day later on July 7, 2005, the plaintiffs filed the complaint in the Campbell County Circuit Court

Plaintiffs move this Court to either accept or decline 28 U.S.C. § 1367 supplemental jurisdiction over their state law claims. [Doc. No. 113]. In response, defendants Charles Scott, Ron McClellan, and Campbell County want this Court to exercise supplemental jurisdiction over all of the plaintiffs' state law claims. [Doc. No. 114].

The plaintiffs' complaint in the instant case [Doc. No. 1] pleads negligence causes of action against defendants Scott and McClellan based solely upon Tennessee state law. The complaint does not plead any federal claims against defendants Scott and McClellan under 42 U.S.C. § 1983. In their summary judgment motion [Doc. No. 38, p. 1 n. 1], defendants Scott, McClellan, and Campbell County assert that they make their motion based on the presupposition that this Court will choose to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to adjudicate the plaintiffs' state law claims. In the alternative, these defendants say that in the event this Court declines supplemental jurisdiction, they want this Court to dismiss without prejudice the plaintiffs' state law claims against defendants Scott, McClellan, and Campbell County. This would then allow the

2

plaintiffs to proceed to litigate their dismissed state law claims in the civil action in the Campbell County Circuit Court.          In this memorandum and order, the Court addresses two key questions which must be resolved before this case can go forward.  The first question is whether this Court should exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the plaintiffs' state law claims.  After reviewing the record, the Court pursuant to 28 U.S.C. § 1367(c)(4) declines to exercise supplemental jurisdiction over the state law claims that are brought under and governed by the Tennessee Governmental Tort Liability Act (TGTLA), Tenn. Code Ann. §§ 29-20-101 *et seq*.  As explained *infra*, these claims are pleaded in the Eleventh, Twelfth, and Nineteenth Counts in the complaint.    Tenn. Code Ann. § 29-20-307 provides that the circuit courts of the State of Tennessee shall have exclusive jurisdiction over any action brought under the TGTLA.  The statute vests exclusive original jurisdiction over TGTLA cases in the circuit courts of the State of Tennessee.  This constitutes an exceptional circumstance that warrants this Court pursuant to 28 U.S.C. § 1367(c)(4) to decline exercising supplemental jurisdiction over state law claims that are brought under and subject to the TGTLA.  *Gregory v. Shelby County, Tennessee*, 220 F.3d 433, 446 (6th Cir. 2000); *Whitsett v. City of Etowah*, 2008 WL 4510326 ** 9-10 (E.D. Tenn. Sept. 30, 2008); *Deal v. Polk County, Tennessee*, 2007 WL 1387918 ** 14-16 (E.D. Tenn. May 8, 2007); *Cross v. City of Chattanooga*, 2005 WL 2456977 ** 10-11 (E.D. Tenn. Oct. 3, 2005).

Accordingly, the plaintiffs' state law claims pleaded in the Eleventh, Twelfth, and Nineteenth Counts in the complaint shall be dismissed without prejudice.  This will not deprive the plaintiffs of a judicial forum on these claims.  Plaintiffs may litigate the TGTLA claims in their lawsuit in the Campbell County Circuit Court pursuant to Tenn. Code Ann. § 29-20-307.

The practical result of this decision is that this Court is not in a position to fully adjudicate

3

and proceed to trial on all of the plaintiffs' state law claims in their complaint. At most, this Court could only adjudicate the plaintiffs' federal claims and remaining state law claims that are not brought under and governed by the TGTLA. This gives rise to the second question whether this Court should invoke and apply the *Colorado River* doctrine of abstention. *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

In light of the Court's decision today pursuant to 28 U.S.C. § 1367(c)(4) to decline to exercise supplemental jurisdiction over the plaintiffs' state law claims that are brought under and governed by the TGTLA, this Court is concerned about avoiding piecemeal litigation. We are faced with the distinct possibility of two trials in two different judicial forums, i.e. one trial in United States District Court and a separate trial in the Campbell County Circuit Court, involving the same parties, same nucleus of operative facts, and many of the same legal claims. Such piecemeal litigation and the possibility that separate trials in two different forums might well lead to inconsistent verdicts goes to the very heart of the *Colorado River* abstention doctrine.

The instant case may involve exceptional circumstances that would justify invoking the *Colorado River* abstention doctrine and ordering a stay of all further judicial proceedings in this Court pending the completion and final adjudication of parallel litigation in the Tennessee state courts. Before making a final decision, the Court will afford the parties an opportunity to submit memoranda of law on the question whether this Court should invoke and apply the *Colorado River* doctrine of abstention.

## I.    Plaintiffs' Complaint

Plaintiffs are residents of Campbell County, Tennessee. Lester and Jenny Siler are husband and wife. Dakota Siler is their minor child.

4

Plaintiffs bring this civil action against defendants Gerald David Webber, Samuel Reed Franklin, Joshua James Monday, Shayne Christopher Green, William Carroll, Charles Scott, Ron McClellan, Campbell County, and Western Surety Insurance Company. At all times material to this case, defendants Webber, Franklin, Monday, Green, and Carroll were employed as deputy sheriffs by the Campbell County Sheriff's Department. McClellan was the Sheriff of Campbell County. Scott was the Chief Deputy Sheriff in the Campbell County Sheriff's Department. Western Surety Insurance Company is sued as surety on the bonds of Webber, Franklin, Monday, Green, Carroll, Scott, and McClellan.

Defendants Webber, Franklin, Monday, Green, Carroll, Scott, and McClellan are sued in both their individual capacities and official capacities as officers/employees of Campbell County. Under federal law, a suit brought against these defendants in their official capacities is in effect bringing suit against Campbell County. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Gean v. Hattaway*, 330 F.3d 758, 766 (6th Cir. 2003); *Pusey v. City of Youngstown*, 11 F.3d 652, 657-58 (6th Cir. 1993); *Hardin v. Straub*, 954 F.2d 1193, 1198-99 (6th Cir. 1992); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245 (6th Cir. 1989). The same is true under Tennessee law which provides that a suit against a governmental official or employee in his official capacity is no different from bringing suit against the governmental entity. *Poteet v. Polk County, Tennessee*, 2007 WL 1138461, * 15 (E.D. Tenn. April 16, 2007); *Cox v. State of Tennessee*, 399 S.W.2d 776, 778 (Tenn. 1965); *Newell v. Maitland*, 2008 WL 2122331, * 7 (Tenn. Ct. App. May 21, 2008); *Cuzik v. Bass*, 1999 WL 145209, ** 2, 4 (Tenn. Ct. App. March 18, 1999).

The complaint pleads a total of nineteen main causes of action which are set forth as

numbered "counts."  There are eighteen counts based purely on Tennessee state law.  Only one count (Ninth Count) is based on federal substantive law.  To facilitate discussion and legal analysis, the plaintiffs' claims are grouped and subdivided as set forth below.  It is not necessary to delve into all the twists and turns in the underlying factual allegations.  Instead, the Court concentrates on the nature of the plaintiffs' legal claims, whether substantive federal law or Tennessee state law provides the basis for decision on a particular claim, and which claims are governed by the TGTLA.

A.     **Federal Law Claims:  42 U.S.C. § 1983**

All of the plaintiffs' federal law claims are pleaded in the Ninth Count of the complaint. [Doc. No. 1, pp. 17-18].  Plaintiffs bring federal claims under 42 U.S.C. § 1983 against defendants Webber, Franklin, Monday, Green, Carroll, and Campbell County.  The Ninth Count does not plead any federal claims against defendants McClellan and Scott pursuant to 42 U.S.C. § 1983.

It is alleged that Webber, Franklin, Monday, Green, and Carroll, while acting under color of state law as Campbell County Deputy Sheriffs, violated the plaintiffs' rights protected under the following provisions of the United States Constitution: (1) Fourth Amendment right to be free from unlawful arrest and imprisonment; (2) Fourth Amendment and Fifth Amendment right to be free from use of excessive force by police officers; (3) Fourth Amendment right to be free from unreasonable searches; (4) Fifth Amendment right to be free from punishment without due process of law; and (6) Eighth Amendment and Fourteenth Amendment right to be free from cruel and inhuman punishment.

The Ninth Count further pleads that the plaintiffs are suing Campbell County pursuant to Tenn. Code Ann. § 8-8-302 for the alleged constitutional violations committed by Webber, Franklin, Monday, Green, and Carroll which were done by virtue of and under color of their authority as

6

Campbell County Deputy Sheriffs. Tenn. Code Ann. § 8-8-302 provides: "Anyone incurring any wrong, injury, loss, damage or expense resulting from any act or failure to act on the part of any deputy appointed by the sheriff may bring suit against the county in which the sheriff serves; provided, that the deputy is, at the time of such occurrence, acting by virtue of or under color of the office." The Ninth Count demands compensatory and punitive damages pursuant to 42 U.S.C. § 1983, plus costs and attorney's fees under 42 U.S.C. § 1988.

**B. <u>State Law Claims Against Defendants Webber, Franklin, Monday, Green, Carroll, and Campbell County</u>**

The complaint pleads the following claims against defendants Webber, Franklin, Monday, Green, Carroll, and Campbell County (not McClellan and Scott) predicated on Tennessee state law:

<u>First Count</u>: Lester Siler claims common law assault and battery.

<u>Second Count</u>: Lester and Jenny Siler claim false arrest.

<u>Third Count</u>: Lester and Jenny Siler claim false imprisonment and conspiracy.

<u>Fourth Count</u>: Lester, Jenny, and Dakota Siler claim trespass.

<u>Fifth Count</u>: Lester and Jenny Siler claim abuse of process.

<u>Sixth Count</u>: Lester and Jenny Siler claim malicious prosecution.

<u>Seventh Count</u>: Lester, Jenny, and Dakota Siler claim malicious harassment.

<u>Eighth Count</u>: Lester, Jenny, and Dakota Siler claim intentional infliction of emotional distress and conspiracy.

<u>Tenth Count</u>: Lester, Jenny, and Dakota Siler claim violation of their civil rights guaranteed by Article I, Sections 7, 8, and 17 of the Constitution of the State of Tennessee.

<u>Twelfth Count</u>: Lester, Jenny, and Dakota Siler claim that defendants Webber, Franklin,

7

Monday, Green, and Carroll failed and neglected to perform their law enforcement duties as Campbell County Deputy Sheriffs.

Fourteenth Count:  Lester, Jenny, and Dakota Siler sue defendants Webber, Franklin, Monday, Green, and Carroll individually under their bond as deputy sheriffs as provided in Tenn. Code Ann. § 8-18-301 for the tortious acts committed by these defendants, and for the defendants failure and neglect to perform the law enforcement duties required of them as Campbell County Deputy Sheriffs.

With the exception of the Fourteenth Count concerning the alleged individual liability of these deputy sheriffs on their bonds, the complaint pleads that Campbell County is being sued on each of these counts pursuant to Tenn. Code Ann. § 8-8-302.  The complaint avers that Campbell County is liable for the alleged tortious acts of Webber, Franklin, Monday, Green, and Carroll which were done by virtue of and under color of their authority as Campbell County Deputy Sheriffs. Campbell County's liability under Tenn. Code Ann. § 8-8-302 is specifically pleaded in the First, Second, Third, Fourth, Fifth, Sixth, Eighth, Tenth, and Twelfth Counts of the complaint.

Although the liability of Campbell County under Tenn. Code Ann. § 8-8-302 is not specifically pleaded in the Seventh Count, the complaint contains a "catch-all" Eighteenth Count which pleads that Campbell County is liable  pursuant to Tenn. Code Ann. § 8-8-302 for all conduct and injuries caused by defendants Webber, Franklin, Monday, Green, and Carroll.  As the Court reads and construes the complaint, the "catch-all" Eighteenth Count applies to and covers the plaintiffs' claim that Campbell County is liable under the Seventh Count pursuant to Tenn. Code Ann. § 8-8-302.  Moreover, the complaint pleads that defendants Webber, Franklin, Monday, Green,

8

and Carroll are being sued in their official capacities as deputy sheriffs which is the same as pleading claims against Campbell County.

### C. State Law Claims Against Defendants McClellan and Scott

The Eleventh Count of the complaint pleads negligence claims against defendants McClellan, Scott, and Campbell County predicated on Tennessee state law. McClellan and Scott are sued in their individual and official capacities. It is alleged that McClellan failed and neglected to perform his duties as Sheriff of Campbell County, and that McClellan's breach of his duties was a contributing cause of the plaintiffs' injuries. It is alleged that Scott failed and neglected to perform his duties as Chief Deputy Sheriff of Campbell County, and that Scott's breach of his duties was a contributing cause of the plaintiffs' injuries.

Specifically, the Eleventh Count avers that McClellan and Scott each failed and neglected to perform their duties to train, supervise, and discipline subordinate law enforcement officers within the Campbell County Sheriff's Department with regard to making entry into private residences, unlawful use of excessive force, and making arrests. The Eleventh Count avers that McClellan and Scott were deliberately indifferent to the use of excessive force by deputy sheriffs employed by Campbell County. Because McClellan and Scott are sued in their official capacities, this amounts to pleading claims for negligence against Campbell County.

Furthermore, the Eleventh Count pleads that Campbell County is being sued pursuant to Tenn. Code Ann. § 8-8-302. Plaintiffs seeks to hold Campbell County liable under Tenn. Code Ann. § 8-8-302 for the negligent conduct of McClellan and Scott which was done by virtue of and under color of their authority as Sheriff and Chief Deputy Sheriff of Campbell County.

In the Thirteenth Count in the complaint, plaintiffs sue McClellan individually under his

9

bond as Campbell County Sheriff as provided in Tenn. Code Ann. § 8-18-301 for McClellan's alleged failure and neglect to perform the duties required of him as sheriff.

In the Fourteenth Count, plaintiffs sue Scott individually under his bond as Campbell County Chief Deputy Sheriff as provided in Tenn. Code Ann. § 8-18-301 for Scott's alleged failure and neglect to perform the duties required of him as chief deputy sheriff.

### D.    State Law Claims Against Defendant Western Surety Insurance Co.

In the Fifteenth, Sixteenth, and Seventeenth Counts in the complaint, plaintiffs sue Western Surety Insurance Company pursuant to Tenn. Code Ann. § 8-18-301 under its surety for violations of the obligations placed on Sheriff, McClellan, Chief Deputy Scott, and Deputy Sheriffs Webber, Franklin, Monday, Green, and Carroll under their official bonds.

### E.    Other State Law Claims Against Defendant Campbell County

As discussed *supra*, the Eighteenth Count in the complaint pleads that Campbell County is liable pursuant to Tenn. Code Ann. § 8-8-302 for all conduct and injuries caused by defendants Webber, Franklin, Monday, Green, Carroll, McClellan, and Scott who were acting by virtue of and under color of their authority as sheriff (McClellan) and deputy sheriffs.

The Nineteenth Count pleads that Campbell County is liable under the TGTLA for the negligence of its employees and agents, and for those actions which are not specifically excluded under the TGTLA. It is averred that Campbell County is sued under the TGTLA for the negligence of its police officers in failing to prevent the other police officers from assaulting plaintiff Lester Siler and committing additional unlawful acts on Lester, Jenny, and Dakota Siler. It is further averred that the plaintiffs sue Campbell County under the TGTLA for the negligence of its employees in delaying the processing and release of the plaintiffs for a long period of time (after

10

Lester and Jenny Siler had been arrested and detained in jail).

The Nineteenth Count also avers that Campbell County is sued under the TGTLA for the negligence and failure of Sheriff McClellan to implement a policy and procedure for the Campbell County Sheriff's Department to train, supervise, and discipline deputy sheriffs in their conduct while exercising their authority as deputy sheriffs. It is alleged that the negligence and liability of Campbell County under the TGTLA includes the failure to train and supervise deputy sheriffs on the unlawful use of excessive force and being deliberately indifferent to the use of excessive force by the deputy sheriffs.

## II.     28 U.S.C. § 1367 and Supplemental Jurisdiction

This Court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims. *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996), *as amended on denial of rehearing en banc*, 1998 WL 117980 (6th Cir. Jan. 15, 1998); *Transcontinental Leasing, Inc. v. Michigan National Bank of Detroit*, 738 F.2d 163, 166 (6th Cir. 1984). This discretion is bounded by constitutional and prudential limits on the proper use of federal judicial power. *Musson*, 89 F.3d at 1254. The Court's determination whether to exercise supplemental jurisdiction depends on balancing the factors of judicial economy, convenience, fairness, and comity between federal and state courts. *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988); *Musson*, 89 F.3d at 1254.

28 U.S.C. § 1367(c)(4) provides that a federal district court may decline to exercise supplemental jurisdiction over related state law claims if "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." The Court finds that 28 U.S.C. § 1367(c)(4) is applicable in this case and there are exceptional circumstances.

Tenn. Code Ann. § 29-20-307 in the TGTLA provides that the Tennessee "circuit courts shall have exclusive original jurisdiction over any action brought under this chapter and shall hear and decide such suits without the intervention of a jury ...."  Tenn. Code Ann. § 29-20-307 vests exclusive original jurisdiction over any action subject to the TGTLA in the Tennessee circuit courts. Tenn. Code Ann. § 29-20-201(c) requires that all claims must be brought in strict compliance with the TGTLA. *Whitsett*, 2008 WL 4510326, at * 9.

In *Gregory*, 220 F.3d 433, the Sixth Circuit held that the Tennessee legislature has expressed a clear preference that TGTLA claims be adjudicated exclusively in the Tennessee state courts.  This unequivocal preference of the Tennessee legislature is an exceptional circumstance and provides a compelling reason for declining supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(4). *Gregory*, 220 F.3d at 446.  Accordingly, this Court declines pursuant to 28 U.S.C. § 1367(c)(4) to exercise supplemental jurisdiction over the plaintiffs' state law claims – Eleventh, Twelfth, and Nineteenth Counts in the complaint – that are brought under and governed by the TGTLA.  *Whitsett*, 2008 WL 4510326, at ** 9-10; *Bluedorn v. Wojnarek*, 2008 WL 4791540, * 12 (M.D. Tenn. Oct. 29, 2008); *Scheib v. Boderk*, 2008 WL 4510074, ** 4-5 (E.D. Tenn. Oct. 3, 2008); *Stuart v. Metropolitan Government for Nashville and Davidson County*, 2007 WL 2479502, * 7 (M.D. Tenn. Aug. 10, 2007); *Deal*, 2007 WL 1387918, at ** 14-16; *Buchanan v. Williams*, 434 F. Supp.2d 521, 533 (M.D. Tenn. 2006); *Parker v. Henderson County, Tennessee*, 2006 WL 2882913, * 11 (W.D. Tenn. Oct. 5, 2006); *Willis v. Shelby County, Tennessee*, 2006 WL 4445631 ** 7-8 (W.D. Tenn. Sept. 29, 2006); *Cross*, 2005 WL 2456977, at ** 10-11; *Fromuth v. Metropolitan Government of Nashville, Davidson County, Tennessee*, 158 F. Supp.2d 787, 789 (M.D. Tenn. 2001); *Spurlock v. Whitley*, 971 F. Supp.2d 1166 (M.D. Tenn. 1997), *aff'd sub. nom. Spurlock v. Satterfield*, 167 F.3d

95 (6th Cir. 1999); *Timberlake v. Benton*, 786 F. Supp. 676 (M.D. Tenn. 1992).

Under the TGTLA, Campbell County is generally immune from suit for injuries occurring as a result of the discharge of its governmental functions. Tenn. Code Ann. § 29-20-201; *Hill v. City of Germantown*, 31 S.W.3d 234, 236 (Tenn. 2000); *Hawks v. City of Westmoreland*, 960 S.W.2d 10, 14 (Tenn. 1997). This general rule of immunity from suit is subject to several statutory exceptions. These exceptions remove the immunity from suit provided by Tenn. Code Ann. § 29-20-201 in particular circumstances. *Hill*, 31 S.W.3d at 237.

In the TGTLA, Tenn. Code Ann. § 29-20-205 removes Campbell County's immunity from suit for injuries that are proximately caused by the negligent acts or omissions its employees that are within the scope of their employment, except if the injury arises out of certain intentional torts specified in § 29-20-205. *Newell*, 2008 WL 2122331, at ** 7-8. Tenn. Code Ann. § 29-20-205 provides in pertinent part:

> Immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment except if the injury arises out of: ...
> (2)  false imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of right of privacy, or civil rights;
>    ...
> (5)  the institution or prosecution of any judicial or administrative proceeding, even if malicious or without probable cause;
> (6)  misrepresentation by an employee whether or not such is negligent or intentional.

The grant of immunity to Campbell County from being sued for injuries that arise out of intentional torts committed by its employees applies only to those intentional torts enumerated in Tenn. Code Ann. § 29-20-205. *Limbaugh v. Coffee Medical Services*, 59 S.w.3d 73, 84 (Tenn.

13

2001); *see also Deal*, 2007 WL 1387918 at * 16.

In their complaint, the plaintiffs plead negligence claims against Campbell County that are brought under and governed by the TGTLA. These negligence claims are set forth in the Eleventh, Twelfth, and Nineteenth Counts in the complaint. The Eleventh and Twelfth Counts plead negligence claims against defendants Webber, Franklin, Monday, Green, Carroll, McClellan, and Scott in their official capacities which is the same as bringing suit against Campbell County.

The TGTLA is also applicable with regard to the plaintiffs' claims of negligence brought against defendants Webber, Franklin, Monday, Green, Carroll, McClellan, and Scott in their individual capacities in the Eleventh and Twelfth Counts in the complaint. If immunity from suit is removed for Campbell County pursuant to Tenn. Code Ann. § 29-20-205 for negligence on the part of its governmental officials and employees, and if Campbell County can be held liable for negligence under the TGTLA , then the Campbell County officials and employees who are alleged to have been negligent have individual immunity from suit under Tenn. Code Ann. § 29-20-310(b). *Hill*, 31 S.W.3d at 235; *see also Matthews v. Pickett County, Tennessee*, 46 Fed. Appx. 261 (6th Cir. 2002); *Deal*, 2007 WL 1387918, at * 16. Because the TGTLA, Tenn. Code Ann. § 29-20-205, removes and waives Campbell County's immunity from suit for negligence claims, Campbell County is the only proper defendant on the negligence claims. Under the TGTLA, plaintiffs cannot maintain suit against individual governmental officials and employees whose negligence caused the plaintiffs' injuries. To the extent that the Eleventh and Twelfth Counts in the complaint plead claims of negligence against defendants Webber, Franklin, Monday, Green, Carroll, McClellan, and Scott in their individual capacities, such claims are governed by the TGTLA and they are entitled to immunity from suit in their individual capacities under Tenn. Code Ann. § 29-20-310(b).

14

Although the complaint pleads that Campbell County is liable pursuant to Tenn. Code Ann. § 8-8-302 for the conduct of its deputy sheriffs, this does not change this Court's TGTLA analysis here. Section 8-8-302 provides: "Anyone incurring any wrong, injury, loss, damage or expense resulting from any act or failure to act on the part of any deputy appointed by the sheriff may bring suit against the county in which the sheriff serves; provided, that the deputy is, at the time of such occurrence, acting by virtue of or under color of the office." The complaint pleads that Campbell County is liable pursuant to Tenn. Code Ann. § 8-8-302 for all conduct of defendants Webber, Franklin, Monday, Green, Carroll, Scott, and McClellan. The only claims asserted against Scott and McClellan are for negligence in the Eleventh Count of the complaint.

The Tennessee state courts have examined the interplay between the TGTLA and Tenn. Code Ann. § 8-8-302. Tennessee precedent holds that the TGTLA supercedes Tenn. Code Ann. § 8-8-302 concerning negligence claims. All negligence claims brought against Campbell County are strictly governed by the TGTLA, not Tenn. Code Ann. § 8-8-302. Tenn. Code Ann. § 8-8-302 only applies to and controls non-negligent causes of action where deputy sheriffs engage in intentional official misconduct or intentional torts. *Jenkins v. Loudon County*, 736 S.W.2d 603 (Tenn. 1987); *Swanson v. Knox County*, 2007 WL 4117259 (Tenn. Ct. App. Nov. 20, 2007); *Warnick v. Carter County*, 2003 WL 174754 (Tenn. Ct. App. 2003); *Hensley v. Fowler*, 920 S.W.2d 649 (Tenn. Ct. App. 1995). Plaintiffs cannot circumvent and avoid the application of the TGTLA by seeking to impose liability on Campbell County for negligence pursuant to Tenn. Code Ann. § 8-8-302.

## III.    *Colorado River* **Abstention Doctrine**

This case may involve exceptional circumstances that warrant invoking the *Colorado River* doctrine of abstention and ordering a stay of further proceedings in this Court pending the

completion and final adjudication of the concurrent litigation in the Tennessee state courts. *Bates v. Van Buren Township*, 122 Fed. Appx. 803, 808-09 (6th Cir. 2004) (Stay of proceedings in federal court is the preferred practice rather than dismissal of federal case without prejudice); *Tennessee Ice House, Inc. v. Ice House America*, *Inc*., 2008 WL 2359988 ** 3-4 (E.D. Tenn. June 5, 2008).

Plaintiffs Lester Siler, Jenny Siler, and Dakota Siler have a civil action pending in the Circuit Court of Campbell County against these same defendants involving the same facts and same state law claims. At this juncture, the Court is concerned about avoiding piecemeal litigation. Abstention may be necessary to promote comity between state and federal courts, conserve judicial resources, and allow the comprehensive litigation and full adjudication of this entire controversy in a single judicial forum.

Abstention from the exercise of federal jurisdiction is the exception, not the rule. Generally, the federal courts have a "virtually unflagging obligation" to exercise the jurisdiction conferred upon them by Congress. *Quackenbush v. Allstate Ins. Co*., 517 U.S. 706, 716 (1996); *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation*, 460 U.S. 1, 15 (1983); *Colorado River*, 424 U.S. at 817-18, 821. But this duty to exercise jurisdiction is not absolute. The doctrines of abstention developed by the Supreme Court are extraordinary, narrow exceptions to the duty of a federal court to take jurisdiction and adjudicate a controversy properly before it. *Colorado River*, 424 U.S. at 813; *Chellman-Shelton v. Glenn*, 197 Fed. Appx. 392, 393-394 (6th Cir. 2006); *Bates*, 122 Fed. Appx. at 807; *Caudill v. Eubanks Farms, Inc*., 301 F.3d 658, 660 (6th Cir. 2002).

Abstention doctrines are based on principles of comity and federalism. *Chellman-Shelton*, 197 Fed. Appx. at 394; *Caudill*, 301 F.3d at 660. Federal courts may decline to exercise their jurisdiction in exceptional circumstances where denying a federal forum and requiring the parties

16

to litigate in the state courts would clearly serve an important countervailing interest. *Quackenbush*, 517 U.S. at 716, 728; *Colorado River*, 424 U.S. at 813; *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959); *Chellman-Shelton*, 197 Fed. Appx. at 394; *Caudill*, 301 F.3d at 660.

The *Colorado River* doctrine allows this Court to abstain from exercising its jurisdiction in a civil action in deference to a parallel civil action in state court involving the same parties and same issues. In *Colorado River*, 424 U.S. at 817, the Supreme Court recognized there are important principles which govern in situations involving the contemporaneous exercise of concurrent jurisdictions by state and federal courts involving parallel lawsuits. The core principle underlying the *Colorado River* doctrine of abstention rests on considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.*; *(quoting Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952)); *see also Bates*, 122 Fed. Appx. at 806 (avoid duplicative litigation); *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 206 (6th Cir. 2001); *Romine v. CompuServe Corp.*, 160 F.3d 337, 339 (6th Cir. 1998) (considerations of judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous, simultaneous exercise of jurisdiction of state and federal courts); *Chellman-Shelton*, 197 Fed. Appx. at 394.

## A.    Threshold Issue: Cases Must Be Actually Parallel

*Colorado River* abstention is only appropriate in exceptional circumstances. *Moses H. Cone Hospital*, 460 U.S. at 14-16; *Colorado River*, 424 U.S. at 813, 817-18; *Gottfried v. Medical Planning Services, Inc.*, 142 F.3d 326, 329 (6th Cir. 1998).

Before the *Colorado River* abstention doctrine can be applied, this Court must initially determine whether the concurrent state and federal civil actions are actually parallel. *Bates*, 122

17

Fed. Appx. at 806; *Romine*, 160 F.3d at 339; *Gottfried*, 142 F.3d at 329; *Baskin v. Bath Township Board of Zoning Appeals*, 15 F.3d 569, 571-72 (6th Cir. 1994); *Crawley v. Hamilton County Commissioners*, 744 F.2d 28, 31 (6th Cir. 1984); *Tennessee Ice House*, 2008 WL 2359988, at * 1. Exact parallelism is not required. It is enough if the two concurrent civil actions in state court and federal court are substantially similar. *Bates*, 122 Fed. Appx. at 806; *Romine*, 160 F.3d at 340; *Tennessee Ice House*, 2008 WL 2359988, at ** 1-2.

Based on the limited information contained in the record, it appears that the case in this Court and the case in the Campbell County Circuit Court are substantially similar and actually parallel for purposes of applying the *Colorado River* abstention doctrine. As far as the Court can determine, the two cases are parallel because they involve the same parties, same state law claims, and same facts and evidence. However, the Court reserves making a final decision on this threshold issue until the parties supplement the record and provide additional documents and information from the case in the Campbell County Circuit Court.

> **B.**     **Eight Factors**

If the cases in this Court and the Campbell County Circuit Court are substantially similar and actually parallel, we proceed to the next step in determining whether the *Colorado River* abstention doctrine may be invoked. The Court must consider and balance the following eight factors:

(1)     whether the state court has assumed jurisdiction over any *res* or property;

(2)     whether the federal forum is less convenient to the parties;

(3)     avoidance of piecemeal litigation;

(4)     the order in which jurisdiction was obtained, i.e. whether the state court obtained jurisdiction before or after the federal court obtained jurisdiction;

18

(5)     whether federal or state law provides the basis for decision of this case;

(6)     the availability of complete relief in state court, i.e. the adequacy of the state court action to protect the plaintiff's federal rights;

(7)     the relative progress of the state litigation compared to the federal litigation; and

(8)     the presence or absence of concurrent jurisdiction.

*Moses H. Cone Hospital*, 460 U.S. at 21-28; *Colorado River*, 424 U.S. at 818-19; *Bates*, 122 Fed. Appx. at 807; *PaineWebber*, 276 F.3d at 206-07; *Romine*, 160 F.3d at 340-41; *Baskin*, 15 F.3d at 571; *Heitmanus v. Austin*, 899 F.2d 521, 527 (6th Cir. 1990); *Crawley*, 744 F.2d at 31; *Tennessee Ice House*, 2008 WL 2359988, at * 2.

No one factor is necessarily determinative. *Colorado River*, 424 U.S. at 818. These eight factors do not comprise a mechanical checklist. *Bates*, 122 Fed. Appx. at 807; *Romine*, 160 F.3d at 341. In balancing these factors, the Court takes into consideration the particular facts and circumstances in this case. *Moses H. Cone Hospital*, 460 U.S. at 15-16; *Romine*, 160 F.3d at 341.

Without reaching a final decision here, the Court makes the following preliminary comments for the benefit of the parties. The first factor – whether the state court has assumed jurisdiction over any *res* or property – is inapposite because there is no *res* or property at issue in this case. The first factor weighs against abstention. *Bates*, 122 Fed. Appx. at 807; *Romine*, 160 F.3d at 341.

The second factor – whether this federal forum is less convenient to the parties – is open to debate. The Court will wait to see what the parties have to say the second factor. But at first blush, it seems that this federal forum is not less convenient to the parties compared to the Campbell County Circuit Court.

The third factor – avoidance of piecemeal litigation – is a major concern and weighs heavily

19

in favor of abstention. Avoidance of piecemeal litigation is a key factor in the *Colorado River* abstention analysis. *Romine*, 160 F.3d at 341; *Tennessee Ice House*, 2008 WL 2359988, at * 2. In *Moses H. Cone Hospital*, 460 U.S. at 19, the Supreme Court noted that the paramount consideration in *Colorado River* is the danger of piecemeal litigation. Piecemeal litigation occurs when different courts adjudicate the identical issue, thereby duplicating judicial effort and potentially rendering conflicting results. *Romine*, 160 F.3d at 341; *Tennessee Ice House*, 2008 WL 2359988, at * 2. .

The Sixth Circuit has said that when two cases involving the same parties, facts, and issues proceed on parallel tracks in the state and federal courts, "the threat to efficient adjudication is self-evident. But judicial economy alone is not the only value that is placed in jeopardy. The legitimacy of the court system in the eyes of the public and fairness to the individual litigants also are endangered by duplicative suits that are the product of gamesmanship or that result in conflicting adjudications." *Romine*, 160 F.3d at 341 (quoting *Lumen Construction*, *Inc. v. Brant Construction Co.*, 780 F.2d 691, 694 (7th Cir. 1985)).

The fourth factor – the chronological order in which jurisdiction was obtained – is neutral since the plaintiffs filed their lawsuits in this Court and in the Campbell County Circuit Court at essentially the same time.

With regard to the fifth factor, both federal law and state law provide the basis for decision in this case. The sources of governing substantive law in this case are derived from both federal and Tennessee state law sources. The presence of federal law issues in a case is always a major consideration weighing against abstention and the surrender of federal jurisdiction in deference to parallel state court proceedings. *Moses H. Cone Hospital*, 460 U.S. at 26. However, the federal source-of-law factor has less significance where the federal court's jurisdiction to enforce the federal

right in question is concurrent with the jurisdiction of the state courts. *Id.* at 25; *Bates*, 122 Fed. Appx. at 807; *Romine*, 160 F.3d at 342.

The sixth factor weighs in favor of abstention. Complete relief is available in the Tennessee state courts to all parties on all claims and issues, including the plaintiffs' federal law claims. If necessary, plaintiffs can amend their complaint in the civil action in the Campbell County Circuit Court to plead their federal law claims against these same defendants pursuant to 42 U.S.C. § 1983.

The seventh factor – the relative progress of the state litigation compared to the federal litigation – is open to debate. But it appears that in the state court case the parties may have completed discovery and the case can be ready to set for trial very soon.

The eighth factor weighs in favor of abstention. The Campbell County Circuit Court would have concurrent jurisdiction over the plaintiffs' federal constitutional claims brought pursuant to the United States Constitution and 42 U.S.C. § 1983. It is well settled that state courts have concurrent jurisdiction over federal claims asserted under 42 U.S.C. § 1983. *Felder v. Casey*, 487 U.S. 131, 139 (1988); *Maine v. Thiboutot*, 448 U.S. 1, 10-11 (1980); *Martinez v. California*, 444 U.S. 277, 283-84 n. 7 (1980); *Bates*, 122 Fed. Appx. at 807; *Chattanooga Gas Co. v. City of Chattanooga*, 2007 WL 1387505 * 12 (E.D. Tenn. May 7, 2007); *Glover v. City of Portland, Tennessee*, 675 F. Supp. 398, 406 (M.D. Tenn. 1987); *Wimley v. Rudolph*, 931 S.W.2d 513, 515 (Tenn. 1996); *Poling v. Goins*, 713 S.W.2d 305, 306-07 (Tenn. 1986); *Pendleton v. Mills*, 73 S.W.3d 115, 129 n. 23 (Tenn. App. 2001); *King of Clubs, Inc. v. Gibbons*, 9 S.W.3d 796, 800 (Tenn. App. 1999). Complete relief on all of the plaintiffs' combined state and federal claims is available to the plaintiffs in their suit in the Tennessee state courts.

**IV.**     <u>**Conclusion**</u>

Accordingly, pursuant to 28 U.S.C. § 1367(c)(4) the Court declines to exercise supplemental jurisdiction over the plaintiffs' state law claims that are brought under and governed by the TGTLA. The plaintiffs' claims in the Eleventh, Twelfth, and Nineteenth Counts of their complaint are **DISMISSED WITHOUT PREJUDICE**.

On or before **February 16, 2009**, the parties shall file memoranda of law setting forth their respective positions on the question whether this Court should invoke and apply the *Colorado River* doctrine of abstention to stay further proceedings in this case.

On or before **February 16, 2009**, the parties shall submit copies of the relevant pleadings, court orders, and other documents filed in the case of *Lester Eugene Siler, et al. v. Gerald David Webber, et al.*, Campbell County Circuit Court, Case No. 12792, showing: (1) the specific legal claims and causes of action presented by the plaintiffs in the state court case; (2) the current status of the proceedings in the Campbell County Circuit Court and how far the litigation has advanced, including the status of any pretrial dispositive motions, especially summary judgment motions; and (3) the amount of discovery that has been completed so far and the amount of discovery, if any, that remains to be taken. The parties shall further advise this Court of their good faith estimate of how long it would take to have the case in the Campbell County Circuit Court ready for trial.

SO ORDERED.

ENTER this the 27th day of January, 2009.

_____*/s/ R. Allan Edgar*_____

R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE
